CSD 2062 [10/01/12]

Court Telephone: (619) 557-5620
Court Hours: 9:00am-4:00pm, Monday-Friday
www.casb.uscourts.gov
SULLIVAN HILL LEWIN REZ & ENGEL, APLC
 James P. Hill (SBN 90478)/Gary B. Rudolph (SBN 101921)
550 West C Street, Suite 1500
San Diego, CA  92101          Tel.: (619) 233-4100
Counsel for James L. Kennedy, Trustee

**UNITED STATES BANKRUPTCY COURT**
SOUTHERN DISTRICT OF CALIFORNIA
325 West F Street, San Diego, California 92101-6991

In Re

BURLINGAME CAPITAL PARTNERS II, L.P.,
a Delaware Limited Partnership,

Debtor.

BANKRUPTCY NO.   14-02607-CL7

## TRUSTEE'S NOTICE OF INTENDED ACTION AND OPPORTUNITY FOR HEARING

TO THE DEBTOR, ALL CREDITORS AND OTHER PARTIES IN INTEREST:

**YOU ARE HEREBY NOTIFIED** that the undersigned Trustee proposes to:

☐ Compromise or settle the following controversy [description of controversy to be settled and financial impact on estate as required by Local Bankruptcy Rule 9019];

☐ Allowance of compensation or reimbursement of expenses by trustee in the amounts indicated below [information required by Federal Rule of Bankruptcy Procedure 2002(c)(2)]; or
    Fees:
    Costs:

☒ Other: Dismiss cross-complaint against Allen Matkins, et al. and appeal of discovery sanction order.

    1.    On November 8, 2010, Allen Matkins, et al. filed a complaint against Burlingame Capital Partners II, L.P., et al. in the Superior Court of California, County of San Francisco, as case no. CGC-10-505145.

    2.    On November 18, 2010, the Debtor filed a cross-complaint against Allen Matkins and Robert R. Moore, William Huckins, Michael J. Betz, Michael S. Greger, Vincent M. Coscino, Robert R. Barnes and Matthew J. Ertman (collectively referred to as "individual defendants") for professional negligence; breach of fiduciary duty; professional negligence and fraud.

    3.    On April 22, 2011, the debtor filed a First Amended Cross-Complaint against Allen Matkins and the individual defendants for professional negligence; breach of fiduciary duty; professional negligence; fraud and false promise.

    4.    Pursuant to a Statement of Decision rendered by the court on October 21, 2013, the Second Cause of Action of the debtor's amended complaint was resolved against the debtor.  Additionally, pursuant to a stipulation filed October 13, 2011, the debtor agreed to dismiss with prejudice the individual defendants and only proceed against Allen Matkins; as well dismiss with prejudice the third, fourth and fifth causes of action in the amended cross-complaint (professional negligence; fraud; and false promise).  Accordingly, the Trustee believes that the only remaining cause of action may be the first cause of action for professional negligence.  However, to avoid any confusion, the Trustee intends to dismiss the entire cross-complaint for the following reasons:

CSD 2062

    a. There are insufficient funds in the estate to pursue this litigation which has been proceeding for nearly 3 ½ years.

    b. The Trustee believes that the cost will exceed any potential recovery in light of the fact that Allen Matkins may have a potential set off from any recovery based on its claim against the debtor for attorneys' fees in the amount of approximately $1.9 million dollars.

    c. Current counsel for the debtor has filed a motion to withdraw as counsel and the court granted the motion to withdraw as it relates to prosecution of the cross-complaint. Therefore, the estate currently has no counsel to represent it in the cross-complaint.

Additionally, the Trustee intends to dismiss with prejudice a notice of appeal filed August 15, 2012, by the debtor in connection with an order issued by the court after a hearing on July 19, 2012, as it relates to the court's issuance of a sanctions order against the debtor in favor of Allen Matkins in the amount of $14,000 filed in the Court of Appeal, State of California, First Appellate District, Division Three as case no. A136313.

5.    The basis for dismissing the appeal with prejudice is as follows:

    a. The estate has insufficient funds to pay for the prosecution of the appeal.

    b. Counsel for the debtor in the appeal has indicated its intent to withdraw as counsel thereby leaving the estate with no counsel to prosecute the appeal.

    c. In light of the bankruptcy filing by the debtor, the sanctions award would simply be a prepetition unsecured claim against the estate and the cost of pursuing an appeal is not justified.

IF YOU OBJECT TO THE PROPOSED ACTION:

1.    **YOU ARE REQUIRED** to obtain a hearing date and time from the appropriate Courtroom Deputy for the judge assigned to this bankruptcy case. Determine which deputy to call by looking at the Bankruptcy Case No. in the caption on Page 1 of this notice. If the case number is followed by the letter:

- MM - call (619) 557-7407 - DEPARTMENT ONE (Room 218)
- LA - call (619) 557-6594 - DEPARTMENT TWO (Room 118)
- LT - call (619) 557-6018 - DEPARTMENT THREE (Room 129)
- PB - call (619) 557-5157 - DEPARTMENT FOUR (Room 328)
- CL - call (619) 557-6019 - DEPARTMENT FIVE (Room 318)

2.    **WITHIN TWENTY-EIGHT (28)[1] DAYS FROM THE DATE OF THIS NOTICE**, you are further required to serve a copy of your DECLARATION IN OPPOSITION and separate REQUEST AND NOTICE OF HEARING [Local Form CSD 1184[2]] upon the undersigned Trustee, together with any opposing papers. A copy of these documents must also be served upon the United States Trustee at 402 W. Broadway, Suite 600, San Diego, CA 92101. The opposing declaration shall be signed and verified in the manner prescribed by Federal Rule of Bankruptcy Procedure 9011, and the declaration shall:

    a.    identify the interest of the opposing party; and

    b.    state, with particularity, the factual and legal grounds for the opposition.

---

[1] If you were served electronically or by mail, you have three (3) additional days to take the above-stated actions as calculated by Fed. R. Bankr. P. 9006(f).

[2] You may obtain Local Form CSD 1184 from the office of the Clerk of the U.S. Bankruptcy Court.

362603-v1
CSD 2062

CSD 2062 (Page 3) [10/01/12]

3. **YOU MUST** file the original and one copy of the Declaration and Request and Notice of Hearing with proof of service with the Clerk of the U.S. Bankruptcy Court at 325 West "F" Street, San Diego, California 92101-6991, no later than the next business day following the date of service.

IF YOU FAIL TO SERVE YOUR "DECLARATION IN OPPOSITION TO INTENDED ACTION" AND "REQUEST AND NOTICE OF HEARING" within the 28-day[1] period provided by this notice, NO HEARING SHALL TAKE PLACE, you shall lose your opportunity for hearing, and the Trustee may proceed to take the intended action.

Dated: May 29, 2014

/s/Gary B. Rudolph
Attorneys for James L. Kennedy, Trustee
Address: 550 West C Street, Suite 1500
San Diego, CA 92101
Phone No.: (619) 233-4100
E-mail: rudolph@sullivanhill.com