SULLIVAN, HILL, LEWIN, REZ & ENGEL
A Professional Law Corporation
  James P. Hill, SBN 90478
  Gary B. Rudolph, SBN 101921
550 West "C" Street, Suite 1500
San Diego, California 92101
Telephone: (619) 233-4100
Fax Number: (619) 231-4372

Attorneys for James L. Kennedy,
Chapter 7 Trustee

**Electronically Filed: 10/28/2014**

# UNITED STATES BANKRUPTCY COURT

# SOUTHERN DISTRICT OF CALIFORNIA

In re

BURLINGAME CAPITAL PARTNERS II,
L.P., a Delaware Limited Partnership,

Debtor.

CASE NO. 14-02607-CL7

Chapter 7

**EX PARTE APPLICATION FOR AUTHORITY TO EMPLOY ALLEN MATKINS, ET AL., AS SPECIAL COUNSEL, FOR THE TRUSTEE**

Dept.: 5
     Hon. Christopher B. Latham

**TO THE HONORABLE CHRISTOPHER B. LATHAM, UNITED STATES BANKRUPTCY JUDGE:**

**COMES NOW**, the ex parte application of James L. Kennedy, the Chapter 7 trustee (hereinafter alternatively referred to as the "trustee" or "applicant"), and respectfully presents his request to retain Allen Matkins, et al., ("Allen Matkins" or "the firm") as special counsel as follows:

1. The underlying bankruptcy case was filed April 1, 2014, pursuant to the provisions of Chapter 7 of Title 11, United States Bankruptcy Code. Richard M Kipperman was originally appointed as interim Chapter 7 Trustee but he rejected the appointment. See docket no. 6.

2. Thereafter, applicant James L. Kennedy was appointed interim trustee on April 7, 2014 and is now acting as the estate's permanent chapter 7 trustee.

/ / /

/ / /

365614-v1

- 1 -

3. Allen Matkins was debtor's counsel prepetition. As a result, it is familiar with the debtor's business operations and transactions. Applicant is desirous of retaining Allen Matkins to represent the estate on a contingency fee basis to analyze, investigate, and if appropriate, pursue avoidance actions and other possible litigation against insiders and/or affiliates of the Debtor, as well as other third-parties ("claims"). Allen Matkins, as a prepetition counsel for the debtor, has extreme familiarity with information, legal theories and potential evidence that could support the pursuit of claims. Applicant is desirous of utilizing the information and experience Allen Matkins has developed in connection with its prepetition representation of the debtor. Currently the estate has no funds to retain other counsel to analyze and if appropriate, pursue the claims. Retaining Allen Matkins is economical in that it avoids the time and expense which would be necessitated by retaining other counsel who would not be as familiar with the claims as Allen Matkins.

4. A copy of the engagement letter between Allen Matkins and the trustee is attached hereto as Exhibit "A" and herein incorporated by reference. It provides for a contingency fee payable to Allen Matkins of 40% of all recovery, monetary or otherwise which is received by applicant through settlement, judgment or otherwise. If no recovery is received, by settlement, judgment or otherwise, there will be no charge for the attorney's fees. The firm will also advance the costs associated with its representation; however, any award of compensation or reimbursement of expenses to the firm is subject to approval of this Court through the presentment by the firm of a fee application.

5. Prepetition, on November 8, 2010, Allen Matkins filed a complaint against the Debtor in Superior Court of California, County of San Francisco, case number CGC 10-505145, for unpaid fees and costs, plus prejudgment interest. On November 18, 2010, the debtor filed a cross-complaint against Allen Matkins, and others, for professional negligence, breach of fiduciary duty and fraud. On April 22, 2011, the debtor filed a first amended cross-complaint.

6. In a Notice of Intended Action dated May 29, 2014 and filed as Docket No. 18 in the underlying bankruptcy case, the trustee advised creditors of his intent to dismiss the cross-complaint with prejudice. There were no objections and on July 8, 2014 as Docket No. 22, the Court entered an order approving the Notice of Intended Action. As a result, the cross-complaint filed by the

365614-v1

- 2 -

Debtor was dismissed. The state court action filed by Allen Matkins against the debtor is now stayed and Allen Matkins is a prepetition general unsecured creditor of the estate.

7. With the above disclosure and the disclosure in paragraph 5 of the accompanying Declaration of Jeffery R. Patterson, Esq., with regards to the firm's representation of Wells Fargo Bank, on an unrelated matter and the bank's possible relationship with creditor Wells Fargo Pacific Holdings, Inc., the trustee submits that pursuant to 11 U.S.C. §327(e) Allen Matkins does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which it is to be employed.

