|   |   |   |
|---|---|---|
| 1 | SULLIVAN, HILL, LEWIN, REZ & ENGEL<br>A Professional Law Corporation | **Electronically Filed: 10/31/2014** |
| 2 |   James P. Hill, SBN 90478<br>  Gary B. Rudolph, SBN 101921 |   |
| 3 | 550 West "C" Street, Suite 1500<br>San Diego, California 92101 |   |
| 4 | Telephone: (619) 233-4100<br>Fax Number: (619) 231-4372 |   |
| 5 |   |   |
| 6 | Attorneys for James L. Kennedy,<br>Chapter 7 Trustee |   |

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

| In re | ) | CASE NO. 14-02607-CL7 |
|---|---|---|
|  | ) |  |
| BURLINGAME CAPITAL PARTNERS II,<br>L.P., a Delaware Limited Partnership, | ) | Chapter 7 |
|  | ) | **EX PARTE APPLICATION FOR** |
| Debtor. | ) | **AUTHORITY TO EMPLOY JW** |
|  | ) | **HOWARD/ATTORNEYS, LTD., AS** |
|  | ) | **SPECIAL COUNSEL FOR THE** |
|  | ) | **TRUSTEE** |
|  | ) |  |
|  | ) | Dept.: 5 |
|  | ) |     Hon. Christopher B. Latham |

**TO THE HONORABLE CHRISTOPHER B. LATHAM, UNITED STATES BANKRUPTCY JUDGE:**

Comes now, the ex parte application of James L. Kennedy, the Chapter 7 trustee (hereinafter alternatively referred to as the "trustee" or "applicant"), and respectfully presents his request to retain J.W. Howard/Attorneys, Ltd., ("JW Howard" or "the firm") as special counsel as follows:

1. The underlying bankruptcy case was filed April 1, 2014, pursuant to the provisions of Chapter 7 of Title 11, United States Bankruptcy Code. Richard M Kipperman was originally appointed as interim Chapter 7 Trustee but he rejected the appointment. See docket no. 6.

2. Thereafter, applicant James L. Kennedy was appointed interim trustee on April 7, 2014 and is now acting as the estate's permanent chapter 7 trustee.

/ / /

/ / /

365579-v1                                                  - 1 -

3. Assets of the estate consist of the following litigation claims:

   a. *Burlingame Capital Partners II, LP v. Alturdyne Power Systems, LLC, et al.,* case number 37-2014-00009622-CU-BC-CTL filed in the Superior Court of the State of California, County of San Diego on April 3, 2014 for fraud and breach of contract; and

   b. *Burlingame Capital Partner II, LP v. Frank Verbeke and DeAna Verbeke,* case number 37-2014-00009195-CU-FR-CTL filed in the Superior Court of the State of California, County of San Diego on April 1, 2014 for breach of guarantee and fraud.

4. Applicant is desirous of retaining JW Howard to represent the estate as special counsel on a contingent fee basis to pursue the above-referenced lawsuits. JW Howard, through John W. Howard, was one of the prepetition attorneys for the debtor and is extremely familiar with the facts, legal theories and evidence supporting the claims in the above-referenced lawsuits. Applicant is desirous of utilizing the information and experience JW Howard has developed in connection with the above-referenced lawsuits. Retaining the firm is economical in that it avoids the time and expense which would be necessitated by retaining other counsel who would not be as familiar with the matters as JW Howard.

5. A copy of the engagement agreement between JW Howard and the trustee is attached hereto as Exhibit "A" and herein incorporated by reference. It provides for a contingency fee payable to JW Howard of 40% of any recovery regardless if the case is settled or tried. If the firm does not obtain a recovery then there is no contingent or quantum meruit firm owed to it. The firm will also advance the costs of prosecution. Any award of compensation or reimbursement of expenses is subject to approval by this Court, through the presentment in the form of a fee application.

6. JW Howard, prepetition, had recorded a UCC-1 on certain assets of the debtor, including the claims identified above in paragraph 3 a. & b. However, JW Howard has agreed to terminate its UCC-1 against the debtor and therefore will be just a prepetition general unsecured creditor of the estate. With this disclosure the trustee submits that pursuant to 11 U.S.C. §327(e),

365579-v1 

- 2 -

1  JW Howard does not represent an interest adverse to the debtor or the estate with respect to
2  prosecuting the claims referenced above in paragraph 3 a. & b. and its employment is in the best
3  interest of the estate.

4  WHEREFORE, applicant prays that this Court authorizes him to employ JW Howard as
5  special counsel as set forth herein.

