VINCENT M. COSCINO (BAR NO. 122086)
JEFFREY R. PATTERSON (BAR NO. 126148)
CHARLES L. PERNICKA (BAR NO. 224134)
ALLEN MATKINS LECK GAMBLE
   MALLORY & NATSIS LLP
501 West Broadway, 15th Floor
San Diego, California 92101-3541
Phone:  (619) 233-1155
Fax:  (619) 233-1158
E-Mail:  vcoscino@allenmatkins.com
          jpatterson@allenmatkins.com
          cpernicka@allenmatkins.com

Special Counsel for Chapter 7 Trustee
James L. Kennedy

## UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Case No. 14-02607-CL7 |
| BURLINGAME CAPITAL PARTNERS II, L.P., a Delaware Limited Partnership, | Chapter 7 |
| Debtor. | **DECLARATION OF CHARLES L. PERNICKA IN SUPPORT OF APPLICATION FOR SECOND ORDER REQUIRING PRODUCTION OF DOCUMENTS AND APPEARANCE FOR EXAMINATION BY BURLINGAME CAPITAL PARTNERS II, L.P.** |
| | Dept:    5<br>Judge:   Hon. Christopher B. Latham |

I, Charles L. Pernicka, declare as follows:

1.      I am an attorney at the law firm of Allen Matkins Leck Gamble Mallory & Natsis LLP ("Allen Matkins"), special counsel for Chapter 7 Trustee James L. Kennedy ("Trustee") in the above-captioned proceeding.  I am the attorney at Allen Matkins primarily responsible for the day-to-day handling of this engagement on behalf of Trustee.  I am a member in good standing of the State Bar of California, duly authorized to practice in the above-captioned court.

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

827992.01/SD

2.      As of the execution of this declaration, debtor Burlingame Capital Partners II, L.P. ("Debtor") has not produced documents or appeared for examination as required by the Amended Order entered in the above-captioned bankruptcy proceeding on December 30, 2014, as docket no. 43.

3.      James W. Beshears is counsel of record for Debtor in the above-captioned bankruptcy proceeding.  I am informed that attorney John W. Howard is litigation counsel for Debtor, and represents Debtor and/or Debtor's principals in some capacity.  I am informed that Jeffrey D. Cawdrey of Gordon Rees Scully Mansukhani, LLP also represents Debtor and/or Debtor's principals in some capacity.

4.      Attached to this declaration as Exhibit 1 is a true and correct copy of an email that I received from Attorney Howard on February 10, 2015.

5.      Attached to this declaration as Exhibit 2 is a true and correct copy of an email that I sent to Attorney Howard on February 11, 2015, with copy to Attorney Beshears, Attorney Cawdrey, and counsel for Trustee Gary Rudolph.  I did not receive a notification of delivery failure as regards any of the individuals to whom this email was transmitted.  I never received any response to this email from Attorney Howard, Attorney Beshears, or Attorney Cawdrey.

6.      Attached to this declaration as Exhibit 3 is a true and correct copy of an email that I sent to Attorney Howard on February 18, 2015, with copy to Attorney Beshears, Attorney Cawdrey, and Attorney Rudolph.  I did not receive a notification of delivery failure as regards any of the individuals to whom this email was transmitted.  I never received any response to this email from Attorney Howard, Attorney Beshears, or Attorney Cawdrey.

7.      Attached to this declaration as Exhibit 4 is a true and correct copy of an email that I sent to Attorney Howard, Attorney Beshears, and Attorney Cawdrey on February 20, 2015, with copy to Attorney Rudolph.  I did not receive a notification of delivery failure as regards any of the individuals to whom this email was transmitted.  I never received any response to this email from Attorney Howard, Attorney Beshears, or Attorney Cawdrey.

8.      Attached to this declaration as Exhibit 5 is a true and correct copy of an email that I sent to Attorney Howard, Attorney Beshears, and Attorney Cawdrey on February 25, 2015, with

copy to Attorney Rudolph. I did not receive a notification of delivery failure as regards any of the individuals to whom this email was transmitted. I never received any response to this email from Attorney Howard, Attorney Beshears, or Attorney Cawdrey.

9. On March 3, 2015, Attorney Cawdrey left a voicemail for me acknowledging that no response to my many emails had ever been provided, and stating, in summary, that a response would be provided. He then also sent me a follow-up email. Attached to this declaration as Exhibit 6 is a true and correct copy of Attorney Cawdrey's March 3, 2015 email correspondence to me. As of the signing of this declaration, however, no substantive response to my emails has been received.

I declare under penalty of perjury that the foregoing is true and correct. Executed on March 3, 2015, at San Diego, California.

_____
Charles L. Pernicka

# *EXHIBIT 1*

## Pernicka, Charles

| | |
|---|---|
| **From:** | John Howard <johnh@jwhowardattorneys.com> |
| **Sent:** | Tuesday, February 10, 2015 8:12 PM |
| **To:** | Pernicka, Charles |
| **Cc:** | jwblaw@sbcglobal.net; 'Gary Rudolph' |
| **Subject:** | RE: Burlingame - 2004 Document Production and Examination |

I will be co-counsel with Mr. Cawdrey so you should continue giving him notice of whatever you need to notice him with.

The Judsons did not have notice of the need to produce documents in sufficient time to do so. They were never served with any court orders which, as you should know, is a prerequisite to the orders' enforceability.

However, the documents you seek are in a storage facility in Florida and constitute more than 500 bankers boxes. If you want to provide and pay for transport, they will make them available to you in their entirety.

With respect to Mr. Judson's appearance, he is not available February 24th. If you would like to suggest alternative dates, we will make him available.

Court order will always be obeyed by the Judsons – as they always have been – provided they are given sufficient notice in which to do so. They were not provided with the orders you have sent me this evening for production tomorrow so they have no means of complying with them.

If you would like to discuss a schedule, we can do that as long as we include Mr. Cawdrey in the discussion as he will be taking the laboring oar in the bankruptcy court.

It is false, but not uncharacteristic, that you have suggested that Mr. Beshears "ignored" you. That is knowingly false, as were most of the representations you made to the court to obtain your order. In due course, I will disclose to the court your serial misrepresentations that I am uniquely in the position to prove.

In the meantime, I am available to discuss convenient dates for Mr. Judson to produce the documents you have requested and to appear for testimony.

John W. Howard

*John W. Howard*

1



225 Broadway, Suite 2220
San Diego, California 92101

Telephone: (619) 234-2842
Telefax:    (619) 234-1716

**From:** Pernicka, Charles [mailto:cpernicka@allenmatkins.com]
**Sent:** Tuesday, February 10, 2015 5:35 PM
**To:** johnh@jwhowardattorneys.com
**Cc:** jwblaw@sbcglobal.net; Gary Rudolph
**Subject:** Burlingame - 2004 Document Production and Examination

Mr. Howard,

Gary Rudolph asked that I contact you regarding the document production by and examination of Debtor. As an initial matter, we were contacted by Jeffrey Cawdrey of Gordon & Rees, who informed us that he would represent Debtor in relation to the document production and examination. To our knowledge, Mr. Beshears remains Debtor's counsel of record. Are you now taking over that representation? Should I be communicating with Mr. Cawdrey about the production and examination?

