JEFFREY CAWDREY (SBN: 120488)
jcawdrey@gordonrees.com
GORDON & REES LLP
101 W. Broadway
Suite 2000
San Diego, CA 92101
Telephone: (619) 696-6700
Facsimile: (619) 696-7124

Attorneys for:
ROBERT D. JUDSON JR.

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>BURLINGAME CAPITAL PARTNERS II, L.P., a Delaware Limited Partnership, | ) CASE NO.  14-02607-CL7<br>)<br>) CHAPTER 7<br>)<br>) **DECLARATION OF ROBERT D. JUDSON, JR. IN SUPPORT OF ROBERT D. JUDSON, JRS.' OPPOSITION TO APPLICATION FOR SECOND ORDER REQUIRING PRODUCTION OF DOCUMENTS AND APPEARANCE FOR EXAMINATION BY BURLINGAME CAPITAL PARTNERS II, L.P. AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br>)<br>) Date:  None Set<br>) Time:  None Set<br>) Dept:: 5<br>) Judge: Hon. Christopher B. Latham |

I, Robert D. Judson, hereby declare:

1. I was a principal of Debtor's general partner, a limited liability company known as Burlingame Capital, LLC, prior to Debtor's filing of a petition for relief under Chapter 7 of the U.S. Bankruptcy Code.  I know the matter stated herein of my own knowledge and if sworn as a witness before this Court I could and would competently testify thereto.

2. Allen Matkins Leck Gamble Mallory & Natsis LLP ("Allen Matkins") was Debtor's exclusive, long term legal counsel from approximately 2002 to approximately 2009.  In

-1-

1102653/22702542v.1

approximately 2003 Allen Matkins commenced representation of Debtor in connection with a defaulted loan. Through this representation, Allen Matkins represented Debtor with respect to the exact transactions at the center of the 2004 Applications.

3.  In connection with Allen Matkins' representation of Debtor in foreclosure proceedings against Python Injection, it received voluminous documents regarding the original transaction and foreclosure proceedings. Vincent M. Coscino of Allen Matkins was one of the attorneys who represented the Debtor in these foreclosure proceedings. In fact, Mr. Coscino personally attended the Python Injection foreclosure sale to insure the sale was not interrupted by Python Injection's principals.

4.  Additionally, Debtor also retained Allen Matkins to represent it in asserting claims against Kids Connection, Inc. ("Kids Connection") based on the failed loan transaction described above. This representation resulted in a judgment in excess of 4 million dollars against Kids Connection for fraud and malice. When Debtor began attempting to collect this judgment, Kids Connection filed for bankruptcy protection. The Debtor, represented by Allen Matkins, along with 12-14 other investors formed KC Funding LLC ("KC Funding") to purchase the assets of Kids Connection from the bankruptcy estate.

5.  The purchase price of the Kids Connection's assets by KC Funding was for fair value and was approved by the bankruptcy court judge. Importantly, Debtor never owned the assets of Kids Connection. Instead, the assets were purchased by KC Funding. Debtor was only one of the 12-14 investors who participated in the acquisition of Kids Connection's assets; the investors contributed funds while the Debtor merely waived a claim against the Kids Connection estate.

6.  Initially, the Kids Connection asset purchase was going to be accomplished through a wholly owned subsidiary of Debtor. However, all of Debtor's general partners were not willing to participate in the Kids Connection asset sale. Because of this, Allen Matkins advised that the acquiring entity should not be a wholly owned subsidiary of Debtor. Instead, KC Funding was formed as an entity separate from Debtor to purchase the assets of Kids

Gordon & Rees LLP
101 W. Broadway
Suite 2000
San Diego, CA 92101

-2-

DECLARATION OF ROBERT D. JUDSON JR. IN SUPPORT OF ROBERT D. JUDSON, JRS.'S OPPOSITION TO APPLICATION FOR SECOND ORDER REQUIRING PRODUCTION OF DOCUMENTS AND APPEARANCE FOR EXAMINATION BY BURLINGAME CAPITAL PARTNERS II, L.P. AND

1102653/22702542v.1

Connection from its bankruptcy estate. Not only was Allen Matkins intimately involved in this transaction, it suggested the exact structure used to acquire Kids Connection's assets

7. During the Kids Connection bankruptcy sale, Allen Matkins expressed its desire to cease representing the Debtor. Because of this, Debtor retained John W. Howard in addition to Allen Matkins. The bankruptcy sale closed in 2009. Almost simultaneously with the close of the sale, Allen Matkins discontinued its representation of Debtor. Then, in November 2010, Allen Matkins sued Debtor in California state court claiming Debtor owed approximately 1.9 million dollars in outstanding legal fees. This was in addition to the several million dollars Debtor already paid Allen Matkins. Debtor asserted cross claims for negligence, breach of contract and fraud. This case was styled *Allen Matkins Leck Gamble v. Burlingame Capital Partners*, San Francisco Superior Court, case number 10-505145 (the "Allen Matkins Lawsuit").

8. The Allen Matkins Lawsuit was highly contentious and can reasonably be described as scorched earth litigation. During the course of the Allen Matkins Lawsuit, substantial discovery was had, including the production of thousands of pages of documents from both sides. Allen Matkins refused to turnover client documents to Debtor in the Allen Matkins Lawsuit. Because of this, Debtor was required to file numerous motions and ultimately obtained a turnover order requiring Allen Matkins to surrender the documents to Debtor. This effort took approximately nine months and cost Debtor tens of thousands of dollars in legal fees. These records were transferred to Florida for storage with the knowledge and consent of the Judge in the Allen Matkins Lawsuit.

9. I and my wife Janice Judson have individually been incurring $170.00 per month to store Debtor's documents. The some 400 boxes of documents located in Florida are the entirety of Debtor's documents. Approximately 90% of these documents were obtained from Allen Matkins in the Allen Matkins Lawsuit. The remaining approximately 10% are other documents belonging to the Debtor.

10. I was deposed for multiple days by Allen Matkins in the Allen Matkins Lawsuit. During these depositions, Allen Matkins accused me and my wife of committing fraudulent transfers; the exact fraudulent transfers it claims it needs the Rule 2004 examination to

Gordon & Rees LLP
101 W. Broadway
Suite 2000
San Diego, CA 92101

-3-

DECLARATION OF ROBERT D. JUDSON JR. IN SUPPORT OF ROBERT D. JUDSON, JRS.'S OPPOSITION TO APPLICATION FOR SECOND ORDER REQUIRING PRODUCTION OF DOCUMENTS AND APPEARANCE FOR EXAMINATION BY BURLINGAME CAPITAL PARTNERS II, L.P. AND

1102653/22702542v.1

investigate. The Allen Matkins Lawsuit was stayed but not dismissed by Debtor's bankruptcy filing. Thus, the Allen Matkins Lawsuit remains pending while Debtor's bankruptcy proceedings are ongoing.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on this 6th day of March, 2015 at _Village of Golf_, Florida.

Robert D. Judson, Jr.

Gordon & Rees LLP
101 W. Broadway
Suite 2000
San Diego, CA 92101

1102653/22702542v.1

-4-

DECLARATION OF ROBERT D. JUDSON JR. IN SUPPORT OF ROBERT D. JUDSON, JRS.'S OPPOSITION TO APPLICATION FOR SECOND ORDER REQUIRING PRODUCTION OF DOCUMENTS AND APPEARANCE FOR EXAMINATION BY BURLINGAME CAPITAL PARTNERS II, L.P. AND

1102653/22702542v.1