VINCENT M. COSCINO (BAR NO. 122086)
JEFFREY R. PATTERSON (BAR NO. 126148)
CHARLES L. PERNICKA (BAR NO. 224134)
ALLEN MATKINS LECK GAMBLE
   MALLORY & NATSIS LLP
501 West Broadway, 15th Floor
San Diego, California 92101-3541
Phone: (619) 233-1155
Fax: (619) 233-1158
E-Mail: vcoscino@allenmatkins.com
         jpatterson@allenmatkins.com
         cpernicka@allenmatkins.com

Special Counsel for Chapter 7 Trustee
James L. Kennedy

# UNITED STATES BANKRUPTCY COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Case No. 14-02607-CL7 |
| BURLINGAME CAPITAL PARTNERS II, L.P., a Delaware Limited Partnership, | Chapter 7 |
| Debtor. | **TRUSTEE'S REPLY TO ROBERT D. JUDSON, JR'S OPPOSITION TO APPLICATION FOR SECOND ORDER REQUIRING PRODUCTION OF DOCUMENTS AND APPEARANCE FOR EXAMINATION BY BURLINGAME CAPITAL PARTNERS II, L.P.** |
| | Dept:    5<br>Judge:   Hon. Christopher B. Latham |

Chapter 7 Trustee James L. Kennedy ("Trustee") provides the following reply to the

Opposition of Robert D. Judson, Jr. ("Judson") to Trustee's application for a second order

requiring debtor Burlingame Capital Partners II, L.P. ("Debtor") to produce certain specified

categories of documents and appear for examinations.

## I.    INTRODUCTION

Judson's opposition does not, and cannot, seriously contest Debtor's obligation to produce documents and appear for examination. Rather, Judson argues 1) that Debtor should be allowed to make a document dump of hundreds of boxes of documents, at Trustee's expense, while Judson admits that most of them have nothing to do with the document categories that Debtor was already ordered to produce, and 2) that there should be an advance limitation on the duration of the examinations and Trustee should pay the cost of Judson's travel. As discussed below, there is no justification for the document dump that Debtor advocates. Trustee will comply with the requirements of code regarding the examinations.

Beyond this, the opposition's general griping about Allen Matkins overlooks the fact that the application is brought by Chapter 7 Trustee James L. Kennedy; the opposition's discussion of Allen Matkins' representation of Debtor from 2003 to 2009 has nothing to do with Trustee's duty to investigate Debtor's assets, triggered by Debtor's filing of a bankruptcy petition.

Further, Judson's opposition disregards the fact that an order has already been entered requiring Debtor to produce the categories of documents specified in Exhibit A attached to the application, and to appear for examination. There was no objection, opposition, or request for a protective order in relation to that order. Debtor's decision to disregard this Court's order does not excuse Debtor's obligation.

As a result of Debtor's refusal to comply with this Court's initial order, Trustee could have requested sanctions or an order to show cause re contempt. See, e.g., *United States v. Martin-Trigona*, 759 F.2d 1017, 1019-1020, 1026 (2d Cir. 1985) (affirming finding of contempt for refusal to participate in a Rule 2004 examination). Trustee could also have sought to compel Debtor's appearance through apprehension by a marshal. Fed. R. Bankr. P. 2005.

Instead, however, Trustee seeks simply to set new dates for Debtor's compliance with the terms of the previous order. The only additional relief sought is 1) specification that Judson should be the individual to appear for examination (which is not opposed or disputed), and 2) the requirement that Judson appear for a preliminary examination limited in scope to the subject of Debtor's documents. The need for this preliminary examination is readily apparent, given Debtor's

refusal to respond to Trustee's informal requests for information about Debtor's documents, as set forth in the Pernicka Declaration and attachments thereto, and Debtor's changing representations about its documents.[1]

Debtor filed a petition for bankruptcy protection. Trustee is now not only entitled to investigate Debtor's finances, Trustee has a statutory duty to do so. 11 U.S.C. § 704(a)(4). The second order requested by Trustee should be entered.

## II.    THE OPPOSITION FURTHER DEMONSTRATES GOOD CAUSE FOR THE DOCUMENT PRODUCTION AND EXAMINATIONS

This Court has already ordered that Debtor produce the documents specified in Exhibit A attached to the application, and has already ordered that Debtor appear for examination. (Docket No. 43.) In doing so, the Court has already held that good cause exists for the production and examination. (*Id.*) Judson's opposition only emphasizes the reasons that production and examination are necessary and appropriate.

The opposition argues that the proceeds realized by Burlingame from its transfers of assets were based on minority interests in other companies and were all for good value. However, as further described below, the information of which Trustee is currently aware calls these assertions into question. Trustee does not at this time argue the merits of these points. Rather, the discrepancies demonstrate the need for Trustee to investigate. Trustee is duty-bound to do so, for the protection of all creditors of Debtor.

