JEFFREY CAWDREY (SBN: 120488)
jcawdrey@gordonrees.com
ROSS A. HOOGERHYDE (CO Bar # 42588)
rhoogerhyde@gordonrees.com
GORDON & REES LLP
101 W. Broadway
Suite 2000
San Diego, CA 92101
Telephone: (619) 696-6700
Facsimile: (619) 696-7124

Attorneys for
ROBERT D. JUDSON, JR.

**Gordon & Rees LLP**
**101 W. Broadway Suite 2000**
**San Diego, CA 92101**

## UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | ) CASE NO.  14-02607-CL7 |
| | ) |
| BURLINGAME CAPITAL PARTNERS II, L.P., a Delaware Limited Partnership, | ) CHAPTER 7 |
| | ) |
| | ) **ROBERT D. JUDSON, JRS.'** |
| | ) **MOTION TO DISQUALIFY ALLEN** |
| | ) **MATKINS LECK GAMBLE** |
| | ) **MALLORY & NATSIS LLP AS** |
| | ) **COUNSEL FOR CHAPTER 7** |
| | ) **TRUSTEE AND MEMORANDUM** |
| | ) **OF POINTS AND AUTHORITIES** |
| | ) **IN SUPPORT** |
| | ) |
| | ) Date:   June 1, 2015 |
| | ) Time:   10:00 a.m. |
| | ) Place:  Dept.: 5, Room 318 |
| | ) Judge: Hon. Christopher B. Latham |
| | ) |

ROBERT D. JUDSON, JRS.' MOTION TO DISQUALIFY ALLEN MATKINS LECK GAMBLE MALLORY & NATSIS LLP AS COUNSEL
FOR CHAPTER 7 TRUSTEE AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

**TABLE OF CONTENTS**

I.      SUMMARY OF MOTION TO DISQUALIFY ALLEN MATKINS ...................................1

II.     BACKGROUND ........................................................................................................1

III.    ALLEN MATKINS EMPLOYMENT VIOLATES 11 U.S.C. §§ 327(A) AND (E) BECAUSE IT IS NOT DISINTERESTED AND FAILED TO DISCLOSE ACTUAL CONFLICTS..................................................................................................4

IV.     ALLEN MATKINS' BREACHED ITS DUTY OF CONFIDENTIALITY AND LOYALTY TO ITS FORMER CLIENTS .....................................................................6

        1.      ALLEN MATKINS' BREACH OF ITS DUTY OF CONFIDENTIALITY COMPELS DISQUALIFICATION...................................................................6

        2.      ALLEN MATKINS' BREACH OF ITS DUTY OF LOYALTY COMPELS DISQUALFIICATION..................................................................9

V.      JUDSON IS ENTITLED TO RECOVER ATTORNEYS' FEES INCURRED IN CONNECTION WITH THIS MOTION .....................................................................10

VI.     CONCLUSION.........................................................................................................10

**Gordon & Rees LLP**
**101 W. Broadway Suite 2000**
**San Diego, CA 92101**

ROBERT D. JUDSON, JRS.' MOTION TO DISQUALIFY ALLEN MATKINS LECK GAMBLE MALLORY & NATSIS LLP AS COUNSEL FOR CHAPTER 7 TRUSTEE AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

**Gordon & Rees LLP**
**101 W. Broadway Suite 2000**
**San Diego, CA 92101**

# TABLE OF AUTHORITIES

**Cases**

*Caldwell v. Unified Capital Corp. (In re Rainbow Magazine)*,
  77 F.3d 278 (9th Cir. 1996) ................................................................................. 10

*Dubrow v. Rindlisbacher (In re Rindlisbacher)*,
  225 B.R. 180, (9th Cir. B.A.P. 1998) ..................................................................... 7

*In re B.E.S. Concrete Products, Inc.*,
  93 B.R. 2281172 (E.D. Cal. 1988) ......................................................................... 5

*In re Jaeger*
  213 B.R. 578 (Bankr. C.D.Cal. 1997) .............................................................. 6, 8, 9

*In re Muscle Improvement, Inc.*,
  437 B.R. 389 (Bankr. C.D.Cal. 2010) ..................................................................... 7

