JEFFREY CAWDREY (SBN: 120488)
jcawdrey@gordonrees.com
ROSS A. HOOGERHYDE (CO Bar # 42588)
rhoogerhyde@gordonrees.com
GORDON & REES LLP
101 W. Broadway
Suite 2000
San Diego, CA 92101
Telephone: (619) 696-6700
Facsimile: (619) 696-7124

Attorneys for:
ROBERT D. JUDSON JR.

# UNITED STATES BANKRUPTCY COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>BURLINGAME CAPITAL PARTNERS II, L.P., a Delaware Limited Partnership, | CASE NO.  14-02607-CL7<br><br>CHAPTER 7<br><br>**DECLARATION OF ROBERT D. JUDSON, JR. IN SUPPORT OF ROBERT D. JUDSON, JRS.' MOTION TO DISQUALIFY ALLEN MATKINS LECK GAMBLE MALLORY & NATSIS LLP AS COUSNEL FOR CHAPTER 7 TRUSTEE AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Date:  None Set<br>Time:  None Set<br>Dept::  5<br>Judge: Hon. Christopher B. Latham |

I, Robert D. Judson, hereby declare:

1.      I was a principal of Debtor's general partner, a limited liability company known as Burlingame Capital, LLC, prior to Debtor's filing of a petition for relief under Chapter 7 of the U.S. Bankruptcy Code.  I know the matter stated herein of my own knowledge and if sworn as a witness before this Court I could and would competently testify thereto.

-1-

DECLARATION OF ROBERT D. JUDSON JR. IN SUPPORT OF ROBERT D. JUDSON, JRS.'S MOTION TO DISQUALIFY ALLEN MATKINS LECK GAMBLE MALLORY & NATSIS LLP AS COUNSEL FOR CHAPTER 7 TRUSTEE AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

1102653/23070388v.1

Gordon & Rees LLP
101 W. Broadway
Suite 2000
San Diego, CA 92101

2.      Allen Matkins Leck Gamble Mallory & Natsis LLP ("Allen Matkins") was Debtor's long term legal counsel from approximately 2000 to approximately 2009. Allen Matkins first engagement was in connection with Debtor's private offering. (*See* January 28, 2000, proposed but unsigned Attorney-Client Fee Agreement attached as <u>Exhibit 1</u>.)

3.      Attached to this Declaration are engagement agreements and other documents provided by Allen Matkins through its representation of Debtor and entities related to Debtor. My disclosure of these documents shall not be deemed a general waiver of the attorney-client, work product or any other privilege. I attached selected documents solely to defend myself against Allen Matkins' actions in connection with Debtor's bankruptcy case. By disclosing these documents and providing this Declaration I do not intend to waive any privilege that I or any related entity are entitled to claim.

4.      Debtor also engaged Allen Matkins to prepare loan documents for loans the Debtor made to borrowers after June 29, 2004. (*See* June 29, 2004, Further Engagement attached as <u>Exhibit 2</u>.) To the extent Allen Matkins seeks to avoid transfers in connection with loans made after June 29, 2004, this is a direct, actual conflict as it documented these loans. Moreover, this engagement agreement underscores Allen Matkins' broad representation of the Debtor and its related entities in connection with numerous matters.

5.      In connection with Allen Matkins' representation of Debtor in foreclosure proceedings against Python Injection, it received voluminous documents regarding the original transaction and foreclosure proceedings. Vincent M. Coscino of Allen Matkins was one of the attorneys who represented the Debtor in these foreclosure proceedings. In fact, Mr. Coscino personally attended the Python Injection foreclosure sale to insure the sale was not interrupted by Python Injection's principals.

6.      Allen Matkins was also retained by Python Injection in connection with an individual bankruptcy matter. (*See* November 16, 2005, Engagement for Professional Services attached as <u>Exhibit 3</u>.) Additionally, over the years, Allen Matkins undertook the representation of entities related to the Debtor including Alturdyne Inc., Electrochem Solutions, LLC ("Electrochem Solutions") and SBMC Solutions, LLC.

-2-

DECLARATION OF ROBERT D. JUDSON JR. IN SUPPORT OF ROBERT D. JUDSON, JRS.'S MOTION TO DISQUALIFY ALLEN MATKINS LECK GAMBLE MALLORY & NATSIS LLP AS COUNSEL FOR CHAPTER 7 TRUSTEE AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

Gordon & Rees LLP
101 W. Broadway
Suite 2000
San Diego, CA 92101

1102653/23070388v.1

7.      In approximately 2002 Allen Matkins commenced representation of Debtor, the Judsons individually and others in defense of claims asserted by Qmect, Inc. ("Qmect") as the result of a failed loan transaction. The Debtor asserted cross claims against Qmect as well as Kids Connection, Inc. ("Kids Connection") alleging Kids Connection tortuously interfered with the Qmect loan documents.

8.      In October 2007, the Debtor received a judgment in excess of 4 million dollars against Kids Connection for tortious interference with Debtor's loan documents that included a finding of fraud and malice which entitled Debtor to recover punitive damages. When Debtor began attempting to collect this judgment, Kids Connection filed for bankruptcy protection. In February 2009, the Debtor caused KC Funding LLC ("KC Funding") to be formed to purchase the assets of Kids Connection from the bankruptcy estate. Allen Matkins represented KC Funding following its formation.

