# EXHIBIT 1

**Allen Matkins Leck Gamble & Mallory** LLP

*attorneys at law*

# Allen Matkins

333 Bush Street 17th Floor   San Francisco California   94104-2806
telephone. 415 837 1515   facsimile. 415 837 1516   www.allenmatkins.com

writer. Guy Rounseville, Jr.   t. 415 273 7483
file number. A0045-136/SF519297.01   e. grounseville@allenmatkins.com

June 28, 2000

Robert and Jan Judson
230 Amhearst
San Mateo, CA  94402

Re:     Attorney-Client Fee Agreement

Dear Bob and Jan:

Thank you for retaining us to represent you in connection with the private offering of Burlingame Capital Partners II, L.P.  Our firm's policy, as well as provisions of the California Business & Professions Code in certain circumstances, require that we have a written agreement with our clients setting forth the arrangements upon which we perform legal services.  Bob and Jan, given the formalities required by the Business & Professions Code, I apologize in advance for the formal tone of this letter which will confirm the terms under which you have retained us for this matter and any additional matters we handle on your behalf or at your direction.

1.      Attorneys' Fees and Costs.

We will bill you for our services monthly.  Our fees will be based on our hourly time charges.  The time charges will be for all time actually expended.  The hourly rates assigned to attorneys and paralegals vary according to the expertise and level of experience of the person involved.  These rates currently range from $70 to $475 per hour.  We generally review our hourly rates annually and, if appropriate, adjust them effective July 1, to reflect increases in seniority, experience and other relevant factors.

In addition to charges for legal services, our clients are also responsible for reimbursing us for costs and expenses incurred, such as filing fees, charges for transcripts, depositions, long distance telephone, computerized legal research, messenger fees, copying costs, word processing expenses and the like.  These items are charged at our standard rates in effect at the time the expense is incurred.  In certain cases, we will ask you to pay these expenses directly.

Our firm has always operated on the basis that we will deliver the best possible legal services in a timely fashion and at a reasonable price; in return, we request that upon receipt of our statements, you review the statements at that time to determine if you have any questions or comments regarding them.  If so, please call me.  Furthermore, we reserve and you agree that we have the right to withdraw as your counsel if you fail to pay our statements and other bills in a timely manner.

San Francisco   Los Angeles   Orange County   San Diego   West Los Angeles

## Allen Matkins Leck Gamble & Mallory LLP

*attorneys at law*

Robert and Jan Judson
June 28, 2000
Page 2

The California Business & Professions Code requires us to inform you whether we maintain errors and omissions insurance coverage applicable to the services to be rendered to you. We hereby confirm that the firm does maintain such insurance coverage.

2.      Conflicts of Interest.

We cannot, without appropriate consents, represent any party if there is a conflict of interest with any of our other clients. In order to avoid conflicts of interest among our clients, we maintain an index of relevant names. In connection with this matter, we have searched our index for the following names: Robert D. Judson; Janice H. Judson; Allan Jamison; Burlingame Capital Partners II, L.P.; Burlingame Capital Management II, LLC; and Sierra Financial Group. Please advise us, at or before the time you return the signed copy of this letter, if you know of any other individuals or entities which may be involved in this matter. In addition, please inform us at once if you learn in the future of other persons or entities who may be involved so we can make a conflict of interest search with respect to them.

3.      Arbitration.

We appreciate the opportunity to serve as your attorneys and look forward to a harmonious relationship unmarred by disputes between us. In the event you become dissatisfied for any reason with the fees charged or the services we have performed, we would sincerely appreciate your bringing this to our attention immediately; we will do the same if we perceive a problem with the representation. It is our belief that such problems can usually be resolved by good faith discussions between us. Nevertheless, it is always possible that some dispute may arise which cannot be resolved by discussion alone. We believe that such disputes can be resolved more expeditiously and with less expense to all concerned by binding arbitration than by court action.

Arbitration is a process by which both parties to a dispute agree to submit the matter to an arbitrator who has expertise in the area and to abide by the arbitrator's decision. In arbitration, there is no right to a trial by jury, and the arbitrator's legal and factual determinations are generally not subject to appeal. Rules of evidence and procedure are generally less formal and rigid than in a court trial. Arbitration usually results in a decision more quickly than proceedings in court, and the attorneys' fees and other costs incurred by both sides are usually less.

By signing this letter, you agree that, in the event of any dispute arising out of or relating to this agreement, our relationship, or the services performed (including but not limited to disputes regarding attorneys' fees or costs and those alleging negligence, breach of fiduciary duty, fraud or any claim based upon a statute), such dispute shall be resolved by submission to binding arbitration in San Francisco County, California, before a retired judge or justice. If we are unable to agree on a retired judge or justice, each party will name one retired judge or justice, and the two named persons will select a neutral judge or justice who will act as the sole arbitrator.

**Allen Matkins Leck Gamble & Mallory** LLP

*attorneys at law*

Robert and Jan Judson
June 28, 2000
Page 3


The parties shall be entitled to take discovery in accordance with the provisions of the California Code of Civil Procedure, but either party may request that the arbitrator limit the amount or scope of such discovery, and in determining whether to do so, the arbitrator shall balance the need for the discovery against the parties' mutual desire to resolve disputes expeditiously and inexpensively.

4.      Confirmation of Agreement.

Please confirm your agreement to the terms of this engagement letter by signing the enclosed copy of the letter and returning it to us.

We will endeavor to represent you promptly and efficiently and we hope for a long and mutually satisfactory relationship. We very much appreciate the opportunity of working with you.

Best regards,

Guy Rounsaville, Jr.

