JEFFREY CAWDREY (SBN: 120488)
jcawdrey@gordonrees.com
ROSS A. HOOGERHYDE (Colorado Bar # 42588)
rhoogerhyde@gordonrees.com
GORDON & REES LLP
101 W. Broadway
Suite 2000
San Diego, CA 92101
Telephone: (619) 696-6700
Facsimile: (619) 696-7124

Attorneys for
ROBERT D. JUDSON, JR.

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>BURLINGAME CAPITAL PARTNERS II, L.P., a Delaware Limited Partnership, | CASE NO. 14-02607-CL7<br><br>CHAPTER 7<br><br>**ROBERT D. JUDSON, JRS.' PRELIMINARY OPPOSITION TO TRUSTEE'S SUPPLEMENTAL BRIEF RE APPLICATION FOR SECOND ORDER REQUIRING PRODUCTION OF DOCUMENTS AND APPEARANCE FOR EXAMINATION BY BURLINGAME CAPITAL PARTNERS II, L.P.**<br><br>Date:   April 22, 2005<br>Time:  11:00 a.m.<br>Place:  Dept.: 5<br>Judge: Hon. Christopher B. Latham |

Robert D. Judson, Jr. ("Judson") by an through his attorneys, Gordon & Rees, LLP, respectfully submits this Preliminary Opposition to Trustee's Supplemental Brief Re Application for Second Order Requiring Production of Documents and Appearance for Examination by Burlingame Capital Partners II, L.P. states as follows:

**I.     INTRODUCTION**

This Preliminary Opposition respectfully requests that the Court: (1) deny all relief requested in the Supplemental Brief Re Application for Second Order Requiring Production of

- 1 -

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

1  Documents and Appearance for Examination by Burlingame Capital Partners II, L.P.
2  ("Supplemental Application") as it was not previously requested, is based on misrepresentation
3  of Judson's testimony and would deny Judson due process, or, in the alternative, (2) hold further
4  briefing and determination of the Supplemental Application in abeyance pending determination
5  of Judson's Motion to Disqualify Allen Matkins Leck Gamble Mallory & Natsis LLP as Counsel
6  for Chapter 7 Trustee ("Disqualification Motion"). Judson files this Preliminary Opposition in
7  advance of tomorrow's hearing but reserves his right to further object to the Supplemental
8  Application to a later date.

## II.    PRELIMINARY OPPOSITION

10  This Preliminary Opposition requests this Court deny the Supplemental Application in its
11 entirety as procedurally improper and factually baseless. Chapter 7 Trustee James L. Kennedy's
12 ("Trustee") through his counsel Allen Matkins Leck Gamble Mallory & Natsis LLP ("Allen
13 Matkins") alleges "intentional and willful destruction of evidence" by Judson. (Supplemental
14 Application at p. 2.)  This is an entirely new issue not previously addressed in the first or second
15 application and wholly unsupported by the deposition testimony of Mr. Judson.  Further, an
16 award of the drastic remedies requested in the Supplemental Application with less than forty-
17 eight hours notice would violate Judson's due process rights. Indeed, Allen Matkins' eleventh
18 hour filing appears to be a deliberate attempt to deprive Judson of any reasonable opportunity to
19 respond to its blatant mischaracterizations of his testimony.  This is improper and compels denial
20 of the relief requested in the Supplemental Application.

21  Moreover, Allen Matkins' allegations are based on patent mischaracterizations of
22 Judson's sworn testimony. Contrary to Allen Matkins' allegations of wrong doing, Judson
23 testified: "All of the e-mails I have, they're either printed out or they're still on my account,
24 about to be printed out, the vast majority of which have already been printed out.  And if they've
25 been printed out, then I delete them off the system." (Ex. 3 to Pernicka Declaration at p 45:8-12.)
26 Judson further explained "It isn't that Burlingame doesn't have them.  We have them.  We just
27 have them in paper form rather than in electronic form." (*Id.* at p.45:25-46:5.)  "I want to be
28 clear, though: No e-mail is lost.  Just because it's not in electronic form doesn't mean we don't

have it. We have it in paper form." (*Id.* at 46:7-9.) Judson further explained "We've gone through everything we've got, to make sure that we're putting in storage everything that relates to Burlingame. And we're searching those others just to make sure. But I don't -- I don't believe that there's anything out there that is being missed. We're being very diligent in making sure that we've got everything there." (*Id.* at p. 47:1-7.) Judson also testified "As part of the printing, we print out the attachments so the entire e-mail is there and nothing's lost, and once we've done that, then we delete it." (*Id.* at p. 69:20-23.) Judson testified the practice of printing and deleting Debtor's e-mails commenced 14-18 months ago, long before any communication from Allen Matkins regarding preservation of electronically stored information. (Ex. 2 to Pernicka Declaration.)