WHEREFORE, applicant prays that this Court authorizes him to employ Allen Matkins as special counsel on the terms set forth herein, as it is in the best interests of the estate.

Dated: October 16, 2014

James L. Kennedy, Chapter 7 Trustee

365614-v1

- 3 -

**EXHIBIT "A"**

# Allen Matkins

Allen Matkins Leck Gamble Mallory & Natsis LLP
Attorneys at Law
501 West Broadway, 15th Floor | San Diego, CA 92101-3541
Telephone: 619.233.1155 | Facsimile: 619.233.1158
www.allenmatkins.com

Jeffrey R. Patterson
E-mail: jpatterson@allenmatkins.com
Direct Dial: 619 235 1537   File Number: 234000-00048.1/OC1036785.01

**Via Email/U.S. Mail**

October 2, 2014

Mr. James L. Kennedy
PO Box 28459
San Diego, CA 92198–0459

    Re:    **Special Counsel Representation in Case of Burlingame Capital Partners II, L.P., USBC Case No. 14-02607-CL7 (the "Burlingame Case")**

Dear Mr. Kennedy:

    Thank you for retaining Allen Matkins as special counsel under 11 U.S.C. § 327(e) to represent you in your capacity as chapter 7 trustee in connection with the conduct of one or more Bankruptcy Rule 2004 examinations of the debtor and perhaps other persons and possible litigation against insiders and affiliates of the debtor as well as other persons. Our employment in this capacity is subject to bankruptcy court approval in the Burlingame Case. Our firm's policy, as well as provisions of the California Business & Professions Code in certain circumstances, requires that we have a written agreement with our clients setting forth the arrangements upon which we perform legal services. This letter will confirm the terms under which you have retained us for this matter and these terms will apply to any additional matters we handle on your behalf or at your direction.

    1.    **Contingency Fee.**

    Our fees for services provided to you pursuant to this agreement will be calculated on a contingency-fee basis as provided below:

        a.    **Contingency Arrangement:**

    You hereby retain Allen Matkins as special counsel for the special purposes identified above, and if we file any litigation on your behalf, through the entry of a judgment, or other earlier resolution. (This retention includes post-trial motions before the trial courts, but does not include any appeals or writ petitions to a higher court which would have to be handled pursuant to a separately negotiated retention.) Notwithstanding the foregoing, at any time prior to filing a lawsuit against any person, Allen Matkins may withdraw from its representation of you upon delivery of written notice thereof.

Allen Matkins Leck Gamble Mallory & Natsis LLP
Attorneys at Law

Mr. James L. Kennedy
October 2, 2014
Page 2

Subject to the firm filing a fee application which is noticed to creditors and parties in interest, the entry by the Bankruptcy Court in the Burlingame Case approving the firm's fee application, and such fee application order becoming a final order, at the time you are paid by any person who is or becomes the subject of the firm's investigation or litigation, whether following judgment, through settlement, or otherwise, you shall pay Allen Matkins for its work in an amount equal to 40 percent of the value of all consideration, monetary or otherwise, you or your successors, or assignees (including any successor trustee) receive by settlement, judgment, or otherwise. If no recovery is made -- by settlement, judgment, or otherwise -- there shall be no charge for attorneys' fees.

You understand that the contingency percentage set forth above is not set by law but is negotiable between you and Allen Matkins.

      **b.**    **Settlement:**

Allen Matkins shall not settle or compromise any lawsuit it files without your approval and consent.

Whenever appropriate and consistent with the proper representation of our clients, we use paralegals, investigators, junior attorneys and staff members. We believe the utilization of junior attorneys, paralegals or staff members, in consultation with and under supervision of more experienced attorneys in the firm as appropriate, enables us to maintain economically and efficiently the high quality of our legal representation, while permitting us both to avoid sacrificing the quality of our work and to avoid assigning senior attorneys to tasks which can be performed proficiently by junior attorneys, paralegals or staff members.

    **2.**    **Costs.**

We will ordinarily incur various costs and expenses or will provide certain in house services while performing legal services. Subject to your making a recovery, you agree to pay for these items in addition to our fees for legal services.

If we should advance funds on your behalf for items such as filing fees, court reporter fees, consultant and expert fees, and courier fees, then subject to your making a recovery, we will include them as part of our billings. You understand that we are under no obligation to advance any funds on your behalf and may decline to do so.