7  Dated:  October 20, 2014                                    /s/James L. Kennedy
                                                               James L. Kennedy, Chapter 7 Trustee

365579-v1                                      - 3 -

**EXHIBIT "A"**

## ENGAGEMENT AGREEMENT

**THIS AGREEMENT**, made this ___ day of October, 2014, by and between James Kennedy, Trustee, Burlingame Capital Partners II, LP, case number 14-02607CL7 hereinafter referred to as "Trustee", of the one part, and JW Howard/Attorneys, Ltd., hereinafter referred to as "Firm", of the other part,

### WITNESSETH

Recitals:

A. Trustee is a the trustee in bankruptcy for Burlingame Capital Partners II, LP. ("BCP").

B. Firm is a professional law corporation actively engaged in the practice of law.

C. Firm has previously represented BCP in a number of matters and has a significant background in its business and the facts surrounding cases currently pending on behalf of BCP

In consideration of the premises and of the mutual promises as hereinafter set forth, it is Agreed and Contracted as follows:

1. **Engagement**. Trustee engages Firm to represent Trustee in the matters of *Burlingame Capital Partners II, LP v. Frank Verbeke, et.al.* case number 37-2014-00009195-CU-FR-CTL, and, *Burlingame Capital Partners II, LP v. Altudyne Power Systems, LLC, et.al.*, case number 37-2014-00009622-CU-BC-CTL, cases in which BCP previously asserted causes of action against a variety of parties for moneys owed BCP.

2. **Services**. Trustee is hiring Firm to provide legal services in connection with the above-referenced matter. Firm will furnish all services necessary to properly and efficiently process this case including, interview, investigation, legal research, drafting of complaints, pleadings, motions and other papers and documents, including, but not limited to, correspondence, memoranda, agreements, court documents and settlement agreements, representation in court at any and all hearings and trial. Firm will also undertake such discovery activities as are reasonable and prudent for the preparation of the case for trial. Firm will also conduct such negotiations as are necessary or advisable for resolution of the case.

3. **Communication**. Firm will take all reasonable steps to keep Trustee informed of progress in the case and will respond to inquiries. Communications will be as prompt as reasonably necessary to keep Trustee fully informed.

4. **Contingent Fee**. Firm will receive a contingent fee as full compensation for its services under this Agreement. The fee will be forty percent (40%) of any recovery, whether the

case is settled or tried. If the Firm does not obtain a recovery, then it is not entitled to any contingent or quantum meruit fee.

6. **Bankruptcy Court Appearances**. Firm will provide representatives to attend bankruptcy court hearings to the extent requested to do same to keep the bankruptcy court fully informed of progress in the cases, as reasonably necessary to do so.

7. **Costs**. Firm will advance the costs of suit and has done so with respect to filing fees. Notwithstanding the foregoing however, Trustee will be responsible for payment of all costs of suit which will be paid from the portion of any recovery in said lawsuits that is due Trustee and shall not be deducted prior to a determination of the contingent fee set forth herein. Cost include deposition fees, transcripts, filing fees, service fees, delivery costs, reporter's fees and any and all other normal and customary costs and fees generated in civil litigation in the trial courts of the State of California. If there is no recovery, Trustee shall not be liable for payment of costs.

8. **Guarantees**. It is understood that although Firm cannot guarantee the outcome of the cases undertaken pursuant to this Agreement.

9. **Award of Attorney's Fees**. There is a possibility that Firm may obtain an award of attorney's fees in these cases. If Firm is able to do so, that amount will be paid to firm as an for its fee rather than the contingent fee set forth herein unless the award of attorney's fees is less than the contingent fee would have been. In the event that an award of attorney's fees is less than the contingent case would have been, Trustee shall pay Firm the contingent as set forth herein.

10. **Discharge**. Trustee may discharge Firm at any time during its representation herein. Firm may withdraw with Trustee's consent or for good cause. "Good cause" includes breach of this agreement in any manner and any failure or refusal to follow the advice of this firm in any matter bearing on this case. It also includes any untruthfulness or lack of candor which might make our further representation of Trustee unethical for Firm. If Firm must withdraw for any reason, Trustee will be responsible for any fees and costs due up to the time of withdrawal.

11. **Enforceability and Disputes**. This Agreement is subject to approval by the United States Bankruptcy Court for the Southern District of California and all disputes concerning this Agreement are to be resolved by said court.

12. **Modifications in Writing**. This Agreement may not be modified in any way unless all parties agree in writing and any failure to promptly enforce any term of this agreement shall not be deemed a waiver or implied modification of it.

13. **Court Approval.** The enforcement of the agreement is subject to bankruptcy court approval and any payment of fees and costs to Firm is subject to Firm's presentment of a fee application to the bankruptcy court and an order approving the fee application.

2

Agreed and Contracted this ___ day of October, 2014.

Dated: Oct 16, 2014

_____
James Kennedy, Trustee

Dated: 10/10/2014

_____
John W. Howard
President
JW Howard/Attorneys, Ltd.

3