As I assume you are aware, on December 30, 2014, the Court entered an order requiring that Debtor produce documents on or before February 11, and appear for examination on February 24. Attached for your reference are copies of that order, and service records evidencing service of the entered order on Debtor's attorney of record and on Debtor. We understand that you informed Mr. Rudolph that Debtor intends not to produce documents or appear for examination on those dates, in violation of the order. Is that understanding correct? Does Debtor intend to comply with the order?

If the dates are problematic, please let me know. However, I am surprised that Debtor would wait until the eve of the production deadline already ordered by the Court to comment. At the 341 meeting last August, it was agreed that Debtor would appear for a 2004 examination. In November, we attempted to obtain a stipulation with convenient dates from Mr. Beshears, but were ignored. The order setting these dates was entered more than a month ago. Please advise as to Debtor's intentions in connection with the order.

Thank you.
Charles

**Charles L. Pernicka Esq.**
Allen Matkins Leck Gamble Mallory & Natsis LLP
501 West Broadway, 15th Floor, San Diego, CA 92101-3541
(619) 233-1155 (main)
(619) 235-1531 (direct)
(619) 233-1158 (fax)



2

Confidentiality Notice: The information contained in this electronic e-mail and any accompanying attachment(s) is intended only for the use of the intended recipient and may be confidential and/or privileged. If any reader of this communication is not the intended recipient, unauthorized use, disclosure or copying is strictly prohibited, and may be unlawful. If you have received this communication in error, please immediately notify the sender by return e-mail, and delete the original message and all copies from your system. Thank you.

# EXHIBIT 2

**Pernicka, Charles**

| | |
|---|---|
| **From:** | Pernicka, Charles |
| **Sent:** | Wednesday, February 11, 2015 11:16 AM |
| **To:** | John Howard |
| **Cc:** | jwblaw@sbcglobal.net; 'Gary Rudolph'; Jeffrey D. Cawdrey (jcawdrey@gordonrees.com) |
| **Subject:** | RE: Burlingame - 2004 Document Production and Examination |
| **Attachments:** | Burlingame - 2014-12-30 Amended Order 2004 Exam Notice Recipients.pdf; Burlingame - 2015-1-1 Amended Order 2004 Exam Notice Certificate.pdf |

Mr. Howard,

We understand that Mr. Beshears remains counsel of record for Debtor. Whom do you represent? And whom does Mr. Cawdrey represent?

The order is directed to Debtor, and was properly served on Debtor. The service documents are attached to this email. The order was served on Debtor's counsel of record on December 30, and was served on Debtor on January 1. Rule 2004-1(c) provides for twenty-eight days' notice. The notice provided here was well in excess of that. Does Debtor contend that service of bankruptcy orders on Debtor's counsel of record in the bankruptcy proceeding, and service on Debtor at the address provided to the Court by Debtor, is not valid service on Debtor? If so, on what basis?

Does Debtor contend that it has 500 boxes of documents responsive to the categories that the order requires be produced? Federal rules prohibit "simply dumping large quantities of unrequested materials onto the discovering party along with the items actually sought." *SEC v. Collins & Aikman Corp.*, 256 F.R.D. 403, 410 (S.D.N.Y. 2009). Rule 34(b) was amended in 1980 "to eliminate the practice of 'deliberately [mixing] critical documents with others in the hope of obscuring significance.' " *Id.* at p. 409; see also Fed. R. Civ. P. 34 1980 Advisory Committee Note. It is Debtor's responsibility to identify and produce the documents requested. What volume of documents does Debtor possess that are responsive to the categories listed in the order? Note also that the documents which must be produced include responsive documents in the possession of Debtor's attorneys (past or current), and any affiliated entities. See, e.g., *Johnson v. Akin Capital Management, L..P.*, 202 F.R.D. 112, 114 (S.D.N.Y. 2001) ("Pursuant to 'Fed. R. Civ. P. 34, which governs the production of documents during discovery, the clear rule is that documents in the possession of a party's *current or former* counsel are deemed to be within that party's 'possession, custody and control.' ' " [Emphasis in original]); *United States v. Faltico*, 586 F.2d 1267, 1270 (8th Cir. 1978) (affirming order requiring production of documents under responding party's "effective control" even though they were "in the hands of corporations which are not parties to this action.").

Charles

**Charles L. Pernicka Esq.**
Allen Matkins Leck Gamble Mallory & Natsis LLP
501 West Broadway, 15th Floor, San Diego, CA 92101-3541
(619) 233-1155 (main)
(619) 235-1531 (direct)
(619) 233-1158 (fax)



Allen Matkins
CHALLENGE. OPPORTUNITY. SUCCESS.

1

**From:** John Howard [mailto:johnh@jwhowardattorneys.com]
**Sent:** Tuesday, February 10, 2015 8:12 PM
**To:** Pernicka, Charles
**Cc:** jwblaw@sbcglobal.net; 'Gary Rudolph'
**Subject:** RE: Burlingame - 2004 Document Production and Examination

I will be co-counsel with Mr. Cawdrey so you should continue giving him notice of whatever you need to notice him with.

The Judsons did not have notice of the need to produce documents in sufficient time to do so. They were never served with any court orders which, as you should know, is a prerequisite to the orders' enforceability.

However, the documents you seek are in a storage facility in Florida and constitute more than 500 bankers boxes. If you want to provide and pay for transport, they will make them available to you in their entirety.

With respect to Mr. Judson's appearance, he is not available February 24th. If you would like to suggest alternative dates, we will make him available.

Court order will always be obeyed by the Judsons – as they always have been – provided they are given sufficient notice in which to do so. They were not provided with the orders you have sent me this evening for production tomorrow so they have no means of complying with them.

If you would like to discuss a schedule, we can do that as long as we include Mr. Cawdrey in the discussion as he will be taking the laboring oar in the bankruptcy court.

It is false, but not uncharacteristic, that you have suggested that Mr. Beshears "ignored" you. That is knowingly false, as were most of the representations you made to the court to obtain your order. In due course, I will disclose to the court your serial misrepresentations that I am uniquely in the position to prove.

In the meantime, I am available to discuss convenient dates for Mr. Judson to produce the documents you have requested and to appear for testimony.