As explained in Trustee's initial application filed on December 12, 2014 (Docket No. 39), Debtor's primary asset was a school, including the real property on which the school is located and the school's personal property and other assets. The school was purchased in 2009 out of a bankruptcy in the Northern District of California (*In re Kids Connection, Inc.*, Case No. 08-30026). In support of its motions for purchase of the school, Debtor repeatedly represented to the Bankruptcy Court that the school, including its real and personal property, would be purchased by

---

[1] For example, it was first represented that Debtor has in a storage unit 500 boxes of documents (Docket No. 48-1, p. 5 of 35), while Judson's opposition now represents that the storage unit contains 400 boxes of documents.

Debtor or a "wholly owned subsidiary" of Debtor, called KC Funding, LLC. (See Docket Nos. 39 and 39-1 (including multiple declarations by Robert D. Judson, Jr. and Janice H. Judson, affirming under penalty of perjury that the school would be purchased by Debtor or a wholly owned subsidiary of Debtor).) Debtor has produced to Trustee a Purchase Agreement, by which Debtor purported to sell the school, including its real and personal property, for $6,621,582.71. The school was purportedly purchased by Judson and Janice Judson, the principals of Debtor's general partner. However, the Purchase Agreement provides that only $227,000, less than 5% of the total purchase price, was paid to Debtor. (See Docket Nos. 39 and 39-1.) In short, Debtor represented to the Northern District Bankruptcy Court that the school asset would be owned by a wholly-owned subsidiary of Debtor, but represents now to this Court that Debtor held only a minority interest in the entity that acquired the school (and which then sold the school to Judson and his wife).

As was also explained in Trustee's initial application, in 2012, in exchange for the withdrawal of a motion for a writ of attachment in litigation pending in San Francisco County Superior Court, Debtor agreed to provide financial documentation to the Honorable Alfred Chiantelli (Ret.) demonstrating that it had a net worth of at least $250,000, after including Allen Matkins' claim of $1.9 million as a liability. (See Docket Nos. 39 and 39-1.) On July 23, 2014, this Court entered an Order authorizing Retired Judge Chiantelli to turn over to Trustee the documents provided to him by Debtor. (Docket No. 25.) On July 31, 2014, Judge Chiantelli provided to Trustee the records received by him from Debtor. These records include a balance sheet demonstrating net assets valued at more than $1 million, after all liabilities of Debtor, including the claim of Allen Matkins. (See Docket Nos. 39 and 39-1.) By letter dated January 10, 2014, Debtor's counsel informed Judge Chiantelli that Debtor had sold none of its assets as of that date (January 10, 2014), and had paid no capital returns or profits to Robert and/or Janice Judson. (*Id.*) Less than three months later, Debtor filed its petition herein, listing assets valued at $416,041, but debts in excess of $2 million. (Docket No. 1.) In short, less than three months before filing schedules listing debts that exceed its assets by approximately $1.5 million, Debtor implied (at the least) to a Referee that the value of its assets exceeded its liabilities.

The opposition argues that the document production and examination are unwarranted because Allen Matkins already possesses the information it seeks, based on Allen Matkins' representation of Debtor from 2003 to 2009. The opposition is incorrect. In 2009, when Allen Matkins ceased its representation of Debtor, Allen Matkins was informed that the school asset was to be acquired by a wholly-owned subsidiary of Debtor. Allen Matkins' representation of Debtor more than six years ago also provides no insight as to the disappearance of approximately $2 million in value months before Debtor's bankruptcy filing. As was already ordered by this Court, the document production and examination are warranted.

## III. JUDSON SHOULD BE REQUIRED TO APPEAR FOR A PRELIMINARY EXAMINATION ABOUT DEBTOR'S DOCUMENTS

Judson should be required to appear for a preliminary examination about Debtor's documents prior to the production. For the substantive examination of Debtor to be productive, Debtor should be required to first produce documents. The preliminary examination is necessary for Trustee to determine what documents Debtor possesses, and where they are located, to ensure a proper production. This is particularly important given that Debtor wants Trustee to pay the costs associated with the production, and given that Judson admits that most of the documents Debtor seeks to foist on Trustee are not responsive to the categories of documents that Trustee seeks. (Apparently the vast majority of these documents are non-responsive, given Judson's representation that 90% of them are documents obtained from Allen Matkins concerning Allen Matkins' representation of Debtor from 2002 to 2009. (See Judson Declaration, ¶¶ 8-9.))

Absent examination, Trustee cannot obtain information concerning Debtor's documents, including the quantity, locations, and subject matter of the documents that Debtor possesses. Debtor refuses to communicate informally about them. Trustee sent email after email after email after email to Debtor, requesting information about Debtor's documents. (Pernicka Dec., ¶¶ 5-8 and Exs. 2-5.) For three weeks, there was no response to any of Trustee's repeated inquiries. (*Id.*) Finally, three weeks after the court-ordered production deadline, Attorney Cawdrey replied, acknowledging that Debtor had not responded to Trustee's many inquiries, but still providing no substantive response to those inquiries. (Pernicka Dec., ¶ 9 and Ex. 6.)