*In re Roberts*,
  75 B.R. 402 (D. Utah 1981) ................................................................................... 5

*In re SVI Media, Inc.*,
  50 Bankr. Ct. Dec. 240 (Bankr. C.D. Ill. Oct. 31, 2008) ......................................... 4

*In re Volpert*,
  110 F.3d 494 (7th Cir. Ill. 1997) .......................................................................... 10

**Statutes**

11 United States Code
  Section 101 ........................................................................................................... 5

11 United States Code
  Section 105 ...................................................................................................... 1, 10

11 United States Code
  Section 327 ...................................................................................................... 4, 5

28 United States Code
  Section 1927 ....................................................................................................... 10

Bankruptcy Code
  Section 327 ............................................................................................... 1, 5, 6, 10

**Rules**

California Rules of Professional Conduct
  Rule 3-310 ......................................................................................................... 6, 7

Civil Rules
  Rule 83.4 ............................................................................................................... 6

Federal Rules of Bankruptcy Procedure
  Rule 2004 ......................................................................................................... 1, 10

- ii -

Federal Rules of Bankruptcy Procedure
   Rule 2014 ........................................................................................................................... 5

Local Bankruptcy Rules
   Rule 1001-5 ........................................................................................................................ 6

**Gordon & Rees LLP**
**101 W. Broadway Suite 2000**
**San Diego, CA 92101**

- iii -

Robert D. Judson, Jr. ("Judson") by and through his attorneys, Gordon & Rees, LLP, respectfully submits this Motion to Disqualify Allen Matkins Leck Gamble Mallory & Natsis LLP ("Allen Matkins") as counsel for Chapter 7 Trustee and Memorandum of Points and Authorities in Support and states as follows:

### I.   SUMMARY OF MOTION TO DISQUALIFY ALLEN MATKINS

Allen Matkins should be disqualified from representing the Chapter 7 Trustee James L. Kennedy (the "Trustee") in connection with the ongoing Rule 2004 examination and potential avoidance actions against Judson, Janice Judson, KC Funding, Python Injection and related entities.

First, Allen Matkins' employment violates Bankruptcy Code Sections 327(a) and (e). The Trustee's duty in this chapter 7 case is to investigate potential assets.  As such, Allen Matkins' employment should have been requested under section 327(a); however, Allen Matkins cannot qualify under section 327(a) because it is not disinterested.  Alternatively, Allen Matkins' employment under section 327(e) should be revoked because it failed to disclose actual conflicts from its prior representation of the avoidance targets it seeks to investigate and pursue.

Second, Allen Matkins should be disqualified for breaching its duty of confidentiality and loyalty to its former clients.  Allen Matkins previously represented the Judsons individually, KC Funding and Python Injection regarding the exact transactions it now seeks to investigate and potentially attempt to avoid.  This is a blatant breach of Allen Matkins' duties of confidentiality and loyalty to its former clients which compels disqualification.

Finally, Judson should be awarded reasonable attorneys' fees and costs incurred in filing this Motion pursuant to 11 U.S.C. § 105(a).

### II.   BACKGROUND

Allen Matkins began representing Burlingame Capital Partners II, L.P. ("Debtor") in or about June 28, 2000 in connection with Debtor's private offering.  (*See* Declaration of Robert D. Judson, Jr. ("Judson Declaration" attached as <u>Exhibit A</u>).[1]  In addition to representing the Debtor,

_____

[1] Attached to the Declaration are engagement agreements and other documents provided by Allen Matkins during its representation of Debtor and its related entities.  The Declaration and

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

**Gordon & Rees LLP**
**101 W. Broadway Suite 2000**
**San Diego, CA 92101**

over the years, Allen Matkins also came to represent related entities including Debtor's general partner Burlingame Capital LLC ("Burl Cap"), the principals of Burl Cap Janice and Robert Judson, borrowers of the Debtor including Alturdyne Inc. ("Alturdyne"), Electrochem Solutions, LLC ("Electrochem Solutions"), Python Injection, Inc. ("Python Injection") and SBMC Solutions, LLC, and an entity formed to acquire the assets of an entity related to a failed borrower, KC Funding LLC ("KC Funding"). (*Id.*) Judson does not recall Allen Matkins ever advising of potential conflicts from its numerous representations or obtaining a written conflict waiver from any of the related entities. (*Id.*)