9.      Initially, the Kids Connection asset purchase was going to be accomplished through KC Funding as a wholly owned subsidiary of Debtor. However, not all of Debtor's limited partners were willing to participate in the Kids Connection asset sale. Because of this, Allen Matkins advised that KC Funding should not be a wholly owned subsidiary of Debtor. Instead, the membership interests in KC Funding were issued to only the participating limited partners and Debtor based on their respective contribution towards the purchase price of the Kids Connection assets. Not only was Allen Matkins intimately involved in this transaction, it suggested the exact structure used to acquire Kids Connection's assets.

10.      The purchase price of the Kids Connection's assets by KC Funding was for fair value and was approved by the bankruptcy court judge. Importantly, Debtor never owned the assets of Kids Connection. Instead, the assets were purchased by KC Funding. Debtor was only one who, along with 12-14 of Debtor's limited partners, contributed funds and obtained membership interests in KC Funding. The limited partners contributed funds to KC Funding while the Debtor subordinated its claims against Kids Connection and guaranteed the bank loan KC Funding obtained to fund the remainder of the purchase price necessary to acquire the Kids Connection assets.

-3-

DECLARATION OF ROBERT D. JUDSON JR. IN SUPPORT OF ROBERT D. JUDSON, JRS.'S MOTION TO DISQUALIFY ALLEN MATKINS LECK GAMBLE MALLORY & NATSIS LLP AS COUNSEL FOR CHAPTER 7 TRUSTEE AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

1102653/23070388v.1

11. In connection with the acquisition of the Kids Connection assets, Allen Matkins wrote a July 8, 2009, Bankruptcy Opinion re Kids Connection, Inc. wherein it stated "[t]his firm is special bankruptcy counsel to Burlingame Capital Partners II, L.P. ("BCP") and KC Funding, LLC ("KC Funding") in connection with the chapter 11 case (the "Case") of Kids Connection, Inc. ("Kids Connection," "DIP" or "Debtor"), Case No. 08-30026, pending in the Untied States Bankruptcy Court for the Northern District of California (the "Court"). (Opinion Letter attached as Exhibit 4). The Opinion Letter was provided to facilitate the purchase of Kids Connection's assets by KC Funding. The bankruptcy sale closed in 2009.

12. Through the representation of the Debtor, the Judsons individually and KC Funding, Allen Matkins was engaged with respect to the exact transactions at the center of its avoidance investigation.

13. I do not recall Allen Matkins ever advising me of the potential conflicts that could arise from its representation of related entities or ever executing any conflict waiver to Allen Matkins.

14. During the Kids Connection bankruptcy sale, Allen Matkins expressed its desire to cease representing the Debtor. Almost simultaneously with the close of the bankruptcy sale, Allen Matkins discontinued its representation of Debtor. Then, in November 2010, Allen Matkins sued Debtor, Judsons individually, and Burlingame Capital LLC, Debtor's general partner, in California state court claiming Debtor owed approximately 1.9 million dollars in outstanding legal fees. A portion of these legal fees were incurred representing Electrochem Solutions. This was in addition to more than six million dollars Debtor already paid Allen Matkins. Debtor asserted cross claims for negligence, breach of contract and fraud. This case was styled *Allen Matkins Leck Gamble v. Burlingame Capital Partners*, San Francisco Superior Court, case number 10-505145 (the "Allen Matkins Lawsuit").

15. The Allen Matkins Lawsuit was highly contentious and can reasonably be described as scorched earth litigation. Initially, Allen Matkins asserted a claim for fraud against me and my wife individually in the Allen Matkins Lawsuit. Subsequently, during discovery, Allen Matkins accused me and my wife of receiving fraudulent transfers. However, Allen

Gordon & Rees LLP
101 W. Broadway
Suite 2000
San Diego, CA 92101

-4-

DECLARATION OF ROBERT D. JUDSON JR. IN SUPPORT OF ROBERT D. JUDSON, JRS.'S MOTION TO DISQUALIFY ALLEN MATKINS LECK GAMBLE MALLORY & NATSIS LLP AS COUNSEL FOR CHAPTER 7 TRUSTEE AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

1102653/23070388v.1

Matkins never formally asserted a claim against us for receipt of fraudulent transfers. Instead, Allen Matkins dismissed its fraud claims with prejudice. Now, Allen Matkins attempts to assert the exact same fraudulent transfer claims it threatened but never asserted in the Allen Matkins lawsuit.

16. The Allen Matkins Lawsuit was stayed but not dismissed by Debtor's bankruptcy filing. Thus, the Allen Matkins Lawsuit remains pending against Debtor while Debtor's bankruptcy proceedings are ongoing.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on this 20th day of April, 2015 at Village of Golf, Florida.

_____
Robert D. Judson, Jr.

Gordon & Rees LLP
101 W. Broadway
Suite 2000
San Diego, CA 92101

1102653/23070388v.1

-5-

DECLARATION OF ROBERT D. JUDSON JR. IN SUPPORT OF ROBERT D. JUDSON, JRS.'S MOTION TO DISQUALIFY ALLEN MATKINS LECK GAMBLE MALLORY & NATSIS LLP AS COUNSEL FOR CHAPTER 7 TRUSTEE AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

1102653/23070388v.1