GR:sdr
Enclosure

**APPROVED, ACCEPTED AND AGREED TO**
this ___ day of June, 2000.

**BURLINGAME CAPITAL PARTNERS II, L.P.**


_____

Robert D. Judson, General Partner


_____

Janice H. Judson, General Partner


_____

Allan Jamison, General Partner

# EXHIBIT 2

**Allen Matkins** Leck Gamble & Mallory LLP
*attorneys at law*

# Allen Matkins

Three Embarcadero Center 12th Floor   San Francisco California   94111-4074
telephone. 415 837 1515   facsimile. 415 837 1516   www.allenmatkins.com

writer, Robert R. Moore   t. 415 273 7465
file number, 81306-001/SF815290.03   e. rmoore@allenmatkins.com

June 29, 2004

**VIA FACSIMILE AND**
**FIRST CLASS MAIL**

Mr. Robert D. Judson, Jr.
Burlingame Capital, LLC
3182 Campus Drive, Suite 306
San Mateo, CA 94403

Mr. Mack Clapp
Principal
Burlingame Capital, LLC
3182 Campus Drive, Suite 306
San Mateo, CA 94403

Janice H. Judson
Burlingame Capital, LLC
3182 Campus Drive, Suite 306
San Mateo, CA 94403

Re:   Further Engagement

Dear Bob, Jan and Mack:

Thank you so much for your time when you met with Roger Mertz, Stan Rowland and Roberta Romberg at the end of May. They join me in thanking you for expanding the firm's representation of Burlingame Capital Partners II, L.P. and its affiliates ( the "Company" or "you") specifically to include documentation of your loan transactions and related matters (the "Matter"). Our firm's policy, as well as provisions of the California Business & Professions Code in certain circumstances, require that we have a written agreement with our clients setting forth the arrangements upon which we perform legal services. This letter will confirm the terms under which you have retained us for this Matter. The other matters we are handling for you will continue to be handled under the terms of those engagements.

1.   Attorneys' Fees and Costs.

We will bill the Company for our services on a loan-by-loan basis on your funding or termination of each loan. As discussed, instead of our normal hourly charges, we will bill you on a flat fee basis of $8,800 per loan. The flat fee is intended to cover the following services and customary administrative expenses in connection with each loan:

(i) document each loan, including as appropriate an intent letter, loan agreement, promissory note, security agreement, intercreditor agreement, and the like.

San Francisco   Century City   Los Angeles   Orange County   San Diego

**Allen Matkins Leck Gamble & Mallory LLP**
*attorneys at law*

Mr. Robert D. Judson, Jr.
Janice H. Judson
Mr. Mack Clapp
June 29, 2004
Page 2

(i)  document each loan, including as appropriate an intent letter, loan agreement, promissory note, security agreement, intercreditor agreement, and the like.

(ii) up to three (3) hours of negotiating time with applicable borrower's counsel. You will clarify with borrower that any required negotiating time in excess of three hours of time will be for the account of such borrower, and we will inform borrower's counsel when the initial three hours has been expended.

(iii) conduct UCC and other lien searches as appropriate in connection with the loan. As you know, ordering and paying for the UCC searches expresses no opinion on the perfection or priority of any liens reflected in such searches.

We mutually agree that the flat fee will not cover time and charges incurred in securing real estate that may serve as collateral for any loan, nor extraordinary charges such as investigators, but will include other filing fees and customary administrative charges such as long distance telephone charges, messenger fees, copying costs, word processing expenses and the like. As agreed, expenses associated with Burlingame's due diligence, whether performed by Burlingame itself or by the firm on behalf of Burlingame, will be borne by Burlingame. Time and other charges not included in the flat fee will be charged at our regular rates, with time charged for all time actually expended. The hourly rates assigned to attorneys and paralegals vary according to the expertise and level of experience of the person involved. These rates currently range from $95 to $535 per hour. Effective Julty 1, 2004 Roger's billing rate is $ 450 per hour, Stan's is $420 and Roberta's is $355. We generally review our hourly rates annually and, if appropriate, adjust them effective July 1 to reflect increases in seniority, experience and other relevant factors. We will send you a notice of such changes in hourly rates in advance of their effective date.

We will review this arrangement periodically to assure it remains mutually beneficial. Please do not hesitate to let us know if you want to revisit the arrangement, and we will do the same. To help us evaluate the arrangement, we will continue to maintain time records internally, even though we will be charging a flat fee per loan.

Whenever appropriate and consistent with the proper representation of our clients, we use paralegals, junior attorneys and staff members in order to minimize the impact of the hourly rates

**Allen Matkins Leck Gamble & Mallory LLP**
*attorneys at law*

Mr. Robert D. Judson, Jr.
Janice H. Judson
Mr. Mack Clapp
June 29, 2004
Page 3

of more senior attorneys. We believe the utilization of junior attorneys, paralegals or staff members, in consultation with and under supervision of more experienced attorneys in the firm as appropriate, enables us to maintain economically and efficiently the high quality of our legal representation, while permitting us both to avoid sacrificing the quality of our work for lower fees and to avoid assigning senior attorneys to tasks which can be performed proficiently by junior attorneys, paralegals or staff members.

Our firm has always operated on the basis that we will deliver the best possible legal services in a timely fashion and at a reasonable price; in return, we request that upon receipt of our statements, you review the statements at that time to determine if you have any questions or comments regarding them. If so, please call us. If not, we expect that you will make payment to us promptly. Furthermore, we reserve and you agree that we have the right to withdraw as your counsel if you fail to pay our statements and other bills in a timely manner.

The California Business & Professions Code requires us to inform you whether we maintain errors and omissions insurance coverage applicable to the services to be rendered to you. We hereby confirm that the firm does maintain such insurance coverage.