The foregoing testimony does not establish "intentional and willful destruction of evidence" as alleged by the Trustee. (Supplemental Application at p. 2.) Instead, the foregoing establishes a reasonable and good faith procedure Judson implemented to attempt to preserve all of Debtor's documents, including e-mails, in hard copy in a single location – the storage locker in Florida. Indeed, all e-mails remain in either electronic or hard copy form. No documents have been destroyed. Thus, there is no basis to award the drastic sanctions requested in the Supplemental Application, including requiring the Judsons individually to incur the costs of the Trustee's investigation including production of voluminous documents and forensic analysis of electronically stored information.

The Supplemental Application also requests information that is not within Debtors' possession, custody or control such as e-mails from Judson's e-mail address at KC Funding (rjudson@kc4us.com). Judson is not the Debtor. The Debtor does not have any ownership, possession or control over KC Funding or its e-mail accounts. As such, there is no basis for the Trustee's attempt to obtain documents from a third-party simply because the third-party is also owned by Judson.

The Supplemental Application should be denied in its entirety. It raises issues not previously briefed by the parties based on misrepresentations of Judson's testimony. All documents – including e-mails – remain in either hard copy or electronic form. There has not

ROBERT D. JUDSON, JRS.' PRELIMINARY OPPOSITION TO TRUSTEE'S SUPPLEMENTAL BRIEF RE APPLICATION FOR SECOND ORDER REQUIRING PRODUCTION OF DOCUMENTS AND APPEARANCE FOR EXAMINATION BY BURLINGAME CAPITAL PATNERS II, L.P.

been any intentional, willful destruction of electronic evidence to avoid discovery obligations in this case. Importantly, Judson began preserving and printing electronic copies of e-mails over a year before Allen Matkins expressed any desire that this information be preserved. The discussion of preservation of documents at the 341 meeting of creditors focused on the hard copy documents in the storage locker. Judson reasonably believed his method of printing e-mails and adding them to the documents already in the storage locker was reasonable, appropriate and complied with the Trustee's request that the documents be preserved. That electronic versions of e-mails were deleted – the majority of which occurred before any obligation to preserve documents arose – does not support the drastic remedy requested in the Supplemental Application and does not support the allegations made by Allen Matkins. Therefore, the Supplemental requests should be denied as procedurally and substantively unsubstantiated.

Alternatively, at a minimum, the Court should delay further briefing or determination of the Supplemental Application until after the Disqualification Motion is determined by the Court. Judson has not, and will not, delete any additional computer e-mails or computer records while the Disqualification Motion is pending or without further order from the Court. Thus, there is no harm in delaying determination of e-mail issue until after the disqualification issue is addressed.

On the other hand, failing to delay further briefing regarding the electronic discovery issue will undermine the duties on which the Disqualification Motion is based. The Disqualification Motion argues that Allen Matkins must be disqualified from its representation of the Trustee based on its numerous, undisclosed conflicts of interest from its previous representation of entities related to the Debtor – the Judsons individually, KC Funding and others – which it now seeks to investigate. Indeed, the Supplemental Application bolsters the Disqualification Motion. In addition to its prior breaches of duty, Allen Matkins now seeks to obtain documents from its former client KC Funding in furtherance of its attempted investigation of the exact transaction it was instrumental in structuring for KC Funding. This violates Allen Matkins' duties of confidentiality and loyalty to its former client KC Funding and compels disqualification. Requiring continued briefing and discovery while the Disqualification Motion is pending will facilitate Allen Matkins' continuing breach of duties to its former clients. As

- 4 -

such, consideration of the Supplemental Application should be deferred until the Disqualification Motion is determined.