    **3.**    **Conflicts of Interest.**

We cannot, without appropriate consents, represent any party if there is a conflict of interest with any of our other clients. In order to avoid conflicts of interest among our clients, we maintain an index of relevant names. In connection with this matter, we have searched our index for the following names. Please see Schedule A attached hereto. We believe that the only potential

Allen Matkins Leck Gamble Mallory & Natsis LLP
Attorneys at Law

Mr. James L. Kennedy
October 2, 2014
Page 3

conflict we may have is with Wells Fargo Central Pacific Holdings, Inc. ("WFCPH"). Our firm currently represents Wells Fargo Bank ("WFB"). In the event WFCPH and WFB are related to one another, we would not take an adverse position with regard to WFCPH. We have not otherwise discovered any conflict which requires further action before undertaking our representation. Please advise us, at or before the time you return the signed copy of this letter, if you know of any other individuals or entities which may be involved in this matter. In addition, please inform us at once if you learn in the future of other persons or entities who may be involved so we can make a conflict of interest search with respect to them.

### 4. No Guarantees.

During the course of our representation, we will endeavor to keep you fully advised as to the status and progress of this matter, including our view of your rights and potential liabilities or exposure, and our recommendations as to an appropriate course of action in view of the facts, circumstances and issues involved. Upon your request, we will also endeavor to provide you with an estimate of the future costs you should anticipate incurring through the various stages of this matter.

We will send copies of all material documents generated in connection with our representation, and we ask that you call us at any time should you wish to discuss the matter, our invoices or bills, or any other aspect of this representation. If for some reason I am unavailable, another attorney in this office will generally be available and familiar with the matter sufficiently to consult with you as desired.

We must emphasize that our firm has not made and cannot make any representations or guarantees regarding the successful outcome of any representation, involving litigation or otherwise, or the actual amount of any costs you will incur. For example, costs, expenses and results are often controlled by external factors beyond our control.

### 5. Client Representation by Allen Matkins.

For purposes of this engagement, Allen Matkins is only representing you in your capacity as chapter 7 trustee in the above-referenced case. We are not representing you in your individual capacity, any of your affiliates, subsidiaries, parent companies, joint ventures, partners, or employees, unless otherwise agreed to by Allen Matkins in writing. Accordingly, Allen Matkins may be adverse to you individually or any of these related parties or their legal interests, unless precluded by reason of the Rules of Professional Conduct.

### 6. Consent to Electronic Communications.

In order to maximize efficiency in this matter, we intend to use state of the art communications devices to the fullest extent possible (*e.g.*, E-Mail, document transfer by computer, cellular telephones, and facsimile transfers). The use of such devices under current technology may

Allen Matkins Leck Gamble Mallory & Natsis LLP
Attorneys at Law

Mr. James L. Kennedy
October 2, 2014
Page 4

place your confidences and privileges at risk. However, we believe the effectiveness involved in use of these devices outweighs the risk of accidental disclosure. By signing this letter, you acknowledge your consent to the use of these devices.

### 7. Termination of Services/Withdrawal from Representation.

The attorney-client relationship is one of mutual trust and confidence. If you have any questions at all about the provisions of this engagement letter, we invite your inquiries. We encourage our clients to inquire about any matter relating to our engagement. We reserve the right to withdraw our representation in circumstances where a conflict of interest arises and is not waived by a necessary party or is not waivable.

This agreement is also subject to termination by either party upon reasonable notice for any reason. If there were to be such a termination, however, the bankruptcy estate would remain liable for the reasonable value of the services we render out of any recovery from persons who are or become the subject of the firm's investigation or litigation.

### 8. Confirmation of Agreement.

Please confirm your agreement to the terms of this engagement letter by signing the enclosed copy of the letter and returning it to us.

We will endeavor to represent you promptly and efficiently, and we hope for a long and mutually satisfactory relationship. We very much appreciate the opportunity of working with you.

Very truly yours,

Jeffrey R. Patterson

cc: Gary B. Rudolph, Esq. Via Email

APPROVED, ACCEPTED AND AGREED TO
this ___ day of September 2014.
   October

_____
JAMES L. KENNEDY,
Chapter 7 Trustee for the bankruptcy estate of
Burlingame Capital Partners II, L.P.

Allen Matkins Leck Gamble Mallory & Natsis LLP
Attorneys at Law

Mr. James L. Kennedy
October 2, 2014
Page 5

bcc: Marvin E. Garrett, Esq.
      Vincent M. Coscino, Esq.