John W. Howard

*John W. Howard*

2



225 Broadway, Suite 2220
San Diego, California 92101

Telephone: (619) 234-2842
Telefax:    (619) 234-1716

**From:** Pernicka, Charles [mailto:cpernicka@allenmatkins.com]
**Sent:** Tuesday, February 10, 2015 5:35 PM
**To:** johnh@jwhowardattorneys.com
**Cc:** jwblaw@sbcglobal.net; Gary Rudolph
**Subject:** Burlingame - 2004 Document Production and Examination

Mr. Howard,

Gary Rudolph asked that I contact you regarding the document production by and examination of Debtor. As an initial matter, we were contacted by Jeffrey Cawdrey of Gordon & Rees, who informed us that he would represent Debtor in relation to the document production and examination. To our knowledge, Mr. Beshears remains Debtor's counsel of record. Are you now taking over that representation? Should I be communicating with Mr. Cawdrey about the production and examination?

As I assume you are aware, on December 30, 2014, the Court entered an order requiring that Debtor produce documents on or before February 11, and appear for examination on February 24. Attached for your reference are copies of that order, and service records evidencing service of the entered order on Debtor's attorney of record and on Debtor. We understand that you informed Mr. Rudolph that Debtor intends not to produce documents or appear for examination on those dates, in violation of the order. Is that understanding correct? Does Debtor intend to comply with the order?

If the dates are problematic, please let me know. However, I am surprised that Debtor would wait until the eve of the production deadline already ordered by the Court to comment. At the 341 meeting last August, it was agreed that Debtor would appear for a 2004 examination. In November, we attempted to obtain a stipulation with convenient dates from Mr. Beshears, but were ignored. The order setting these dates was entered more than a month ago. Please advise as to Debtor's intentions in connection with the order.

Thank you.
Charles

**Charles L. Pernicka Esq.**
Allen Matkins Leck Gamble Mallory & Natsis LLP
501 West Broadway, 15th Floor, San Diego, CA 92101-3541
(619) 233-1155 (main)
(619) 235-1531 (direct)
(619) 233-1158 (fax)



3

---

Confidentiality Notice: The information contained in this electronic e-mail and any accompanying attachment(s) is intended only for the use of the intended recipient and may be confidential and/or privileged. If any reader of this communication is not the intended recipient, unauthorized use, disclosure or copying is strictly prohibited, and may be unlawful. If you have received this communication in error, please immediately notify the sender by return e-mail, and delete the original message and all copies from your system. Thank you.

4

# *EXHIBIT 3*

## Pernicka, Charles

| | |
|---|---|
| **From:** | Pernicka, Charles |
| **Sent:** | Wednesday, February 18, 2015 9:44 AM |
| **To:** | John Howard |
| **Cc:** | jwblaw@sbcglobal.net; jcawdrey@gordonrees.com; 'Gary Rudolph' |
| **Subject:** | FW: Burlingame - 2004 Document Production and Examination |
| **Attachments:** | Burlingame - 2014-12-30 Amended Order 2004 Exam Notice Recipients.pdf; Burlingame - 2015-1-1 Amended Order 2004 Exam Notice Certificate.pdf |

Mr. Howard,

Please advise as to whom you and Mr. Cawdrey represent.

We understand that Debtor will turn over 500 boxes of documents to the Trustee at the Trustee's cost to transport them.  How many boxes of documents does Debtor possess that are responsive to the categories of documents that the Court ordered Debtor to produce?  Generally, what do the documents contained in the remaining boxes concern?

We understand that Debtor will not appear for examination on February 24, despite the Court's order requiring that Debtor's representative do so.  We will discuss when Debtor will appear once the issue of Debtor's documents is addressed.

I look forward to your response.  Thank you.

Charles

**Charles L. Pernicka Esq.**
Allen Matkins Leck Gamble Mallory & Natsis LLP
501 West Broadway, 15th Floor, San Diego, CA 92101-3541
(619) 233-1155 (main)
(619) 235-1531 (direct)
(619) 233-1158 (fax)



**From:** Pernicka, Charles
**Sent:** Wednesday, February 11, 2015 11:16 AM
**To:** John Howard
**Cc:** jwblaw@sbcglobal.net; 'Gary Rudolph'; Jeffrey D. Cawdrey (jcawdrey@gordonrees.com)
**Subject:** RE: Burlingame - 2004 Document Production and Examination

Mr. Howard,

We understand that Mr. Beshears remains counsel of record for Debtor.  Whom do you represent?  And whom does Mr. Cawdrey represent?

The order is directed to Debtor, and was properly served on Debtor.  The service documents are attached to this email.  The order was served on Debtor's counsel of record on December 30, and was served on Debtor on January 1.  Rule 2004-1(c) provides for twenty-eight days' notice.  The notice provided here was well in excess of that.  Does

1

Debtor contend that service of bankruptcy orders on Debtor's counsel of record in the bankruptcy proceeding, and service on Debtor at the address provided to the Court by Debtor, is not valid service on Debtor? If so, on what basis?

Does Debtor contend that it has 500 boxes of documents responsive to the categories that the order requires be produced? Federal rules prohibit "simply dumping large quantities of unrequested materials onto the discovering party along with the items actually sought." *SEC v. Collins & Aikman Corp.*, 256 F.R.D. 403, 410 (S.D.N.Y. 2009). Rule 34(b) was amended in 1980 "to eliminate the practice of 'deliberately [mixing] critical documents with others in the hope of obscuring significance.' " *Id.* at p. 409; see also Fed. R. Civ. P. 34 1980 Advisory Committee Note. It is Debtor's responsibility to identify and produce the documents requested. What volume of documents does Debtor possess that are responsive to the categories listed in the order? Note also that the documents which must be produced include responsive documents in the possession of Debtor's attorneys (past or current), and any affiliated entities. See, e.g., *Johnson v. Akin Capital Management, L..P.*, 202 F.R.D. 112, 114 (S.D.N.Y. 2001) ("Pursuant to 'Fed. R. Civ. P. 34, which governs the production of documents during discovery, the clear rule is that documents in the possession of a party's *current or former* counsel are deemed to be within that party's 'possession, custody and control.' ' " [Emphasis in original]); *United States v. Faltico*, 586 F.2d 1267, 1270 (8th Cir. 1978) (affirming order requiring production of documents under responding party's "effective control" even though they were "in the hands of corporations which are not parties to this action.").

Charles

**<u>Charles L. Pernicka Esq.</u>**
Allen Matkins Leck Gamble Mallory & Natsis LLP
501 West Broadway, 15th Floor, San Diego, CA 92101-3541
(619) 233-1155 (main)
(619) 235-1531 (direct)
(619) 233-1158 (fax)



**From:** John Howard [mailto:johnh@jwhowardattorneys.com]
**Sent:** Tuesday, February 10, 2015 8:12 PM
**To:** Pernicka, Charles
**Cc:** jwblaw@sbcglobal.net; 'Gary Rudolph'
**Subject:** RE: Burlingame - 2004 Document Production and Examination

I will be co-counsel with Mr. Cawdrey so you should continue giving him notice of whatever you need to notice him with.

The Judsons did not have notice of the need to produce documents in sufficient time to do so. They were never served with any court orders which, as you should know, is a prerequisite to the orders' enforceability.