Further, the only information that Debtor has provided is not consistent.  Debtor first represented that it possessed 500 boxes of documents in a storage unit in Florida.  (Pernicka Dec., Ex. 1.)  Debtor now represents that the storage unit contains 400 boxes.  (Judson Declaration, ¶ 9.)  Beyond this, Debtor says nothing about responsive documents that may be within its possession, custody or control in other locations.

## IV.    DEBTOR SHOULD NOT BE ALLOWED TO MAKE A DOCUMENT DUMP

Trustee's application sets forth applicable authority regarding the prohibition on document dumps.  The opposition, however, asks that Debtor be allowed to do precisely what the rules are intended to prohibit.  Debtor wants Trustee to pay the cost for a production of 400 boxes of documents, of which Debtor admits the vast majority are not responsive.

The opposition cites Bankruptcy Rule 9016 as the basis for seeking to compel Trustee to pay for Debtor's attempted document dump.  (See opposition, p. 6.)  The reference to Rule 9016 is inapposite.  Rule 9016 provides, in full, "Rule 45 F.R.Civ.P. applies in cases under the Code."  Rule 45 of the Federal Rules of Civil Procedure governs the use of subpoenas; in effect, Bankruptcy Rule 9016 incorporates into the bankruptcy context the federal rules concerning subpoenas.

However, the examination here, as expressly ordered on December 30, 2014 (Docket No. 43), is not pursuant to subpoena.  It is not an examination of a third party, and the rules applicable to subpoenas do not govern.  Even under the rules applicable to subpoenas, however, a production consisting of vast amounts of non-responsive documents is not authorized.

Debtor has already been ordered to produce the documents described in Exhibit A to the application.  (Docket No. 43.)  Debtor should be required to comply with that order, by producing the same documents on or before the new deadline now requested by Trustee.

## V.    LIMITATION ON DURATION OF EXAMINATIONS AND WITNESS EXPENSES

The opposition requests that the examinations of Debtor be limited to no more than one day, not to exceed seven hours of testimony.  Trustee does not object to limitation of the preliminary examination of Debtor to a duration not to exceed seven hours of testimony.  Trustee likewise does not object to limitation of the substantive examination of Debtor to a duration not to

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

exceed seven hours of testimony. <u>Trustee reserves the right to request an order for further examination if for any reason additional examination is warranted.</u>

Trustee will pay such witness fees as are required by code, subject to proof and subject to limitation of reasonableness.

## VI.    CONCLUSION

Trustee respectfully requests the Court enter a second order requiring production and examinations, as described in its application and above.

Dated:  March 9, 2015

ALLEN MATKINS LECK GAMBLE
MALLORY & NATSIS LLP

By: _____
    CHARLES L. PERNICKA
    Special Counsel for Chapter 7 Trustee
    James L. Kennedy

I am employed in the County of San Diego, State of California. I am over the age of 18 and not a party to the within action. My business address is 501 West Broadway, 15th Floor, San Diego, California 92101-3541.

On March 9, 2015, I served on interested parties in said action the within:

> **TRUSTEE'S REPLY TO ROBERT D. JUDSON, JR'S OPPOSITION TO APPLICATION FOR SECOND ORDER REQUIRING PRODUCTION OF DOCUMENTS AND APPEARANCE FOR EXAMINATION BY BURLINGAME CAPITAL PARTNERS II, L.P.**

> **SECOND ORDER REQUIRING PRODUCTION OF DOCUMENTS AND APPEARANCE FOR EXAMINATION BY DEBTOR BURLINGAME CAPITAL PARTNERS II, L.P.**

☒ **BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF"):** the foregoing document(s) will be served by the court via NEF and hyperlink to the document. On March 9, 2015, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:

- Gary B. Rudolph on behalf of Trustee James L. Kennedy: Rudolph@sullivanhill.com; hill@sullivanhill.com, millerick@sullivanhill.com, bkstaff@sullivanhill.com, vidovich@ecf.inforuptcy.com, Rudolph@ecf.inforuptcy.com

- James L. Kennedy: jim@jlkennedy.com, jkennedy@ecf.epiqsystems.com

- James W. Beshears on behalf of Debtor, Burlingame Capital Partners II, L.P., a Delaware Limited Partnership: jwblaw@sbcglobal.net

- United States Trustee: ustp.region15@usdoj.gov

- Jeffrey D. Cawdrey on behalf of Debtor and/or Debtor's Principals: jcawdrey@gordonrees.com, jmydlandevans@gordonrees.com, emos@gordonrees.com

☒ **BY PERSONAL SERVICE:** I placed a true copy in a sealed envelope addressed as indicated above on the above-mentioned date, and gave same to Nationwide Legal, whose business address is 110 West C Street, Suite 1211, San Diego, CA 92101, for personal delivery to the offices of addressee.

**COURTESY COPY:**

John W. Howard
JW Howard Attorneys
225 Broadway, Suite 2220
San Diego, CA 92101
**Attorney for Debtor and/or Debtor's Principals**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 9, 2015, at San Diego, California.

_____Glenda Trickey_____                    (Signature)
(Type or print name)

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

828198.01/SD