In 2002, Allen Matkins began representing Debtor and the Judsons individually in connection with claims against *inter alia* Qmect, Inc. ("Qmect") and Kids Connection, Inc. ("Kids Connection"), entities owned by Fred & Linda Koelling (the "Koellings"). (*Id.*) The claims against Qmect and Kids Connection arose from a failed loan to Qmect and Kids Connection's tortious interference with the loan documents. (*Id.*) In October 2007, Allen Matkin's representation resulted in a judgment in excess of 4 million dollars against Kids Connection for fraud and malice. (*Id.*)

When Debtor attempted to collect the judgment, Kids Connection filed for bankruptcy protection. (*Id.*) In February 2009, the Debtor, represented by Allen Matkins, caused KC Funding to be formed to purchase the assets of Kids Connection from the bankruptcy estate. (*Id.*) Following its formation, Allen Matkins also represented KC Funding. (*Id.*) Initially, it was suggested that KC Funding be a wholly owned subsidiary of Debtor. (*Id.*) However, when all of Debtor's limited partners were not willing to contribute funds to fund the acquisition, Allen Matkins suggested that KC Funding be a separate entity owned from Debtor owned by only the contributing limited partners. (*Id.*) This is how KC Funding was ultimately funded; as a wholly separate entity from Debtor. (*Id.*) Not only was Allen Matkins intimately involved in this transaction, it suggested the structure ultimately used to acquire Kids Connection's assets. (*Id.*)

---

attachments shall not constitute a general waiver of the attorney-client, work product or any other privilege that Judson or any of the related entities could claim. Judson is required to provide the Declaration and documents to defend himself against Allen Matkins' improper actions in connection with Debtor's bankruptcy case but preserves all claims of privilege.

- 2 -

**Gordon & Rees LLP**
**101 W. Broadway Suite 2000**
**San Diego, CA 92101**

Debtor and the Judson's followed this advice. (*Id.*) Through this representation, Debtor acquired a fraction of the membership interest in KC Funding in exchange for subordination of its claims against Kids Connection and its guarantee of the bank loan obtained by KC Funding to fund a portion of the purchase price. (*Id.*) Other limited partners in Debtor contributed the remaining cash necessary to fund the purchase. (*Id.*)

During the Kids Connection bankruptcy, Allen Matkins expressed its desire to cease representing the Debtor and its related entities. (*Id.*) The acquisition of the Kids Connection assets by KC Funding closed in 2009. (*Id.*) Almost simultaneously with the close of the sale, Allen Matkins discontinued its representation. (*Id.*) Then, in November 2010, Allen Matkins sued Debtor, the Judsons individually and Burl Cap in California State court seeking to recover approximately 1.9 million dollars in outstanding legal fees – a portion of which includes work performed for Electrochem Solutions. (*Id.*) This was in addition to over six million dollars Debtor already paid Allen Matkins. (*Id.*) Debtor asserted cross claims for negligence, breach of contract and fraud. (*Id.*) This case was styled *Allen Matkins Leck Gamble v. Burlingame Capital Partners*, San Francisco Superior Court, case number 10-505145 (the "Allen Matkins Lawsuit"). (*Id.*)

The Allen Matkins Lawsuit was highly contentious and can reasonably be described as scorched earth litigation. (*Id.*) Initially, Allen Matkins asserted a claim for fraud against the Judsons individually. (*Id.*) Subsequently, during the course of discovery, Allen Matkins accused the Judsons of receiving fraudulent transfers from the Debtor; the exact fraudulent transfers it now seeks to investigate. (*Id.*) However, Allen Matkins never asserted a fraudulent transfer claim against the Judsons individually, instead, electing to dismiss its fraud claims against the Judsons with prejudice from the Allen Matkins Lawsuit. (*Id.*) The Allen Matkins Lawsuit is one of the reasons Debtor filed for bankruptcy protection. (*Id.*)