2.    Conflicts of Interest.

We cannot, without appropriate consents, represent any party if there is a conflict of interest with any of our other clients. In order to avoid conflicts of interest among our clients, we maintain an index of relevant names. In connection with this matter, we have searched our index for the following names: Burlingame Capital, Inc., Burlingame Capital Partners II, L.P., and the three of you. Please advise us, at or before the time you return the signed copy of this letter, if you know of any other individuals or entities which may be involved in this matter. In addition, please inform us at once if you learn in the future of other persons or entities who may be involved so we can make a conflict of interest search with respect to them.

3.    Arbitration.

We appreciate the opportunity to serve as your attorneys and look forward to a harmonious relationship unmarred by disputes between us. In the event you become dissatisfied for any reason with the fees charged or the services we have performed, we would sincerely appreciate your bringing this to our attention immediately; we will do the same if we perceive a problem with the representation. It is our belief that such problems can usually be resolved by good faith discussions between us. Nevertheless, it is always possible that some dispute may

Allen Matkins Leck Gamble & Mallory LLP
attorneys at law

Mr. Robert D. Judson, Jr.
Janice H. Judson
Mr. Mack Clapp
June 29, 2004
Page 4

arise which cannot be resolved by discussion alone. We believe that such disputes can be resolved more expeditiously and with less expense to all concerned by binding arbitration than by court action.

Arbitration is a process by which both parties to a dispute agree to submit the matter to an arbitrator who has expertise in the area and to abide by the arbitrator's decision. In arbitration, there is no right to a trial by jury, and the arbitrator's legal and factual determinations are generally not subject to appeal. Rules of evidence and procedure are generally less formal and rigid than in a court trial. Arbitration usually results in a decision more quickly than proceedings in court, and the attorneys' fees and other costs incurred by both sides are usually less.

By signing this letter, you agree that, in the event of any dispute arising out of or relating to this agreement, our relationship, or the services performed (including but not limited to disputes regarding attorneys' fees or costs and those alleging negligence, breach of fiduciary duty, fraud or any claim based upon a statute), such dispute shall be resolved by submission to binding arbitration in San Francisco County, California, before a retired judge or justice. If we are unable to agree on a retired judge or justice, each party will name one retired judge or justice, and the two named persons will select a neutral judge or justice who will act as the sole arbitrator.

The parties shall be entitled to take discovery in accordance with the provisions of the California Code of Civil Procedure, but either party may request that the arbitrator limit the amount or scope of such discovery, and in determining whether to do so, the arbitrator shall balance the need for the discovery against the parties' mutual desire to resolve disputes expeditiously and inexpensively.

4.    Confirmation of Agreement.

Please confirm your agreement to the terms of this engagement letter by signing the enclosed copy of the letter and returning it to me in the enclosed self-addressed envelope. An additional copy is enclosed for your records.

**Allen Matkins Leck Gamble & Mallory LLP**
*attorneys at law*

Mr. Robert D. Judson, Jr.
Janice H. Judson
Mr. Mack Clapp
June 29, 2004
Page 5

We will endeavor to represent you promptly and efficiently and we hope for a long and mutually satisfactory relationship. We very much appreciate the opportunity of expanding our relationship with you. Thank you so much. It has been and will continue to be a pleasure working with you.

Very truly yours,

Robert R. Moore

APPROVED, ACCEPTED AND AGREED
this _25^th_ day of _August_, 2004

Burlingame Capital, LLC

By: _____
Robert D. Judson, Jr., Principal

RVR

cc:   Roger S. Mertz
      Roberta V. Romberg
      D. Stanley Rowland

**EXHIBIT 3**

# Allen Matkins

*www.allenmatkins.com*

Allen Matkins Leck Gamble & Mallory LLP
Attorneys at Law
1900 Main Street, 5th Floor | Irvine, CA 92614-7321
Telephone: 949.553.1313 | Facsimile: 949.553.8354

**Vincent M. Coscino**
E-mail: vcoscino@allenmatkins.com
Direct Dial: 949.851.5423   File Number: 88888-276/OC759664.01

November 16, 2005

Mr. Bob Sick
Python Injection, Inc.
8625 Central Avenue
Stanton, CA 90680

   Re:  Engagement for Professional Services

Dear Bob:

   Thank you for retaining Allen Matkins to represent Python Injection, Inc. ("Python" or "You" or "Your" depending on the context), in connection with the bankruptcy matter entitled <u>In re Terry J. O'Connor</u>, United States Bankruptcy Case No. SA19544-RA. Our firm's policy, as well as provisions of the California Business & Professions Code in certain circumstances, requires that we have a written agreement with our clients setting forth the arrangements upon which we perform legal services. This letter will confirm the terms under which You have retained us for this matter and any additional matters we handle on Your behalf or at Your direction. In addition to our representation of Python, we will also represent Burlingame Capital Partners, II, L.P. ("Burlingame") as a creditor in the above-referenced matter. We are concurrently providing You with a conflict waiver letter and joint representation letter for Your review and execution.

  1.  **<u>Attorneys' Fees and Costs</u>.**

   We will bill You for our services monthly. Our fees will be based on our hourly time charges. The time charges will be for all time actually expended. The hourly rates assigned to attorneys and paralegals vary according to the expertise and level of experience of the person involved. These rates currently range from $100 to $600 per hour. My present billing rate is $480 per hour. Ken Hennesay's present billing rate is $375 per hour. We generally review our hourly rates annually and, if appropriate, adjust them effective July 1, to reflect increases in seniority, experience and other relevant factors. We generally do not send any notices of such changes in hourly rates.