### III. CONCLUSION

Judson respectfully requests that this Court deny relief requested in the Trustee's Supplemental Brief Re Application for Second Order Requiring Production of Documents and Appearance for Examination by Burlingame Capital Partners II, L.P. Alternatively, Judson requests this Court delay briefing and determination of the Supplemental Application until after the Motion to Disqualify is determined to avoid further breaches of duties to former clients and to permit Judson to fully respond to the allegations in the Supplemental Application.

Dated:  April 21, 2015                               GORDON & REES LLP

By: /s/*Jeffrey D. Cawdrey*
    Jeffrey Cawdrey
    Attorneys for Robert D. Judson, Jr.

- 5 -
ROBERT D. JUDSON, JRS.' PRELIMINARY OPPOSITION TO TRUSTEE'S SUPPLEMENTAL BRIEF RE APPLICATION FOR SECOND ORDER REQUIRING PRODUCTION OF DOCUMENTS AND APPEARANCE FOR EXAMINATION BY BURLINGAME CAPITAL PATNERS II, L.P.

1102653/23258123v.1

| United States Bankruptcy Court - Southern District of California | COURT USE ONLY |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address):  Telephone No.<br>Jeffrey D. Cawdrey (SBN 120488)    619-696-6700<br>GORDON & REES LLP<br>101 W. Broadway, Suite 2000<br>San Diego, CA  92101<br>Attorneys for Attorneys for Robert D. Judson, Jr | |
| SHORT CASE TITLE<br>In re: Burlingame Capital Partners II, L.P., Debtor | BANKRUPTCY NO.  14-02607-CL7 |

# PROOF OF SERVICE

I, the undersigned, say:  I am over 18 years of age, employed in the City & County of Denver, Colorado, in which the within-mentioned service occurred; and that I am not a party to the subject cause.  My business address is 101 West Broadway, Suite 2000, San Diego, California 92101.  On **April 21, 2015,** I served the following document(s):

**ROBERT D. JUDSON, JRS.' PRELIMINARY OPPOSITION TO TRUSTEE'S SUPPLEMENTAL BRIEF RE APPLICATION FOR SECOND ORDER REQUIRING PRODUCTION OF DOCUMENTS AND APPEARANCE FOR EXAMINATION BY BURLINGAME CAPITAL PARTNERS II, L.P.** By the following means:

( )  BY MAIL. I am familiar with this firm's practice of collection and processing correspondence for mailing with the United States Postal Service, and that the correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business pursuant to Code of Civil Procedure §1013a. By placing a copy thereof in a separate envelope for each addressee named hereafter and addressed as follows:

( )  BY FAX. In addition to service by mail as set forth above, a copy of said document(s) were also delivered by facsimile transmission to the addressee pursuant to Code of Civil Procedure §1013(e).

( )  BY PERSONAL SERVICE. I caused said documents to be hand-delivered to the addressee pursuant to Code of Civil Procedure §1011.

( )  BY FEDERAL EXPRESS.  I deposited said document(s) in a box or other facility regularly maintained by the express service carrier providing overnight delivery pursuant to Code of Civil Procedure §1013(c).

( X )  BY THE COURT VIA NOTICE OF ELECTRONIC FILING (**"NEF"**): I caused all of the pages of the above-entitled document(s) to be electronically filed and served on designated recipients through the Electronic Case Filing system for the above-entitled case.  The file transmission was reported as successful and a copy of the Electronic Case Filing Receipt will be maintained with the original document(s) in our office.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **April 21, 2015**

/s/*Jeanne Mydland-Evans*
Jeanne Mydland-Evans

## SERVICE LIST

**ECF NOTIFICATION:**

Gary B. Rudolph on behalf of Trustee James L. Kennedy: Rudolph@sullivanhill.com; hill@sullivanhill.com, millerick@sullivanhill.com, bkstaff@sullivanhill.com, vidovich@ecf.inoruptcy.com, Rudolph@ecf.inoruptcy.com

James L. Kennedy: jim@jlkennedy.com, jkennedy@ecf.epiqsystems.com
James W. Beshears on behalf of Debtor, Burlingame Capital Partners II, L.P., a Delaware Limited Partnership: jwblaw@sbcglobal.net
United States Trustee: ustp.region15@usdoj.gov

<<<<<<<<<<<<<<<<<>>>>>>>>>>>>>>>>