However, the documents you seek are in a storage facility in Florida and constitute more than 500 bankers boxes. If you want to provide and pay for transport, they will make them available to you in their entirety.

With respect to Mr. Judson's appearance, he is not available February 24th. If you would like to suggest alternative dates, we will make him available.

Court order will always be obeyed by the Judsons – as they always have been – provided they are given sufficient notice in which to do so. They were not provided with the orders you have sent me this evening for production tomorrow so they have no means of complying with them.

If you would like to discuss a schedule, we can do that as long as we include Mr. Cawdrey in the discussion as he will be taking the laboring oar in the bankruptcy court.

It is false, but not uncharacteristic, that you have suggested that Mr. Beshears "ignored" you. That is knowingly false, as were most of the representations you made to the court to obtain your order. In due course, I will disclose to the court your serial misrepresentations that I am uniquely in the position to prove.

In the meantime, I am available to discuss convenient dates for Mr. Judson to produce the documents you have requested and to appear for testimony.

John W. Howard



**JW Howard Attorneys**

225 Broadway, Suite 2220
San Diego, California 92101

Telephone: (619) 234-2842
Telefax:    (619) 234-1716

---

**From:** Pernicka, Charles [mailto:cpernicka@allenmatkins.com]
**Sent:** Tuesday, February 10, 2015 5:35 PM
**To:** johnh@jwhowardattorneys.com
**Cc:** jwblaw@sbcglobal.net; Gary Rudolph
**Subject:** Burlingame - 2004 Document Production and Examination

Mr. Howard,

Gary Rudolph asked that I contact you regarding the document production by and examination of Debtor. As an initial matter, we were contacted by Jeffrey Cawdrey of Gordon & Rees, who informed us that he would represent Debtor in relation to the document production and examination. To our knowledge, Mr. Beshears remains Debtor's counsel of record. Are you now taking over that representation? Should I be communicating with Mr. Cawdrey about the production and examination?

As I assume you are aware, on December 30, 2014, the Court entered an order requiring that Debtor produce documents on or before February 11, and appear for examination on February 24. Attached for your reference are copies of that order, and service records evidencing service of the entered order on Debtor's attorney of record and on Debtor. We understand that you informed Mr. Rudolph that Debtor intends not to produce documents or appear for examination on those dates, in violation of the order. Is that understanding correct? Does Debtor intend to comply with the order?

If the dates are problematic, please let me know. However, I am surprised that Debtor would wait until the eve of the production deadline already ordered by the Court to comment. At the 341 meeting last August, it was agreed that Debtor would appear for a 2004 examination. In November, we attempted to obtain a stipulation with convenient dates from Mr. Beshears, but were ignored. The order setting these dates was entered more than a month ago. Please advise as to Debtor's intentions in connection with the order.

Thank you.
Charles

**Charles L. Pernicka Esq.**
Allen Matkins Leck Gamble Mallory & Natsis LLP
501 West Broadway, 15th Floor, San Diego, CA 92101-3541
(619) 233-1155 (main)
(619) 235-1531 (direct)
(619) 233-1158 (fax)



Allen Matkins
CHALLENGE. OPPORTUNITY. SUCCESS.

Confidentiality Notice: The information contained in this electronic e-mail and any accompanying attachment(s) is intended only for the use of the intended recipient and may be confidential and/or privileged. If any reader of this communication is not the intended recipient, unauthorized use, disclosure or copying is strictly prohibited, and may be unlawful. If you have received this communication in error, please immediately notify the sender by return e-mail, and delete the original message and all copies from your system. Thank you.

# *EXHIBIT 4*

## Pernicka, Charles

| | |
|---|---|
| **From:** | Pernicka, Charles |
| **Sent:** | Friday, February 20, 2015 3:12 PM |
| **To:** | 'John Howard'; jwblaw@sbcglobal.net; jcawdrey@gordonrees.com |
| **Cc:** | 'Gary Rudolph' |
| **Subject:** | RE: Burlingame - 2004 Document Production and Examination |

Counsel,

This email is yet another attempt to meet and confer regarding Debtor's failure to comply with the Court's production order.  No response to my below emails has been received.

What volume of documents does Debtor possess that are responsive to the categories of documents that the Court ordered Debtor to produce?

Charles

**Charles L. Pernicka Esq.**
Allen Matkins Leck Gamble Mallory & Natsis LLP
501 West Broadway, 15th Floor, San Diego, CA 92101-3541
(619) 233-1155 (main)
(619) 235-1531 (direct)
(619) 233-1158 (fax)



Allen Matkins
CHALLENGE. OPPORTUNITY. SUCCESS.

---

**From:** Pernicka, Charles
**Sent:** Wednesday, February 18, 2015 9:44 AM
**To:** John Howard
**Cc:** jwblaw@sbcglobal.net; jcawdrey@gordonrees.com; 'Gary Rudolph'
**Subject:** FW: Burlingame - 2004 Document Production and Examination

Mr. Howard,

Please advise as to whom you and Mr. Cawdrey represent.

We understand that Debtor will turn over 500 boxes of documents to the Trustee at the Trustee's cost to transport them.  How many boxes of documents does Debtor possess that are responsive to the categories of documents that the Court ordered Debtor to produce?  Generally, what do the documents contained in the remaining boxes concern?

We understand that Debtor will not appear for examination on February 24, despite the Court's order requiring that Debtor's representative do so.  We will discuss when Debtor will appear once the issue of Debtor's documents is addressed.

I look forward to your response.  Thank you.

Charles

1

**Charles L. Pernicka Esq.**
Allen Matkins Leck Gamble Mallory & Natsis LLP
501 West Broadway, 15th Floor, San Diego, CA 92101-3541
(619) 233-1155 (main)
(619) 235-1531 (direct)
(619) 233-1158 (fax)

# Allen Matkins
### CHALLENGE. OPPORTUNITY. SUCCESS.

---

**From:** Pernicka, Charles
**Sent:** Wednesday, February 11, 2015 11:16 AM
**To:** John Howard
**Cc:** jwblaw@sbcglobal.net; 'Gary Rudolph'; Jeffrey D. Cawdrey (jcawdrey@gordonrees.com)
**Subject:** RE: Burlingame - 2004 Document Production and Examination

Mr. Howard,

We understand that Mr. Beshears remains counsel of record for Debtor.  Whom do you represent?  And whom does Mr. Cawdrey represent?

The order is directed to Debtor, and was properly served on Debtor.  The service documents are attached to this email.  The order was served on Debtor's counsel of record on December 30, and was served on Debtor on January 1.  Rule 2004-1(c) provides for twenty-eight days' notice.  The notice provided here was well in excess of that.   Does Debtor contend that service of bankruptcy orders on Debtor's counsel of record in the bankruptcy proceeding, and service on Debtor at the address provided to the Court by Debtor, is not valid service on Debtor?  If so, on what basis?