Following Debtor's bankruptcy filing, Allen Matkins persuaded the Chapter 7 Trustee to employ it to pursue avoidance actions substantially similar to the fraudulent transfers it threatened but never asserted in the Allen Matkins Lawsuit. (*Ex Parte* Application to Employ Allen Matkins, et al., as Special Counsel for the Trustee, Dkt. # 31.) This employment was

- 3 -

**Gordon & Rees LLP**
**101 W. Broadway Suite 2000**
**San Diego, CA 92101**

approved *ex parte* without notice or an opportunity to object. (*Id.*) Astonishingly, the only potential conflicts Allen Matkins disclosed are the Allen Matkins Lawsuit and an unrelated connection with Wells Fargo Bank. (*See* Declaration of Jeffrey R. Patterson, Esq., Dkt. # 31.) Inexplicably absent from Allen Matkins' disclosure is any mention of Allen Matkins' actual conflicts with respect to the very targets of its investigation, the Judsons individually, KC Funding, Python Injection and Alturdyne. (*Id.*) Based on these omissions, the Court approved Allen Matkins' employment. (Order Approving *Ex Parte* Application, Dkt. #32.)

Allen Matkins also convinced the Chapter 7 Trustee to dismiss Debtor's counter claims against it in the Allen Matkins Lawsuit. (*Id.*) But, Allen Matkins did not dismiss its claims against the Debtor. (*Id.*) Instead, Allen Matkins stayed the Allen Matkins Lawsuit to preserve the potential of continuing to prosecute claims against Debtor. (*Id.*)

Now, Allen Matkins requested a 2004 examination of Judson based on confidential information it obtained while representing clients other than the Debtor. (Application for Second Order Requiring Production of Documents and Appearance for Examination by Burlingame Capital Partners II, L.P., Dkt. # 48.) Allen Matkins sought the 2004 examination to investigate the exact transactions it was involved with including transactions where it represented entities in addition to the Debtor. (*Id.*) Allen Matkins employment violates the Bankruptcy Code and California's ethical rules and compels disqualification.

**III.    ALLEN MATKINS EMPLOYMENT VIOLATES 11 U.S.C. §§ 327(A) AND (E) BECAUSE IT IS NOT DISINTERESTED AND FAILED TO DISCLOSE ACTUAL CONFLICTS**

Allen Matkins was employed pursuant to 11 U.S.C. 327(e); however, such employment was improper. Instead, the more rigorous standard under section 327(a) applies to Allen Matkins' employment. *See In re SVI Media, Inc.*, 50 Bankr. Ct. Dec. 240 (Bankr. C.D. Ill. Oct. 31, 2008). In *SVI Media* the Court rejected a chapter 7 trustee's request to retain counsel under section 327(e) to identify, evaluate and pursue avoidable transfers where counsel previously represented the debtor. *Id.* The Court concluded "Chapter 7 Trustees have the duty to perform such a task in every Chapter 7 case and often do so without the assistance of outside counsel."

- 4 -

*Id.* "It follows that since the proposed retention is for the purpose of representing the Trustee in carrying out one of the Trustee's primary duties in conducting the cases, Section 327(a) governs the application, not Section 327(e)." *Id.* "Section 327(a) imposes a requirement of disinterestedness upon the professional to be hired thereunder.  A disinterested person must be a person who 'is not a creditor.'  11 U.S.C. § 101(14).  One who holds a claim is a creditor.  11 U.S.C. § 101(10)(A).  Creditor status disqualifies a person from retention under Section 327(a)." *Id.*

Allen Matkins certainly is not disinterested under section 327(a).  Allen Matkins sued the Debtor in the Allen Matkins Lawsuit.  Although Allen Matkins persuaded the Trustee to dismiss the claims against it, Allen Matkins' claims against the Debtor remain pending.  Moreover, Allen Matkins claims in excess of $1.9 million from the Debtor for attorneys' fees.  Since Allen Matkins is a creditor and has a pending claim against Debtor it clearly is not disinterested.  As such, Allen Matkins' employment should have been rejected under section 327(a).