Allen Matkins Leck Gamble & Mallory LLP
Attorneys at Law

Mr. Bob Sick
November 16, 2005
Page 2

Unless otherwise directed by Python or Burlingame, we will issue one set of bills to both Python and Burlingame. It will be the responsibility of Python and Burlingame to allocate the fees and costs as between the two entities. Python, however, will be jointly and severally liable for all fees and costs incurred by Allen Matkins in connection with our joint representation. You understand that it is impossible to determine in advance the amount of fees and costs needed to complete this matter. In addition to charges for legal services, Python and Burlingame will also be jointly and severally responsible to reimburse us for costs and expenses incurred, such as filing fees, charges for transcripts, depositions, long distance telephone, computerized legal research, messenger fees, copying costs, word processing expenses and the like. These items are charged at our standard rates in effect at the time the expense is incurred. In certain cases, we will ask You to pay these expenses directly.

Whenever appropriate and consistent with the proper representation of our clients, we use paralegals, investigators, junior attorneys and staff members in order to minimize the impact of the hourly rates of more senior attorneys. We believe the utilization of junior attorneys, paralegals or staff members, in consultation with and under supervision of more experienced attorneys in the firm as appropriate, enables us to maintain economically and efficiently the high quality of our legal representation, while permitting us both to avoid sacrificing the quality of our work for lower fees and to avoid assigning senior attorneys to tasks which can be performed proficiently by junior attorneys, paralegals or staff members.

In certain circumstances, a court may order payment of costs or attorneys' fees by one party to the other. If any such fees or costs are paid to us, they will be credited against the amount You owe us, but You will remain liable for any unpaid portion of our bills. If the court awards fees or costs against You in favor of the opposing party, You will be responsible for payment of that amount separately from and in addition to any amounts due us. In matters resulting in a judgment, settlement or other payments in Your favor, we shall have a lien thereon to the extent of any unpaid fees or costs.

Our firm has always operated on the basis that we will deliver the best possible legal services in a timely fashion and at a reasonable price; in return, we request that upon receipt of our statements, You review the statements at that time to determine if You have any questions or comments regarding them. If so, please call us. If not, we expect that You will make payment to us promptly. Furthermore, we reserve and You agree that we have the right to withdraw as Your counsel if You fail to pay our statements and other bills in a timely manner.

Allen Matkins Leck Gamble & Mallory LLP
Attorneys at Law

Mr. Bob Sick
November 16, 2005
Page 3

The California Business & Professions Code requires us to inform You whether we maintain errors and omissions insurance coverage applicable to the services to be rendered to You. We hereby confirm that the firm does maintain such insurance coverage.

## 2. Conflicts of Interest.

We cannot, without appropriate consents, represent any party if there is a conflict of interest with any of our other clients. In order to avoid conflicts of interest among our clients, we maintain an index of relevant names. In connection with this matter, we have searched our index for the following names: Terry J. O'Connor, Burlingame Capital Partners, II, L.P., Robert D. Judson, Jr., Janice H. Judson, Bob Sick and Python Injections, Inc. We have not discovered any conflict which requires further action before undertaking our representation other than obtaining the conflict waiver and joint representation letter between Python and Burlingame described above. Please advise us, at or before the time You return the signed copy of this letter, if You know of any other individuals or entities which may be involved in this matter. In addition, please inform us at once if You learn in the future of other persons or entities who may be involved so we can make a conflict of interest search with respect to them.

## 3. No Guarantees.

During the course of our representation, we will endeavor to keep You fully advised as to the status and progress of this matter, including our view of Your rights and potential liabilities or exposure, and our recommendations as to an appropriate course of action in view of the facts, circumstances and issues involved. Upon Your request, we will also endeavor to provide You with an estimate of the future costs and fees You should anticipate incurring through the various stages of this matter.

We will send copies of all substantive pleadings, correspondence and other documents generated in the case, and I ask that You call me at any time should You wish to discuss the case, our invoices or bills, or any other aspect of this matter. If for some reason I am unavailable, another attorney in this office will generally be available and familiar with the matter sufficiently to consult with You as desired.

We must emphasize that our firm has not made and cannot make any representations or guarantees regarding the successful outcome of any matter, involving litigation or otherwise, or the actual amount of any fees or costs You will incur. For example, litigation results, costs and expenses are often controlled by external factors beyond our control, including the opposition's approach, changes in the law, witnesses' credibility or behavior, etc.

Allen Matkins Leck Gamble & Mallory LLP
Attorneys at Law

Mr. Bob Sick
November 16, 2005
Page 4

4.    **Arbitration.**

We appreciate the opportunity to serve as Your attorneys and look forward to a harmonious relationship unmarred by disputes between us. In the event You become dissatisfied for any reason with the fees charged or the services we have performed, we would sincerely appreciate Your bringing this to our attention immediately; we will do the same if we perceive a problem with the representation. It is our belief that such problems can usually be resolved by good faith discussions between us. Nevertheless, it is always possible that some dispute may arise which cannot be resolved by discussion alone. We believe that such disputes can be resolved more expeditiously and with less expense to all concerned by binding arbitration than by court action. Both the United States Supreme Court and the California Supreme Court have endorsed arbitration as an accepted and favored method of resolving disputes, because it is economical and expeditious.

Arbitration is a process by which both parties to a dispute agree to submit the matter to an arbitrator who has expertise in the area and to abide by the arbitrator's decision. There is no right to a trial by jury and the arbitrator's legal and factual determinations are generally not subject to appellate review. Arbitration rules of evidence and procedure are often less formal and less rigid than the rules which apply in Court. Arbitration usually results in a decision much more quickly than proceedings in Court, and the attorneys' fees and other costs incurred by both sides may be substantially less. You are free to discuss the advisability of arbitration with us, or with Your own independent counsel or any of Your other advisors, and to ask any questions which You may have.