Does Debtor contend that it has 500 boxes of documents responsive to the categories that the order requires be produced?  Federal rules prohibit "simply dumping large quantities of unrequested materials onto the discovering party along with the items actually sought."  *SEC v. Collins & Aikman Corp.*, 256 F.R.D. 403, 410 (S.D.N.Y. 2009).  Rule 34(b) was amended in 1980 "to eliminate the practice of 'deliberately [mixing] critical documents with others in the hope of obscuring significance.' "  *Id*. at p. 409; see also Fed. R. Civ. P. 34 1980 Advisory Committee Note.  It is Debtor's responsibility to identify and produce the documents requested.  What volume of documents does Debtor possess that are responsive to the categories listed in the order?  Note also that the documents which must be produced include responsive documents in the possession of Debtor's attorneys (past or current), and any affiliated entities. See, e.g., *Johnson v. Akin Capital Management, L..P.*, 202 F.R.D. 112, 114 (S.D.N.Y. 2001) ("Pursuant to 'Fed. R. Civ. P. 34, which governs the production of documents during discovery, the clear rule is that documents in the possession of a party's *current or former* counsel are deemed to be within that party's 'possession, custody and control.' ' " [Emphasis in original]); *United States v. Faltico*, 586 F.2d 1267, 1270 (8th Cir. 1978) (affirming order requiring production of documents under responding party's "effective control" even though they were "in the hands of corporations which are not parties to this action.").

Charles

**Charles L. Pernicka Esq.**
Allen Matkins Leck Gamble Mallory & Natsis LLP
501 West Broadway, 15th Floor, San Diego, CA 92101-3541
(619) 233-1155 (main)
(619) 235-1531 (direct)
(619) 233-1158 (fax)

2

# Allen Matkins
CHALLENGE. OPPORTUNITY. SUCCESS.

**From:** John Howard [mailto:johnh@jwhowardattorneys.com]
**Sent:** Tuesday, February 10, 2015 8:12 PM
**To:** Pernicka, Charles
**Cc:** jwblaw@sbcglobal.net; 'Gary Rudolph'
**Subject:** RE: Burlingame - 2004 Document Production and Examination

I will be co-counsel with Mr. Cawdrey so you should continue giving him notice of whatever you need to notice him with.

The Judsons did not have notice of the need to produce documents in sufficient time to do so. They were never served with any court orders which, as you should know, is a prerequisite to the orders' enforceability.

However, the documents you seek are in a storage facility in Florida and constitute more than 500 bankers boxes. If you want to provide and pay for transport, they will make them available to you in their entirety.

With respect to Mr. Judson's appearance, he is not available February 24th. If you would like to suggest alternative dates, we will make him available.

Court order will always be obeyed by the Judsons – as they always have been – provided they are given sufficient notice in which to do so. They were not provided with the orders you have sent me this evening for production tomorrow so they have no means of complying with them.

If you would like to discuss a schedule, we can do that as long as we include Mr. Cawdrey in the discussion as he will be taking the laboring oar in the bankruptcy court.

It is false, but not uncharacteristic, that you have suggested that Mr. Beshears "ignored" you. That is knowingly false, as were most of the representations you made to the court to obtain your order. In due course, I will disclose to the court your serial misrepresentations that I am uniquely in the position to prove.

In the meantime, I am available to discuss convenient dates for Mr. Judson to produce the documents you have requested and to appear for testimony.

John W. Howard

3

*John W. Howard*



225 Broadway, Suite 2220
San Diego, California 92101

Telephone: (619) 234-2842
Telefax:    (619) 234-1716

---

**From:** Pernicka, Charles [mailto:cpernicka@allenmatkins.com]
**Sent:** Tuesday, February 10, 2015 5:35 PM
**To:** johnh@jwhowardattorneys.com
**Cc:** jwblaw@sbcglobal.net; Gary Rudolph
**Subject:** Burlingame - 2004 Document Production and Examination

Mr. Howard,

Gary Rudolph asked that I contact you regarding the document production by and examination of Debtor. As an initial matter, we were contacted by Jeffrey Cawdrey of Gordon & Rees, who informed us that he would represent Debtor in relation to the document production and examination. To our knowledge, Mr. Beshears remains Debtor's counsel of record. Are you now taking over that representation? Should I be communicating with Mr. Cawdrey about the production and examination?

As I assume you are aware, on December 30, 2014, the Court entered an order requiring that Debtor produce documents on or before February 11, and appear for examination on February 24. Attached for your reference are copies of that order, and service records evidencing service of the entered order on Debtor's attorney of record and on Debtor. We understand that you informed Mr. Rudolph that Debtor intends not to produce documents or appear for examination on those dates, in violation of the order. Is that understanding correct? Does Debtor intend to comply with the order?

If the dates are problematic, please let me know. However, I am surprised that Debtor would wait until the eve of the production deadline already ordered by the Court to comment. At the 341 meeting last August, it was agreed that Debtor would appear for a 2004 examination. In November, we attempted to obtain a stipulation with convenient dates from Mr. Beshears, but were ignored. The order setting these dates was entered more than a month ago. Please advise as to Debtor's intentions in connection with the order.

Thank you.
Charles

**Charles L. Pernicka Esq.**
Allen Matkins Leck Gamble Mallory & Natsis LLP
501 West Broadway, 15th Floor, San Diego, CA 92101-3541
(619) 233-1155 (main)
(619) 235-1531 (direct)
(619) 233-1158 (fax)

4



Allen Matkins
CHALLENGE. OPPORTUNITY. SUCCESS.

---

Confidentiality Notice: The information contained in this electronic e-mail and any accompanying attachment(s) is intended only for the use of the intended recipient and may be confidential and/or privileged. If any reader of this communication is not the intended recipient, unauthorized use, disclosure or copying is strictly prohibited, and may be unlawful. If you have received this communication in error, please immediately notify the sender by return e-mail, and delete the original message and all copies from your system. Thank you.

# *EXHIBIT 5*

**Pernicka, Charles**

| | |
|---|---|
| **From:** | Pernicka, Charles |
| **Sent:** | Wednesday, February 25, 2015 2:10 PM |
| **To:** | 'John Howard'; 'jwblaw@sbcglobal.net'; 'jcawdrey@gordonrees.com' |
| **Cc:** | 'Gary Rudolph' |
| **Subject:** | RE: Burlingame - 2004 Document Production and Examination |

Counsel,

Your response is requested.  What volume of documents does Debtor possess that are responsive to the categories of documents that the Court ordered Debtor to produce?  Are all of those documents located among the boxes maintained in a storage facility, or are there responsive documents located at other facilities, or in the possession of Debtor's principals or attorneys?

Debtor remains in ongoing willful violation of the Court's order.