Alternatively, even if section 327(e) applies, Allen Matkins' employment should be revoked because of numerous, undisclosed material conflicts of interest.  Federal Rule of Bankruptcy Procedure, Rule 2014 "requires disclosure under penalty of perjury of facts relevant to the court's determination of eligibility under 11 U.S.C. § 327[.]" *In re B.E.S. Concrete Products, Inc.*, 93 B.R. 228, 235 1172 (E.D. Cal. 1988).  This disclosure includes actual as well as potential conflicts. *Id.*  The attorney seeking employment has the burden of making "full, candid and complete disclosures." *Id.* (*citing In re Roberts*, 75 B.R. 402, 411-12 (D. Utah 1981)).  "Regardless of whether there is an actual conflict, the existence of an arguable conflict must be fully disclosed in plain and public view, if only to be explained away." *Id.*  The Court has discretion to revoke appointment of special counsel where counsel fails to make full and candid disclosures required by Rule 2014 and Section 327(e). *Id.*

Allen Matkins' appointment as special counsel should be revoked.  Allen Matkins was employed to "analyze, investigate, and if appropriate, pursue avoidance actions and other possible litigation against insiders and/or affiliates of the Debtor[.]" (Application, Dkt. #31).  The avoidance actions Allen Matkins is employed to investigate clearly include its former

- 5 -

**Gordon & Rees LLP**
**101 W. Broadway Suite 2000**
**San Diego, CA 92101**

clients, the Judsons individually, KC Funding, Python Injection and Alturdyne.  Despite this, Allen Matkins entirely failed to disclose its prior representation of the targets of its avoidance investigation.  Instead, it disclosed only the Allen Matkins Lawsuit and the potential connection with Wells Fargo Bank.  This disclosure is wholly lacking given the actual and unwaivable conflicts with the targets of the avoidance actions based on Allen Matkins' prior representation of the targets regarding the transactions now at issue.  Allen Matkins' failure to disclose actual conflicts compels revocation of its employment under section 327(e).

## IV.    ALLEN MATKINS' BREACHED ITS DUTY OF CONFIDENTIALITY AND LOYALTY TO ITS FORMER CLIENTS

In *In re Jaeger*, the Bankruptcy Court for the Central District of California explained:

> An attorney owes two different duties to a former client.  First, the attorney has a duty of confidentiality, which prohibits the attorney from using against the former client any information or knowledge acquired by virtue of the representation of that client.  Second, the attorney has a duty of loyalty to the former client which prohibits the attorney from undertaking a representation adverse to a former client in a matter substantially related to the prior representation of that client.

213 B.R. 578, 587 (Bankr. C.D.Cal. 1997).

Allen Matkins is, and must be, disqualified since its employment violates its duty of confidentiality and loyalty to its former clients the Judsons individually, KC Funding, Alturdyne, Electrochem Solutions and Python Injection.

### 1.    ALLEN MATKINS' BREACH OF ITS DUTY OF CONFIDENTIALITY COMPELS DISQUALIFICATION

Rule 1001-5 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of California ("LBR") identify certain rules from the District Court that apply in bankruptcy proceedings.  LBR 1001-5.  One such rule is Civil Rule 83.4 which requires compliance "with the standards of professional conduct required of members of the State Bar of California[.]"  Civil Rule 83.4.  California Rule of Professional Conduct 3-310(e) provides "[a] member shall not, without the informed written consent of the client or former client, accept employment adverse to the client or former client where, by reason of the representation of the client or former client, the member has obtained confidential information material to the

- 6 -

**Gordon & Rees LLP**
**101 W. Broadway Suite 2000**
**San Diego, CA 92101**

employment." Cal. R. P. Conduct 3-310(e).

The substantial relationship test governs disqualification motions under Rule 3-310(e).

> Under the substantial relationship test, the subject matter of an attorney's current representation is considered substantially related to the subject matter of the attorney's prior representation if any information that was material to the evaluation, prosecution, settlement, or accomplishment of the prior representation is also material to the evaluation, prosecution, settlement, or accomplishment of the current representation.