By signing this engagement letter, we agree that, in the event of any dispute or claim arising out of or relating to this Agreement, our relationship, our charges, or our services (including but not limited to disputes or claims regarding our charges, professional malpractice, errors or omissions, breach of contract, breach of fiduciary duty, fraud, or violation of any statute or Rules of Professional Conduct), SUCH DISPUTE OR CLAIM SHALL BE RESOLVED BY SUBMISSION TO FINAL AND BINDING ARBITRATION IN ORANGE COUNTY, CALIFORNIA BEFORE A RETIRED JUDGE OR JUSTICE WITH JAMS. BY AGREEING TO ARBITRATE, YOU WAIVE ANY RIGHT YOU HAVE TO A COURT OR JURY TRIAL. If we are unable to mutually agree on a retired judge or justice, then each side will name one retired judge or justice and the two named persons will select a neutral judge or justice who will act as the sole arbitrator. The fees of the arbitrator will be paid equally by both Allen Matkins and You.

In arbitration, we shall both be entitled to conduct discovery in accordance with the provisions of the California Code of Civil Procedure, but either of us may request that the arbitrator limit the amount or scope of such discovery and, in determining whether to do so, the arbitrator shall balance the need for the discovery against the parties' mutual desire to resolve disputes expeditiously and inexpensively.

Allen Matkins Leck Gamble & Mallory LLP
Attorneys at Law

Mr. Bob Sick
November 16, 2005
Page 5

Under California law, You have the right, if You desire, to request arbitration of any fee dispute before an arbitrator or panel of arbitrators selected by a local bar association or the State Bar ("Bar Arbitration") and a trial de novo in court if dissatisfied with the result. If You do request a Bar Arbitration, the law provides that evidence of any claim of malpractice or professional misconduct is admissible only concerning the fees or costs in dispute and that the Bar Arbitrators shall not award any affirmative relief in the form of damages, offset or otherwise on account of such claim. By signing this engagement letter, You agree that if a Bar Arbitration is conducted, that Bar Arbitration or any trial de novo in Court thereafter shall determine only the issue of the amount of fees properly chargeable to You, if any, and that such Bar Arbitration or trial de novo in Court thereafter shall have no effect on the provisions set forth above which require arbitration before a retired judge or justice of any claims for affirmative relief based on alleged professional malpractice, errors or omissions, breach of contract, breach of fiduciary duty, fraud or violation of any statute. Any such claims shall be solely determined in an arbitration proceeding by a retired judge or justice without regard to the result of any Bar Arbitration or trial de novo thereafter.

## 5.   **Consent to Electronic Communications.**

In order to maximize efficiency in this matter, we intend to use state of the art communications devices to the fullest extent possible (e.g., E-Mail, document transfer by computer, cellular telephones, and facsimile transfers). The use of such devices under current technology may place Your confidences and privileges at risk. However, we believe the effectiveness involved in use of these devices outweighs the risk of accidental disclosure. By signing this letter, You acknowledge Your consent to the use of these devices.

## 6.   **Termination of Services/Withdrawal from Representation.**

The attorney-client relationship is one of mutual trust and confidence. If You have any questions at all about the provisions of this engagement letter, we invite Your inquiries. We encourage our clients to inquire about any matter relating to our engagement agreements or monthly statements which may be in any way unclear or appear unsatisfactory. If You do not meet Your obligation of timely payments or deposits under this engagement letter, we reserve the right to withdraw from Your representation on that basis alone, subject to any required judicial, administrative, or other approvals. In any case where Allen Matkins' billing for legal fees and costs is outstanding for greater than 30 days, Allen Matkins intends to exercise this right to withdraw from representing You, terminate all legal services to You, and seek any required approvals. We further reserve the right to withdraw our representation in circumstances where a conflict of interest arises and is not waived by a necessary party or is not waivable.

This agreement is also subject to termination by either party upon reasonable notice for any reason. If there were to be such a termination, however, You would remain liable for all unpaid charges for services provided and expenses advanced or incurred.

Allen Matkins Leck Gamble & Mallory LLP
Attorneys at Law

Mr. Bob Sick
November 16, 2005
Page 6

### 7. Confirmation of Agreement.

Please confirm Your agreement to the terms of this engagement letter by signing the enclosed copy of the letter and returning it to us.

We will endeavor to represent You promptly and efficiently, and we hope for a long and mutually satisfactory relationship. We very much appreciate the opportunity of working with You.

Very truly yours,

Vincent M. Coscino

VMC:em
Enclosure
cc:    Mr. Robert D. Judson, Jr.
       Robert R. Moore, Esq.

APPROVED, ACCEPTED AND AGREED TO
        this ___ day of November, 2005.

PYTHON INJECTION, INC.

By:    _____
       Bob Sick
Its:   _____

**EXHIBIT 4**

# Allen Matkins

Allen Matkins Leck Gamble Mallory & Natsis LLP
Attorneys at Law
501 West Broadway, 15ᵗʰ Floor | San Diego, CA 92101-3541.
Telephone: 619.233.1155 | Facsimile: 619.233.1158
www.allenmatkins.com

File Number: B1306-026/SD720271.10

As of July 8, 2009
The "Closing Date"

Bank of Marin
325 Pine Street Suite 1475
San Francisco, CA  94104

> Re:   $4,100,000 Loan from Bank of Marin to KC Funding, LLC
>
> Bankruptcy Opinions re Kids Connection, Inc.

Ladies and Gentlemen:

This firm is special bankruptcy counsel to Burlingame Capital Partners II, L.P. ("BCP") and KC Funding, LLC ("KC Funding") in connection with the chapter 11 case (the "Case") of Kids Connection, Inc. ("**Kids Connection**," "**DIP**" or "**Debtor**'"), Case No. 08-30026, pending in the United States Bankruptcy Court for the Northern District of California (the "Court"). We understand that on the "**Closing Date**" KC Funding is acquiring substantially all the assets of Kids Connection (the "**Purchased Assets**") pursuant to an order of the Court under section 363 of the Bankruptcy Code and the "Amended APA" defined below. We further understand that Bank of Marin ("**Bank**") is making an acquisition loan in the maximum amount of $4,100,000 to KC Funding. The loan proceeds are being used to pay for the Kids Connection acquisition, and the loan is to be secured by, among other things, the Purchased Assets. A condition of the Bank's making the loan is that the Bank receive an opinion of counsel addressing the matters discussed below. Our clients have therefore requested us to deliver this opinion letter to you. Except with respect to giving this opinion letter, we do not represent either BCP or KC Funding in connection with the loan.