Charles

**Charles L. Pernicka Esq.**
Allen Matkins Leck Gamble Mallory & Natsis LLP
501 West Broadway, 15th Floor, San Diego, CA 92101-3541
(619) 233-1155 (main)
(619) 235-1531 (direct)
(619) 233-1158 (fax)

**Allen Matkins**
CHALLENGE. OPPORTUNITY. SUCCESS.

---

**From:** Pernicka, Charles
**Sent:** Friday, February 20, 2015 3:12 PM
**To:** 'John Howard'; jwblaw@sbcglobal.net; jcawdrey@gordonrees.com
**Cc:** 'Gary Rudolph'
**Subject:** RE: Burlingame - 2004 Document Production and Examination

Counsel,

This email is yet another attempt to meet and confer regarding Debtor's failure to comply with the Court's production order.  No response to my below emails has been received.

What volume of documents does Debtor possess that are responsive to the categories of documents that the Court ordered Debtor to produce?

Charles

**Charles L. Pernicka Esq.**
Allen Matkins Leck Gamble Mallory & Natsis LLP
501 West Broadway, 15th Floor, San Diego, CA 92101-3541
(619) 233-1155 (main)
(619) 235-1531 (direct)

1

(619) 233-1158 (fax)

# Allen Matkins
### CHALLENGE. OPPORTUNITY. SUCCESS.

**From:** Pernicka, Charles
**Sent:** Wednesday, February 18, 2015 9:44 AM
**To:** John Howard
**Cc:** jwblaw@sbcglobal.net; jcawdrey@gordonrees.com; 'Gary Rudolph'
**Subject:** FW: Burlingame - 2004 Document Production and Examination

Mr. Howard,

Please advise as to whom you and Mr. Cawdrey represent.

We understand that Debtor will turn over 500 boxes of documents to the Trustee at the Trustee's cost to transport them. How many boxes of documents does Debtor possess that are responsive to the categories of documents that the Court ordered Debtor to produce? Generally, what do the documents contained in the remaining boxes concern?

We understand that Debtor will not appear for examination on February 24, despite the Court's order requiring that Debtor's representative do so. We will discuss when Debtor will appear once the issue of Debtor's documents is addressed.

I look forward to your response. Thank you.

Charles

**Charles L. Pernicka Esq.**
Allen Matkins Leck Gamble Mallory & Natsis LLP
501 West Broadway, 15th Floor, San Diego, CA 92101-3541
(619) 233-1155 (main)
(619) 235-1531 (direct)
(619) 233-1158 (fax)

# Allen Matkins
### CHALLENGE. OPPORTUNITY. SUCCESS.

**From:** Pernicka, Charles
**Sent:** Wednesday, February 11, 2015 11:16 AM
**To:** John Howard
**Cc:** jwblaw@sbcglobal.net; 'Gary Rudolph'; Jeffrey D. Cawdrey (jcawdrey@gordonrees.com)
**Subject:** RE: Burlingame - 2004 Document Production and Examination

Mr. Howard,

We understand that Mr. Beshears remains counsel of record for Debtor. Whom do you represent? And whom does Mr. Cawdrey represent?

The order is directed to Debtor, and was properly served on Debtor. The service documents are attached to this email. The order was served on Debtor's counsel of record on December 30, and was served on Debtor on January 1. Rule 2004-1(c) provides for twenty-eight days' notice. The notice provided here was well in excess of that. Does

2

Debtor contend that service of bankruptcy orders on Debtor's counsel of record in the bankruptcy proceeding, and service on Debtor at the address provided to the Court by Debtor, is not valid service on Debtor? If so, on what basis?

Does Debtor contend that it has 500 boxes of documents responsive to the categories that the order requires be produced? Federal rules prohibit "simply dumping large quantities of unrequested materials onto the discovering party along with the items actually sought." *SEC v. Collins & Aikman Corp.*, 256 F.R.D. 403, 410 (S.D.N.Y. 2009). Rule 34(b) was amended in 1980 "to eliminate the practice of 'deliberately [mixing] critical documents with others in the hope of obscuring significance.' " *Id.* at p. 409; see also Fed. R. Civ. P. 34 1980 Advisory Committee Note. It is Debtor's responsibility to identify and produce the documents requested. What volume of documents does Debtor possess that are responsive to the categories listed in the order? Note also that the documents which must be produced include responsive documents in the possession of Debtor's attorneys (past or current), and any affiliated entities. See, e.g., *Johnson v. Akin Capital Management, L..P.*, 202 F.R.D. 112, 114 (S.D.N.Y. 2001) ("Pursuant to 'Fed. R. Civ. P. 34, which governs the production of documents during discovery, the clear rule is that documents in the possession of a party's *current or former* counsel are deemed to be within that party's 'possession, custody and control.' ' " [Emphasis in original]); *United States v. Faltico*, 586 F.2d 1267, 1270 (8th Cir. 1978) (affirming order requiring production of documents under responding party's "effective control" even though they were "in the hands of corporations which are not parties to this action.").

Charles

**Charles L. Pernicka Esq.**
Allen Matkins Leck Gamble Mallory & Natsis LLP
501 West Broadway, 15th Floor, San Diego, CA 92101-3541
(619) 233-1155 (main)
(619) 235-1531 (direct)
(619) 233-1158 (fax)



**From:** John Howard [mailto:johnh@jwhowardattorneys.com]
**Sent:** Tuesday, February 10, 2015 8:12 PM
**To:** Pernicka, Charles
**Cc:** jwblaw@sbcglobal.net; 'Gary Rudolph'
**Subject:** RE: Burlingame - 2004 Document Production and Examination

I will be co-counsel with Mr. Cawdrey so you should continue giving him notice of whatever you need to notice him with.

The Judsons did not have notice of the need to produce documents in sufficient time to do so. They were never served with any court orders which, as you should know, is a prerequisite to the orders' enforceability.

However, the documents you seek are in a storage facility in Florida and constitute more than 500 bankers boxes. If you want to provide and pay for transport, they will make them available to you in their entirety.

With respect to Mr. Judson's appearance, he is not available February 24th. If you would like to suggest alternative dates, we will make him available.

Court order will always be obeyed by the Judsons – as they always have been – provided they are given sufficient notice in which to do so. They were not provided with the orders you have sent me this evening for production tomorrow so they have no means of complying with them.

If you would like to discuss a schedule, we can do that as long as we include Mr. Cawdrey in the discussion as he will be taking the laboring oar in the bankruptcy court.

It is false, but not uncharacteristic, that you have suggested that Mr. Beshears "ignored" you. That is knowingly false, as were most of the representations you made to the court to obtain your order. In due course, I will disclose to the court your serial misrepresentations that I am uniquely in the position to prove.

In the meantime, I am available to discuss convenient dates for Mr. Judson to produce the documents you have requested and to appear for testimony.