*In re Muscle Improvement, Inc.*, 437 B.R. 389, 394 (Bankr. C.D.Cal. 2010).  "Where a substantial relationship between the subject of the prior and the current representation is shown, access to confidential information by the attorney in the course of the first representation . . . is presumed and disqualification of the attorney's representation of the second client is mandatory." *Id.*  Two elements must be proven to prevail under the substantial relationship test: "(1) the subject matter of the attorney's current representation is substantially related to the subject matter of the attorney's earlier representation of the former client" and "(2) the attorney's earlier representation of the former client was one in which confidential information would ordinarily be disclosed." *Id.*  "[A] court must presume that an attorney acquired confidential information if the attorney gave legal advice to the client." *Id.*

"An attorney who brings an action against a former client based on facts the attorney learned in confidence, and with regard to which no exception or waiver applies, breaches [the duty of confidentiality] by filing the action." *Dubrow v. Rindlisbacher (In re Rindlisbacher)*, 225 B.R. 180, (9th Cir. B.A.P. 1998).  "The attorney further breaches [the duty of confidentiality] by seeking discovery from the former client that would require the former client to waive the privilege." *Id.*

Here, it is undeniable Allen Matkins breached its duty of confidentiality to the Judsons, KC Funding, Python Injection and Alturdyne.  The transfers Allen Matkins is investigating are the very transfers it was involved with as counsel for Debtor and related entities.  For example, Allen Matkins was intimately involved in structuring the acquisition of the Kids Connection assets by KC Funding.  Allen Matkins advised that KC Funding not be wholly owned by Debtor after its initial formation as a subsidiary of Debtor.  Based on this, the transaction was modified

- 7 -

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

so that KC Funding was separately owned by the participating general partners and Debtor with Debtor owning only a fraction. Yet, Allen Matkins now seeks documents and testimony to investigate the subsequent transfer from KC Funding to the Judsons individually and Turtle Grove Properties, LLC. This is substantially related to Allen Matkins' prior representation of KC Funding whereby KC Funding acquired the assets at issue.

Further, Allen Matkins admits it possesses confidential information from its former client KC Funding. (Reply to Robert D. Judson, Jr.'s Opposition to Application for Second Order Requiring Production of Documents, Dkt. # 52) ("In 2009, when Allen Matkins ceased its representation of Debtor, Allen Matkins was informed that the school asset was to be acquired by a wholly-owned subsidiary of Debtor.") Thus, it is not just presumed, it is established that Allen Matkins received confidential information in connection with its representation of KC Funding and is now attempting to use this information against its former client which compels disqualification.

Allen Matkins also requests documents regarding its former clients Python Injection and Alturdyne. (*Compare* Exhibit A to Application for Second Order Requiring Production of Documents, Dkt. # 48 with Ex. A, Judson Declaration.) Allen Matkins requests specific documents regarding transfers it was involved with from its prior representation of Python Injection and Alturdyne. Allen Matkins claims it needs these documents based on confidential information it obtained from its former clients. But for its prior representation of Python Injection and Alturdyne, Allen Matkins would not have confidential knowledge of the transfers it now seeks to investigate for potential avoidance.

Allen Matkins also cannot claim the privilege was somehow waived. The Judsons, KC Funding, Python Injection and Alturdyne never consented to providing confidential, attorney client privileged information to the Trustee. The Trustee cannot consent to disclose confidential information belonging to entities other than the Debtor

Judson anticipates Allen Matkins will attempt to argue the privilege was waived. This is wrong. First, the Trustee does not have authority to waive the privilege of entities other than the Debtor. Second, unlike in *In re Jaeger*, this case does not involve a single joint representation of

- 8 -

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

all parties involved.  Instead, this case involves a nine year relationship and numerous individual engagements.  Importantly, some of these engagements did not include representation of the Debtor.  (Judson Declaration.)  For example, Allen Matkins was engaged in at least one matter where it represented only Python Injection.  (*Id.*)  In this engagement, Python Injection was entitled to confidentiality including from the Debtor.  Moreover, Allen Matkins represented KC Funding and the Judsons individually in connection with the Kids Connection acquisition.  The Trustee cannot waive conflicts or disclose confidential information possessed by former Allen Matkins' clients other than the Debtor.  Since the Trustee cannot waive confidentiality belonging to the Judsons, KC Funding, Python Injection or Alturdyne, Allen Matkins should be disqualified for breaching its duty of confidentiality to these former clients.