## Background

We understand the facts to be as follows. On January 9, 2008, Kids Connection filed a voluntary petition under chapter 11 of the Bankruptcy Code, commencing the Case. No order converting the case to one under another chapter or order directing the appointment of a trustee has been entered, and Kids Connection has continuously been the debtor in possession in the Case. Linda Koelling, herself a debtor in a chapter 7 case, is the responsible individual for the debtor in possession. At one time Koelling owned all the stock of Kids Connection, but according to Kids

Allen Matkins Leck Gamble Mallory & Natsis LLP
Attorneys at Law

Bank of Marin
Page 2

Connection, Koelling, after the stock had been abandoned back to her, sold the stock to a third party.

BCP filed a proof of claim, docketed Claim 11 (the "**Claim**") in the Case. The Claim is based on a judgment of the Superior Court of the State of California San Mateo County, Case No. 426631. The aggregate amount of the Claim is $5,659,655.10, which comprises (i) principal amount of judgment $4,739,738; (ii) prejudgment interest from the entry of the verdict until the entry of the judgment of $54,539.45; (iii) post-judgment interest through the date that the Case was commenced of $127,258.72; (iv) court-awarded costs of $71,082.05; and (v) attorneys' fees and enforcement costs of $667,036.88. The claim is secured by real and personal property owned by Kids Connection pursuant to a Notice of Judgment Lien filed with the California Secretary of State on October 5, 2007, an Application and Order for Appearance and Examination issued on October 11, 2007, and served on Kids Connection on October 22, 2007, and an Abstract of Judgment recorded with the San Mateo County Recorder on October 11, 2007. BCP may be allowed to add additional amounts to the Claim in accordance with section 506 of the Bankruptcy Code.

On September 26, 2008, the Court entered an order directing the United States Trustee to select an examiner, who would have specific rights, powers, and duties with respect to a sale of assets of the Kids Connection bankruptcy estate, and on October 1, 2008, the Court entered an order approving the appointment of David A. Bradlow as examiner.

On February 5, 2009, the Debtor filed its Motion to sell free and clear of liens and interests in real and personal property (the "**Sale Motion**").

On April 3, 2009, after notice of the Sale Motion and a hearing, the Court entered that certain Order granting debtor's motion to sell assets free and clear of liens and interests under Bankruptcy Code sections 363(f) and section 363(m) (the "**Sale**") to Burlingame Capital Partners II, L.P. ("**April 3 Sale Order**"). The April 3, 2009 Sale Order approved an Asset Purchase Agreement dated March 3, 2009 (the "**APA**"). The APA approved by the Court included that certain Amendment to APA dated as of March 3, 2009; the term "APA" includes that Amendment. The APA was not attached to the April 3 Sale Order; instead, the sale order incorporated the APA by express reference to that certain Exhibit A to (proposed) order granting debtor's motion to sell assets free and clear of liens and interests under Bankruptcy Code section 363(f) and section 363(m) to Burlingame Capital Partners II, L.P. ("**Exhibit A Exhibits to Order**") filed on March 31, 2009.

Also on April 3, 2009, the Court entered that certain Order following hearing regarding expanded powers of examiner David Bradlow ("**Expanded Powers Order**"). The Expanded Powers Order authorized, among other things, the examiner to execute the APA on behalf of Kids Connection. On April 15, 2009, the examiner, on behalf of Kids Connection, debtor in possession, and BCP executed the APA.

Allen Matkins Leck Gamble Mallory & Natsis LLP
Attorneys at Law

Bank of Marin
Page 3

On April 30, 2009, the Court entered that certain Order granting debtor's motion to sell assets free and clear of liens and interests under Bankruptcy Code section 363(f) and section 363(m) to Burlingame Capital Partners II, L.P. [Revised to incorporate legal property description] (the **"April 30 Sale Order"**). The sole difference between the April 3 Sale Order and the April 30 Sale Order is that the latter includes the legal description of the real property being sold to KC Funding. The April 3 Sale Order and the April 30 Sale Order are collectively referred to herein as the **"Sale Orders."**

On July 6, 2009, upon the motion of BCP for an order in aid of consummation of the April 30 Sale Order, the Court entered that certain Order Granting Motion for order in aid of implementation of order granting debtor's motion to sell assets free and clear of liens and interests under bankruptcy code section 363(f) and section 363(m) to Burlingame Capital Partners II, L.P. [Revised to incorporate legal property description], entered by the court on April 30, 2009 and docketed as doc. no. 270, including non-assumption of certain executory contracts and unexpired personal property leases, and for status conference (**"Supplemental Order"**). According to its terms, the Supplemental Order authorizes Scott Goodsell and Diane Marcum, as set forth more specifically in the order, to execute transaction documents on behalf of Kids Connection, the debtor in possession (the **"Sale Transaction Documents"**). The Supplemental Order also confirms that certain executory contracts and unexpired leases that had been included on schedules to the APA but had not been assumed by the DIP and assigned to KC Funding under section 365 of the Bankruptcy Code are not going to be assumed and assigned in connection with the sale of assets to KC Funding. This confirmation is embodied in Second Amendment to Asset Purchase Agreement dated as of March 3, 2009. (The APA, including the Amendment, as amended by the Second Amendment, is the **"Amended APA."**)