John W. Howard

*John W. Howard*



225 Broadway, Suite 2220
San Diego, California 92101

Telephone: (619) 234-2842
Telefax:    (619) 234-1716

---

**From:** Pernicka, Charles [mailto:cpernicka@allenmatkins.com]
**Sent:** Tuesday, February 10, 2015 5:35 PM
**To:** johnh@jwhowardattorneys.com
**Cc:** jwblaw@sbcglobal.net; Gary Rudolph
**Subject:** Burlingame - 2004 Document Production and Examination

Mr. Howard,

Gary Rudolph asked that I contact you regarding the document production by and examination of Debtor. As an initial matter, we were contacted by Jeffrey Cawdrey of Gordon & Rees, who informed us that he would represent Debtor in relation to the document production and examination. To our knowledge, Mr. Beshears remains Debtor's counsel of record. Are you now taking over that representation? Should I be communicating with Mr. Cawdrey about the production and examination?

4

As I assume you are aware, on December 30, 2014, the Court entered an order requiring that Debtor produce documents on or before February 11, and appear for examination on February 24.  Attached for your reference are copies of that order, and service records evidencing service of the entered order on Debtor's attorney of record and on Debtor.  We understand that you informed Mr. Rudolph that Debtor intends not to produce documents or appear for examination on those dates, in violation of the order.  Is that understanding correct?  Does Debtor intend to comply with the order?

If the dates are problematic, please let me know.  However, I am surprised that Debtor would wait until the eve of the production deadline already ordered by the Court to comment.  At the 341 meeting last August, it was agreed that Debtor would appear for a 2004 examination.  In November, we attempted to obtain a stipulation with convenient dates from Mr. Beshears, but were ignored.  The order setting these dates was entered more than a month ago.  Please advise as to Debtor's intentions in connection with the order.

Thank you.
Charles

**Charles L. Pernicka Esq.**
Allen Matkins Leck Gamble Mallory & Natsis LLP
501 West Broadway, 15th Floor, San Diego, CA 92101-3541
(619) 233-1155 (main)
(619) 235-1531 (direct)
(619) 233-1158 (fax)



Allen Matkins
CHALLENGE. OPPORTUNITY. SUCCESS.

---

Confidentiality Notice: The information contained in this electronic e-mail and any accompanying attachment(s) is intended only for the use of the intended recipient and may be confidential and/or privileged. If any reader of this communication is not the intended recipient, unauthorized use, disclosure or copying is strictly prohibited, and may be unlawful. If you have received this communication in error, please immediately notify the sender by return e-mail, and delete the original message and all copies from your system. Thank you.

# *EXHIBIT 6*

## Pernicka, Charles

| | |
|---|---|
| **From:** | Jeffrey Cawdrey <JCawdrey@gordonrees.com> |
| **Sent:** | Tuesday, March 3, 2015 1:09 PM |
| **To:** | Pernicka, Charles |
| **Cc:** | John Howard; jwblaw@sbcglobal.net; Gary Rudolph |
| **Subject:** | Re: Burlingame - 2004 Document Production and Examination |
| **Attachments:** | image001.png; image002.jpg |

Charles:

I left you a voicemail. I return to SD tomorrow. We will be providing a response and I do want to discuss the application, documents requested and the order with you in more detail.

There is no willful violation of the Court's order.

Jeff

Jeffrey D. Cawdrey

Sent from my iPhone

On Feb 25, 2015, at 4:09 PM, "Pernicka, Charles" <cpernicka@allenmatkins.com<mailto:cpernicka@allenmatkins.com>> wrote:

Counsel,

Your response is requested. What volume of documents does Debtor possess that are responsive to the categories of documents that the Court ordered Debtor to produce? Are all of those documents located among the boxes maintained in a storage facility, or are there responsive documents located at other facilities, or in the possession of Debtor's principals or attorneys?

Debtor remains in ongoing willful violation of the Court's order.

Charles

Charles L. Pernicka Esq.<http://cpernicka.allenmatkins.com/>
Allen Matkins Leck Gamble Mallory & Natsis LLP
501 West Broadway, 15th Floor, San Diego, CA 92101-3541
(619) 233-1155 (main)
(619) 235-1531 (direct)
(619) 233-1158 (fax)

<image001.png><http://www.allenmatkins.com/>


From: Pernicka, Charles
Sent: Friday, February 20, 2015 3:12 PM
To: 'John Howard'; jwblaw@sbcglobal.net<mailto:jwblaw@sbcglobal.net>;
jcawdrey@gordonrees.com<mailto:jcawdrey@gordonrees.com>

1

Cc: 'Gary Rudolph'
Subject: RE: Burlingame - 2004 Document Production and Examination

Counsel,

This email is yet another attempt to meet and confer regarding Debtor's failure to comply with the Court's production order.  No response to my below emails has been received.

What volume of documents does Debtor possess that are responsive to the categories of documents that the Court ordered Debtor to produce?

Charles

Charles L. Pernicka Esq.<http://cpernicka.allenmatkins.com/>
Allen Matkins Leck Gamble Mallory & Natsis LLP
501 West Broadway, 15th Floor, San Diego, CA 92101-3541
(619) 233-1155 (main)
(619) 235-1531 (direct)
(619) 233-1158 (fax)

<image001.png><http://www.allenmatkins.com/>


From: Pernicka, Charles
Sent: Wednesday, February 18, 2015 9:44 AM
To: John Howard
Cc: jwblaw@sbcglobal.net<mailto:jwblaw@sbcglobal.net>; jcawdrey@gordonrees.com<mailto:jcawdrey@gordonrees.com>; 'Gary Rudolph'
Subject: FW: Burlingame - 2004 Document Production and Examination

Mr. Howard,

Please advise as to whom you and Mr. Cawdrey represent.

We understand that Debtor will turn over 500 boxes of documents to the Trustee at the Trustee's cost to transport them.  How many boxes of documents does Debtor possess that are responsive to the categories of documents that the Court ordered Debtor to produce?  Generally, what do the documents contained in the remaining boxes concern?

We understand that Debtor will not appear for examination on February 24, despite the Court's order requiring that Debtor's representative do so.  We will discuss when Debtor will appear once the issue of Debtor's documents is addressed.

I look forward to your response.  Thank you.

Charles

Charles L. Pernicka Esq.<http://cpernicka.allenmatkins.com/>
Allen Matkins Leck Gamble Mallory & Natsis LLP
501 West Broadway, 15th Floor, San Diego, CA 92101-3541
(619) 233-1155 (main)
(619) 235-1531 (direct)
(619) 233-1158 (fax)

2

<image001.png><http://www.allenmatkins.com/>

From: Pernicka, Charles
Sent: Wednesday, February 11, 2015 11:16 AM
To: John Howard
Cc: jwblaw@sbcglobal.net<mailto:jwblaw@sbcglobal.net>; 'Gary Rudolph'; Jeffrey D. Cawdrey
(jcawdrey@gordonrees.com<mailto:jcawdrey@gordonrees.com>)
Subject: RE: Burlingame - 2004 Document Production and Examination

Mr. Howard,

We understand that Mr. Beshears remains counsel of record for Debtor.  Whom do you represent?  And whom does Mr. Cawdrey represent?