### 2.    ALLEN MATKINS' BREACH OF ITS DUTY OF LOYALTY COMPELS DISQUALFIICATION

An attorney owes a duty of loyalty to a former client.  *In re Jaeger*, 213 B.R. at 588.  "The duty of loyalty to a former client is more limited than the duty of loyalty to a present client."  *Id.*  "It prohibits an attorney from engaging in any act that will injure the former client in matters involving the former representation."  *Id.*  "A waiver of the attorney-client privilege does not affect the duty of loyalty for conflict of interest purposes."  *Id.*  Instead, the duty of loyalty "prohibits an attorney, absent written consent, from representing a party adverse to a former client in a matter substantially related to the prior representation."  *Id.*

Allen Matkins breached its duty of loyalty to the Judsons individually, KC Funding, Python Injection and Alturdyne.  This breach compels disqualification.  Allen Matkins seeks to "analyze, investigate, and if appropriate, pursue avoidance actions and other possible litigation against insiders and/or affiliates of the Debtor[.]" (Application, Dkt. #31).  Allen Matkins is attempting to investigate its former clients regarding the exact transactions it previously provided legal advice regarding.  This includes the Kids Connection asset acquisition.  The structure by which the Kids Connection assets were acquired is substantially related to Allen Matkins' investigation of the subsequent transfer from KC Funding to the Judsons.  The Judsons and KC Funding never considered that Allen Matkins would subsequently investigate and possibly even

- 9 -

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

seek to avoid the transfer it counseled them regarding.  Allen Matkins' breach of its duty of loyalty to its former clients compels disqualification in this matter.

## V.     JUDSON IS ENTITLED TO RECOVER ATTORNEYS' FEES INCURRED IN CONNECTION WITH THIS MOTION

This Court should also award Judson reasonable attorneys' fees and costs in connection with this Motion pursuant to 11 U.S.C. § 105.  *Caldwell v. Unified Capital Corp. (In re Rainbow Magazine)*, 77 F.3d 278, 283-84 (9th Cir. 1996) (recognizing that Bankruptcy Courts have inherent power to sanction vexatious conduct pursuant to 11 U.S.C. § 105(a) which includes awarding attorneys' fees); *see also In re Volpert*, 110 F.3d 494, 500 (7th Cir. Ill. 1997) (recognizing Bankruptcy Courts have authority to award attorneys' fees pursuant to 11 U.S.C. § 105(a) and 28 U.S.C. 1927).

Judson should be awarded attorneys' fees in connection with this Motion.  Allen Matkins sought to undertake representation of the Trustee in violation of its ethical duties to its former clients and disregarded the requirements of section 327 of the Bankruptcy Code.  Its actions were knowing and willful in an attempt to continue its blood feud against its former clients.  This is vexatious.  Had Allen Matkins complied with its ethical obligations and the Bankruptcy Code, this Motion would not have been necessary since Allen Matkins would never have attempted to obtain employment by the Trustee.  Having disregarded its obligations, Judson was forced to seek disqualification.  Judson should not be penalized by incurring unnecessary fees enforcing Allen Matkins' ethical duties.  The only way to mitigate Allen Matkins' ethical violations is to award Judson attorneys' fees in connection with this Motion.

## VI.     CONCLUSION

Judson respectfully requests that this Court enter an order (i) disqualifying Allen Matkins from representing the Chapter 7 Trustee in connection with the examinations under Bankruptcy Rule 2004 and any claims against Robert and Janice Judson individually and any entity owned or controlled by them including, but not limited to, KC Funding LLC, Burlingame Capital, LLC, Alturdyne Inc., Electrochem Solutions, LLC, Python Injection and SBMC Solutions, LLC; (ii) award Judson reasonable attorneys' fees in connection with this Motion and (iii) grant such other

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

- 10 -

relief as the Court deems appropriate.

Dated:  April 21, 2015

GORDON & REES LLP


By: /s/*Jeffrey D. Cawdrey*
      Jeffrey Cawdrey
      Attorneys for Robert D. Judson, Jr.

**Gordon & Rees LLP**
**101 W. Broadway Suite 2000**
**San Diego, CA 92101**

1102653/23236367v.1

- 11 -