## Documents Reviewed and Factual Matters

We have reviewed, and we understand that you also possess, a copy of the following documents (the **"Relevant Documents"**):

1.  Docket for the Case dated on its face July 6, 2009, and effective as of July 6, 2009, 9:00 a.m. (the **"Docket"**);

2.  Schedules of Assets and Liabilities filed by the Debtor on February 8, 2008 (the **"Schedules"**);

3.  Claims Register dated as of June 4, 2009, obtained through ECF (the **"Claims Register"**);

4.  Preliminary Report dated as of January 27, 2009, 7:30 a.m., from First American Title (**"Prelim"**);

Allen Matkins Leck Gamble Mallory & Natsis LLP
Attorneys at Law

Bank of Marin
Page 4

5. unofficial search results of UCC financing statements, tax liens, and judgment liens filed with the California Secretary of State obtained from LexisNexis on or about February 20, 2009 and Search Certificate from the California Secretary of State dated February 20, 2009 (together, "**UCC Search Report**");

6. Motion to sell free and clear of liens and interests in real and personal property, memorandum and declaration in support, and certificate of service thereof;

7. Notice of hearing on motion to sell free and clear of liens and interests in real and personal property and certificate of service thereof;

8. Exhibit A Exhibits to Order;

9. April 3, 2009 Sale Order;

10. Expanded Powers Order;

11. The executed Amended APA, including all exhibits and schedules;

12. April 30, 2009 Sale Order;

13. Notice of entry of April 30 Sale Order and certificates of service thereof;

14. Judgment By Court After Default entered entered May 5, 2004, in favor of General Electric Capital Corporation ("**GECC**") against, among others, Linda Koelling (but not naming Kids Connection as a judgment debtor), Amended Abstract of Judgment in favor of GECC recorded May 14, 2004 ("**Abstract**"), in the Office of the County Recorder of San Mateo County, State of California ("**Recorder's Office**") and Notice of Errata re Amended Abstract of Judgment filed June 11, 2009 ("**Notice of Errata**");

15. Full Reconveyance, dated June 1, 2009 and executed by First American Title Insurance Company ("**SVB Reconveyance**"), of Deed of Trust dated July 1, 1996, executed by Kids Connection, Inc., recorded July 9, 1996, as Instrument No. 96-052353, in the Recorder's Office.

16. Release of Obligation under Deed of Trust dated March 10, 2009 ("**BOW Release**"), executed by First American Title Insurance Company, regarding that certain Deed of Trust executed by Foster Enterprises, a California general partnership in favor of Bank of the West, beneficiary, recorded June 28, 1996, in the Recorder's Office, as Instrument No. 96-076282.

Allen Matkins Leck Gamble Mallory & Natsis LLP
Attorneys at Law

Bank of Marin
Page 5

      17. Motion for order in aid of implementation of sale and for other relief and certificate of service;

      18. Supplemental Order.

We obtained our copy of any document filed with the Bankruptcy Court from the online Electronic Case Filing service for the United States Bankruptcy Court for the Northern District of California, https://ecf.canb.uscourts.gov. We have also reviewed such additional documents listed on the Docket as we deemed appropriate.

As used in this opinion letter, **"Actual Knowledge,"** or a phrase having similar wording, means that the lawyers presently in our firm who have performed services for BCP or KC Funding in connection with this matter have not received knowledge of any information that is contrary to the matters set forth in this opinion letter or that would give us reason to make inquiry regarding such matters.

In delivering this opinion, we have examined the law, the Relevant Documents, and such other records, books, documents, and matters as we have deemed necessary or appropriate for purposes of this opinion. We have obtained the Opinion Certificate, attached hereto as Exhibit 1. We have not undertaken any independent investigation to determine the existence or absence of facts, and no inference as to our Actual Knowledge of the existence or absence of such facts may be drawn from the fact of our representation of BCP or KC Funding in connection with this matter. In addition, we have not undertaken an examination of any public records, including civil litigation action indices, other than the Docket and documents listed therein, the Prelim, and the UCC Search Report. Nor have we examined the financial books and records of any party.

As to matters of fact, we have, with your consent, relied solely upon the Relevant Documents and Opinion Certificate. We have not investigated any statements in the Opinion Certificate, although we advise you that we have no Actual Knowledge of facts contrary to those set forth or confirmed in the Opinion Certificate.

Our review of the Docket indicates that the Sale Orders were entered on the dates set forth above, and as of date of the Docket, there is no subsequent notice, request, or motion for rehearing, reconsideration, or stay, no notice of appeal or other indication that an appeal has been made, no order staying the effect of the Sale Orders, and no document that otherwise appears to challenge or attack the Sale Orders. In addition, based on the Certificate and our Actual Knowledge, no such document has been served or exists. We note, however, that a court docket cannot be taken as conclusive evidence of the absence of such a request, appeal, or stay.

## Assumptions

With your consent, we have assumed the following.

Allen Matkins Leck Gamble Mallory & Natsis LLP
Attorneys at Law

Bank of Marin
Page 6

a) All signatures on documents submitted to us are genuine, all documents submitted to us as originals are authentic, and all documents submitted to us as copies conform to their respective originals. We have no reason to believe that such signatures and documents are not genuine, authentic, and in conformity with the originals of such documents.

b) There is no document or other information with which we have not been furnished that would materially alter, modify, or amend the Relevant Documents. We have no Actual Knowledge of any such document or other information.

c) The Docket is accurate and complete as of the date labeled thereon. In this regard, we must inform you that on rare occasion, after the effective date of a docket, a document will thereafter be entered with an entry date before the effective date of the docket.

d) The Prelim and UCC Report are each accurate and complete, as of the respective dates shown.

e) The addresses shown on the service lists constitute adequate addresses for purposes of Federal Rule of Bankruptcy Procedure 7004.

f) The declaration of service within each proof of service is true, and each party listed on a proof of service actually and timely received such service.

g) The information supplied by the Debtor, notably the schedules and statement of financial affairs, was accurate and complete.

h) KC Funding has performed all its obligations, including payment of the purchase price, under the Amended APA and satisfied all matters that are conditions to the DIP's obligation to close.

i) The Notice of Errata, the BOW Release, and the SVB Reconveyance have been or will at or before closing be recorded in the real estate records for San Mateo County.