The order is directed to Debtor, and was properly served on Debtor.  The service documents are attached to this email.  The order was served on Debtor's counsel of record on December 30, and was served on Debtor on January 1.  Rule 2004-1(c) provides for twenty-eight days' notice.  The notice provided here was well in excess of that.   Does Debtor contend that service of bankruptcy orders on Debtor's counsel of record in the bankruptcy proceeding, and service on Debtor at the address provided to the Court by Debtor, is not valid service on Debtor?  If so, on what basis?

Does Debtor contend that it has 500 boxes of documents responsive to the categories that the order requires be produced?  Federal rules prohibit "simply dumping large quantities of unrequested materials onto the discovering party along with the items actually sought."   SEC v. Collins & Aikman Corp., 256 F.R.D. 403, 410 (S.D.N.Y. 2009).  Rule 34(b) was amended in 1980 "to eliminate the practice of 'deliberately [mixing] critical documents with others in the hope of obscuring significance.' "  Id. at p. 409; see also Fed. R. Civ. P. 34 1980 Advisory Committee Note.  It is Debtor's responsibility to identify and produce the documents requested.  What volume of documents does Debtor possess that are responsive to the categories listed in the order?  Note also that the documents which must be produced include responsive documents in the possession of Debtor's attorneys (past or current), and any affiliated entities.  See, e.g., Johnson v. Akin Capital Management, L..P., 202 F.R.D. 112, 114 (S.D.N.Y. 2001) ("Pursuant to 'Fed. R. Civ. P. 34, which governs the production of documents during discovery, the clear rule is that documents in the possession of a party's current or former counsel are deemed to be within that party's 'possession, custody and control.' ' " [Emphasis in original]); United States v. Faltico, 586 F.2d 1267, 1270 (8th Cir. 1978) (affirming order requiring production of documents under responding party's "effective control" even though they were "in the hands of corporations which are not parties to this action.").

Charles

Charles L. Pernicka Esq.<http://cpernicka.allenmatkins.com/>
Allen Matkins Leck Gamble Mallory & Natsis LLP
501 West Broadway, 15th Floor, San Diego, CA 92101-3541
(619) 233-1155 (main)
(619) 235-1531 (direct)
(619) 233-1158 (fax)

<image001.png><http://www.allenmatkins.com/>


From: John Howard [mailto:johnh@jwhowardattorneys.com]
Sent: Tuesday, February 10, 2015 8:12 PM
To: Pernicka, Charles
Cc: jwblaw@sbcglobal.net<mailto:jwblaw@sbcglobal.net>; 'Gary Rudolph'

3

Subject: RE: Burlingame - 2004 Document Production and Examination

I will be co-counsel with Mr. Cawdrey so you should continue giving him notice of whatever you need to notice him with.

The Judsons did not have notice of the need to produce documents in sufficient time to do so. They were never served with any court orders which, as you should know, is a prerequisite to the orders' enforceability.

However, the documents you seek are in a storage facility in Florida and constitute more than 500 bankers boxes. If you want to provide and pay for transport, they will make them available to you in their entirety.

With respect to Mr. Judson's appearance, he is not available February 24th. If you would like to suggest alternative dates, we will make him available.

Court order will always be obeyed by the Judsons – as they always have been – provided they are given sufficient notice in which to do so. They were not provided with the orders you have sent me this evening for production tomorrow so they have no means of complying with them.

If you would like to discuss a schedule, we can do that as long as we include Mr. Cawdrey in the discussion as he will be taking the laboring oar in the bankruptcy court.

It is false, but not uncharacteristic, that you have suggested that Mr. Beshears "ignored" you. That is knowingly false, as were most of the representations you made to the court to obtain your order. In due course, I will disclose to the court your serial misrepresentations that I am uniquely in the position to prove.

In the meantime, I am available to discuss convenient dates for Mr. Judson to produce the documents you have requested and to appear for testimony.

John W. Howard


John W. Howard

<image002.jpg>

225 Broadway, Suite 2220
San Diego, California 92101

Telephone: (619) 234-2842
Telefax:    (619) 234-1716

From: Pernicka, Charles [mailto:cpernicka@allenmatkins.com]
Sent: Tuesday, February 10, 2015 5:35 PM
To: johnh@jwhowardattorneys.com<mailto:johnh@jwhowardattorneys.com>
Cc: jwblaw@sbcglobal.net<mailto:jwblaw@sbcglobal.net>; Gary Rudolph
Subject: Burlingame - 2004 Document Production and Examination

Mr. Howard,

Gary Rudolph asked that I contact you regarding the document production by and examination of Debtor. As an initial matter, we were contacted by Jeffrey Cawdrey of Gordon & Rees, who informed us that he would represent Debtor in relation to the document production and examination. To our knowledge, Mr. Beshears remains Debtor's counsel of

4

record.  Are you now taking over that representation?  Should I be communicating with Mr. Cawdrey about the production and examination?

As I assume you are aware, on December 30, 2014, the Court entered an order requiring that Debtor produce documents on or before February 11, and appear for examination on February 24.  Attached for your reference are copies of that order, and service records evidencing service of the entered order on Debtor's attorney of record and on Debtor.  We understand that you informed Mr. Rudolph that Debtor intends not to produce documents or appear for examination on those dates, in violation of the order.  Is that understanding correct?  Does Debtor intend to comply with the order?

If the dates are problematic, please let me know.  However, I am surprised that Debtor would wait until the eve of the production deadline already ordered by the Court to comment.  At the 341 meeting last August, it was agreed that Debtor would appear for a 2004 examination.  In November, we attempted to obtain a stipulation with convenient dates from Mr. Beshears, but were ignored.  The order setting these dates was entered more than a month ago.  Please advise as to Debtor's intentions in connection with the order.

Thank you.
Charles

Charles L. Pernicka Esq.<http://cpernicka.allenmatkins.com/>
Allen Matkins Leck Gamble Mallory & Natsis LLP
501 West Broadway, 15th Floor, San Diego, CA 92101-3541
(619) 233-1155 (main)
(619) 235-1531 (direct)
(619) 233-1158 (fax)

<image001.png><http://www.allenmatkins.com/>

---

Confidentiality Notice: The information contained in this electronic e-mail and any accompanying attachment(s) is intended only for the use of the intended recipient and may be confidential and/or privileged. If any reader of this communication is not the intended recipient, unauthorized use, disclosure or copying is strictly prohibited, and may be unlawful. If you have received this communication in error, please immediately notify the sender by return e-mail, and delete the original message and all copies from your system. Thank you.

---

Confidentiality Notice: The information contained in this electronic e-mail and any accompanying attachment(s) is intended only for the use of the intended recipient and may be confidential and/or privileged. If any reader of this communication is not the intended recipient, unauthorized use, disclosure or copying is strictly prohibited, and may be unlawful. If you have received this communication in error, please immediately notify the sender by return e-mail, and delete the original message and all copies from your system. Thank you.