All opinions stated herein are expressly made subject to the assumptions stated in this paragraph.

## Qualifications

We express no opinion regarding whether the Sale Orders will be amended, stayed, vacated, rescinded, altered, or revoked by the Court or another court of competent jurisdiction after the Closing Date. We remind you that as a matter of generally applicable procedural law, an order of a court can later be unwound under appropriate circumstances for a variety of reasons. It can, for

Allen Matkins Leck Gamble Mallory & Natsis LLP
Attorneys at Law

Bank of Marin
Page 7

example, be undone for "fraud on the court" or based upon Federal Rules of Civil Procedure Rule 60(b), made applicable in part to the Sale Orders by Federal Rule of Bankruptcy Procedure 9024. The foregoing examples of fraud and Rule 60(b) are illustrative only and are not intended to be an exhaustive enumeration of the grounds upon which the Sale Orders might be directly or indirectly attacked.

We express no opinion whether the substantive requirements for a sale of the Purchased Assets free and clear of any interest therein, other than the interest of the estate, have been satisfied.

## Discussion

Section 363(f) authorizes a trustee or debtor in possession to sell, outside the ordinary course of business, property of the estate "free and clear of any interest in such property of an entity other than the estate." The Bankruptcy Code does not define "interest in such property," but it does provide that a lien is an "interest." The Sale Orders and related papers specifically discuss the following interests (the "**Identified Interests**"): two consensual liens in favor of City National Bank, a consensual lien in favor of Brian Fitzpatrick, a consensual lien in favor of Linda Koelling, and judgment liens in favor of BCP and Mark Martel.

The Sale Motion and supporting papers were prepared and submitted by the Debtor. In reviewing the certificates of service, the UCC Search Report, and the Prelim, we determined that the Debtor did not provide notice of the motion to three entities whose interests ("**Omitted Interests**") appear on the Prelim (exceptions 15, 16, and 20): Bank of the West, beneficiary under a deed of trust; Silicon Valley Bank, beneficiary under a deed of trust; and GECC, holder of a judgment lien against Linda Koelling.

The Debtor was aware of the Omitted Interests but listed none of the Omitted Interests in the its schedules and chose not to give notice to holders of those Omitted Interests. The Debtor maintained that the obligations secured by the Silicon Valley Bank and Bank of the West deed of trust had been satisfied and that the deeds of trust appeared of record only because someone had failed to record the required reconveyances at the time of payoff. First American Title, which is issuing an owner's title policy to KC Funding upon closing of the sale, has obtained or will obtain confirmation of this and has recorded or will at or before closing record appropriate documentation to remove these items from title.

The GECC abstract of judgment appears on the Prelim as the result of a misreading of the abstract. Neither the judgment nor the abstract indicates that Kids Connection is a judgment debtor to GECC. Linda Koelling is a judgment debtor, and the address used for service on Linda Koelling was the Kids Connection address. GECC has acknowledged this and filed a notice of errata, clarifying that Kids Connection is not a judgment debtor and that the judgment lien does not encumber property of Kids Connection. We understand (and assume) that this notice of errata has been or will be recorded at or prior to closing.

Allen Matkins Leck Gamble Mallory & Natsis LLP
Attorneys at Law

Bank of Marin
Page 8

## Opinions of Counsel

Based upon the foregoing and subject to the assumptions, limitations, and qualifications set forth herein, we are of the opinion as follows.

1.    Due notice of the Sale was given to all parties entitled thereto.

2.    The Sale Orders and the Supplemental Order have been duly entered on the Docket.

3.    As of the effective date of the Docket, the Sale Orders have not been appealed, amended, stayed, vacated or rescinded, and no subsequent notice, request, or motion for rehearing, reconsideration, or other document otherwise challenging or attacking the Sale Orders has been entered on the Docket.

4.    The Amended APA has been duly authorized by all necessary action of the Court, and the Sale Orders are currently in full force and effect.

5.    Pursuant to the Supplemental Order, and as specified therein, Scott Goodsell and Diane Marcum have been duly authorized by the Bankruptcy Court to execute the documents listed or described therein to consummate the sale.

6.    Upon the closing of the Sale Transaction, including the payment in full from escrow of the secured claims of City National Bank, the Purchased Assets will be free and clear of the Identified Interests under section 363(f) of the Bankruptcy Code on the terms set forth in the Sale Orders.

## Limitations

This letter is limited to federal bankruptcy law.  In that regard, this opinion letter should be interpreted in accordance with the Special Report by the Tribar Opinion Committee, *Opinions in the Bankruptcy Context:  Rating Agency, Structured Financing, and Chapter 11 Transactions*, 46 BUS. LAW. 717 (1991).

Allen Matkins Leck Gamble Mallory & Natsis LLP
Attorneys at Law

Bank of Marin
Page 9

This opinion letter is given to you solely for your benefit in connection with the closing. The opinions set forth in this letter may not, without our prior written consent, be relied upon by any other person or entity for any purpose. No copy of this letter may be delivered to any other person or entity without our prior written consent. The opinions expressed herein are based upon applicable law existing as of this date, and we expressly decline any undertaking to advise you of any legal developments or factual matters arising subsequent to the date hereof which would cause us to amend any portion of the foregoing in part or in whole.

Very truly yours,

RRB
Enclosures