JEFFREY CAWDREY (SBN: 120488)
jcawdrey@gordonrees.com
ROSS A. HOOGERHYDE (CO Bar # 42588)
rhoogerhyde@gordonrees.com
GORDON & REES LLP
101 W. Broadway
Suite 2000
San Diego, CA 92101
Telephone: (619) 696-6700
Facsimile: (619) 696-7124

Attorneys for
ROBERT D. JUDSON, JR.

**Gordon & Rees LLP**
**101 W. Broadway Suite 2000**
**San Diego, CA 92101**

## UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | ) CASE NO.  14-02607-CL7 |
| | ) |
| BURLINGAME CAPITAL PARTNERS II, L.P., a | ) CHAPTER 7 |
| Delaware Limited Partnership, | ) |
| | ) **ROBERT D. JUDSON, JR.'S REPLY** |
| | ) **IN SUPPORT OF MOTION TO** |
| | ) **DISQUALIFY ALLEN AM LECK** |
| | ) **GAMBLE MALLORY & NATSIS** |
| | ) **LLP AS COUNSEL FOR CHAPTER** |
| | ) **7 TRUSTEE AND MEMORANDUM** |
| | ) **OF POINTS AND AUTHORITIES** |
| | ) **IN SUPPORT** |
| | ) |
| | ) Date:   June 22, 2015 |
| | ) Time:   11:00 a.m. |
| | ) Place:  Dept.:  5, Room 318 |
| | ) Judge:  Hon. Christopher B. Latham |
| | ) |

**TABLE OF CONTENTS**

I.      INTRODUCTION .................................................................................................1

II.     AM IS NOT PURSUING LEGAL FEES, IT IS INVESTIGATING ALLEGED
        FRAUDULENT TRANSFERS BY ITS FORMER CLIENTS .............................2

III.    THE MOTION IS PROCEDURALLY PROPER ..................................................3

IV.     AM'S EMPLOYMENT IS BARRED BY 327(a) AND (e).................................5

V.      AM'S WILLFUL FAILURE TO DISCLOSE ITS REPRESENTATION OF
        EVERY FRAUDULENT TRANSFER TARGET COMPELS
        DISQUALIFICATION ..........................................................................................6

VI.     AM'S BREACH OF ITS DUTY OF LOYALTY TO ITS FORMER CLIENTS
        COMPELS DISQUALIFICATION........................................................................7

VII.    AM'S BREACH OF ITS DUTY OF CONFIDENTIALITY TO ITS FORMER
        CLIENTS COMPELS DISQUALIFICATION .......................................................8

VIII.   JUDSON IS ENTITLED TO RECOVER HIS ATTORNEYS' FEES BECAUSE
        OF AM'S INTENTIONAL FAILURE TO DISCLOSE ITS CONNECTIONS
        AND BREACH OF ITS DUTIES TO ITS FORMER CLIENTS ......................10

IX.     CONCLUSION....................................................................................................10

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

ROBERT D. JUDSON, JRS.' MOTION TO DISQUALIFY

**Gordon & Rees LLP**
**101 W. Broadway Suite 2000**
**San Diego, CA 92101**

## TABLE OF AUTHORITIES

**Cases**

*Commodity Futures Trading Com v. Weintraub*,
   471 U.S. 343 (U.S. 1985)...................................................................................................... 8

*Dietz v. Meisnheimer & Herron*,
   177 Cal. App. 4th 771 (Cal. App. 2009)............................................................................... 9

*In re AroChem Corp.*,
   176 F.3d 610 (2d Cir. 1999) ................................................................................................. 6

*In re Fresh Choice, LLC*,
   71 Collier Bankr. Cas 2d (MB) 1077, (Bankr. N.D. Cal. March 10, 2014) ............................ 6

*In re Jaeger*,
   213 B.R. 578 (Bankr. C.D. Cal. 1997).................................................................................. 7

*In re Madera Roofing, Inc.*,
   2014 Bankr. LEXIS 4128 (Bankr. E.D. Cal. September 25, 2014) .......................................... 6

*In re Omegas Grou,*
   195 B.R. 875 (Bankr. W.D. Ky. 1996) ................................................................................. 3

*In re Southern Kitchens*,
   216 B.R. 819 (Bankr. D. Minn. 1998) .................................................................................. 6

*In re SVI Media, Inc.*,
   50 Bankr. Ct. Dec. 240 (Bankr. C.D. Ill. Oct. 31, 2008) ........................................................ 5

*Meehan v. Hopps*,
   144 Cal. App. 2d 284 (Cal. App. 1956)................................................................................ 9

*Northern Natural Gas Co. v. Superior Court*,
   64 Cal. App. 3d 983 (Cal. App. 1976)................................................................................ 10

*United States v. Campbell*,
   73 F.3d 44 (5th Cir. 1996) .................................................................................................... 8

**Statutes**

11 United States Code
   Section 105 ......................................................................................................................... 10

11 United States Code
   Section 327 ....................................................................................................................... 1, 5, 6

Evidence Code
   Section 958 ........................................................................................................................... 9

**Gordon & Rees LLP**
**101 W. Broadway Suite 2000**
**San Diego, CA 92101**

Evidence Code
   Section 962 ....................................................................................................................... 9

**Rules**

California Rule of Professional Conduct
   Rule 3-310 ......................................................................................................................... 8

Federal Rules of Bankruptcy Procedure
   Rule 2004 ........................................................................................................................ 10

Federal Rules of Bankruptcy Procedure
   Rule 2014 ............................................................................................................. 2, 6, 7, 10

- iii -

ROBERT D. JUDSON, JRS.' MOTION TO DISQUALIFY

Robert D. Judson, Jr. ("Judson")[1] by and through his attorneys, Gordon & Rees, LLP, respectfully submits this Reply in Support of Motion to Disqualify Allen Matkins Leck Gamble Mallory & Natsis LLP ("AM") as counsel for Chapter 7 Trustee and Memorandum of Points and Authorities in Support and states as follows:

**I.     INTRODUCTION**

AM's attempted representation is not in "pursuit of recovery of its fees." (Response p. 1.) Instead, this is an attempt to assert fraudulent transfers claims on behalf of a former client against other former clients. In essence, AM attempts to represent both sides of the v. This violates AM's duties of loyalty and confidentiality to its former clients. These breaches cannot be waived by Chapter 7 trustee James L. Kennedy ("Trustee"). Moreover, AM has not produced any conflict waiver by the Trustee. But, even if it had, such waiver is limited to Burlingame Capital Partners II, L.P. ("Debtor"), not the numerous other prior clients of AM.

The Motion is not procedurally barred nor is it based on gamesmanship.[2] AM's employment was approved *ex parte* in just two days, without notice to Judson individually. Shortly after Judson discovered AM's representation and improper pursuit of its former clients, he informed this Court and filed the Disqualification Motion. Moreover, the Superior Court Order relied upon by AM addressed a different issue than the one before this Court. That order never concluded that AM could represent a former client against other former clients in asserting fraudulent transfer claims on account of transfers it structured.

AM's employment is also precluded by 327 (a) and (e) because the firm is not disinterested with respect to the attempted fraudulent transfers claims as AM provided legal advice to its former clients regarding the very transfers it now attempts to investigate and avoid.

Worse yet, and despite the Disqualification Motion, AM still has not disclosed its extensive client relationships with the targets of its attempted fraudulent transfer investigation.

---

[1] Capitalized terms utilized herein but not defined shall have the meaning ascribed to them in Robert D. Judson, Jr.'s Motion to Disqualify Allen AM Leck Gamble Mallory & Natsis LLP as Counsel for Chapter 7 Trustee and Memorandum of Points and Authorities in Support ("Disqualification Motion").

[2] Judson fully denies he destroyed documents in connection with this bankruptcy case. Rather, as fully set forth in his deposition, his efforts were intended to, and did, preserve all relevant documents. Judson's intention to move to disqualify AM was communicated to this Court well before AM' allegations that Judson destroyed documents.

- 1 -

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

Instead, AM improperly relies on its deficient disclosure that it represented the Debtor and affiliated entities.  This limited disclosure wholly fails under Rule 2014 as it conceals the actually conflicts prohibiting AM's "investigation" and pursuit of fraudulent transfer claims against its former clients.  AM's continued failure to comply with its disclosure obligations alone compels disqualification.

AM's willful failure to disclose its connections and the violation of its duties of loyalty and confidentiality to the targets of its attempted fraudulent transfer investigation compels an award of attorneys' fees to Judson.

## II.    AM IS NOT PURSUING LEGAL FEES, IT IS INVESTIGATING ALLEGED FRAUDULENT TRANSFERS BY ITS FORMER CLIENTS

AM alleges its employment in this Court is in pursuit of its attorneys' fees.  This is misleading and inaccurate.[3]  The Allen Matkins Lawsuit is in pursuit of its attorneys' fees.  However, the only proper and remaining defendant in that lawsuit is Debtor.  In fact, by Order entered October 13, 2011, AM stipulated to dismiss Judson, Janice Judson, and Burlingame Capital, LLC ("BurlCap") *with prejudice* from the Allen Matkins Lawsuit.  Request for Judicial Notice, Ex. 4 at p. 94:4-5.  AM further stipulated that the Allen Matkins Lawsuit "shall proceed only against defendant [Debtor]."  *Id.*  This stipulation constitutes a binding admission by AM and a judicial determination that the only party responsible for the claimed attorneys' fees was Debtor.  AM cannot assert claims for recovery of unpaid attorneys' fees against Judson, Janice Judson or Burl Cap and its reliance upon law relative to such pursuit is wholly inapplicable.[4]

AM cannot, as a matter of law and as a matter of fact, establish that any of the avoidance targets: Judson, BurlCap, Alturdyne, Electrochem Solutions, Python Injection, KC Funding or others had, or have, any responsibility for Matkin's claimed attorneys' fees.[5]  In addition to AM's voluntary dismissal of such alleged claims, these claims are long barred by the applicable

[3] Even though, AM's efforts to allege fraudulent transfer claims against the very parties it dismissed from the Superior Court lawsuit is really an attempted improper end run around its stipulated dismissal of such parties.
[4] See Note 3.
[5] AM obscures the relationship between the Judsons and these entities.  The Judsons never owned the related entities.  Instead, Burl Cap controlled the Debtor.  The Judsons were principals in Burl Cap but not the only principals.  Any ownership or control of the related entities Alturdyne, Electrochem Solutions or Python Injection was by Debtor or its general partner Burl Cap, not Judsons individually.

- 2 -

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

statute of limitations and improper in this bankruptcy proceeding.  Further, AM is not defending claims of malpractice as Debtor's cross claims were fully dismissed by the Trustee.  Response at p. 6:8-13.

In reality, AM seeks to assert avoidance actions against the avoidance targets because it cannot sue these entities directly for its attorneys' fees.  This is significant and controlling.  None of the exceptions to its duties to former clients – (1) pursuit of unpaid legal fees or (2) defense of malpractice claims – apply in the context of AM's employment in this case.  AM is barred from pursuing any entity other than Debtor pursuant to the stipulation and court order in the AM' Lawsuit and any malpractice claims were dismissed by the Trustee.  Since neither exception applies, AM owes ongoing duties of loyalty and confidentiality to its former clients that preclude the attempted investigation and prosecution against its former clients.

### III.    THE MOTION IS PROCEDURALLY PROPER

The Disqualification Motion is not procedurally barred.  *In re Omegas Group*, 195 B.R. 875, 877 (Bankr. W.D. Ky. 1996), cited by AM, does not support denial of the Disqualification Motion.  Importantly, in *In re Omegas Group*, the application was made with twenty days notice to all interested parties whereas in this case AM's employment was approved *ex parte* in just two days.  *Id.*  There is no evidence that Judson received personal notice of the application.  And, if he had, there was not time to object in the two short days before the application was approved. The lack of any objection, request for reconsideration or appeal does not prohibit Judson's Disqualification Motion.  Moreover, unlike the United States Trustee in *In re Omegas Group*, Judson *did not delay* raising the disqualification issues for nearly *four and a half years*.  Instead, shortly after Judson learned of AM's attempted representation and its attempted breach of its duties to him and other former clients, he raised this issue with the Court and, thereafter, filed his Disqualification Motion within the time period prescribed by the Court.

Disqualification of AM will not be unduly prejudicial at this early state.  AM has taken one limited, non-substantive deposition of Judson regarding the maintenance and location of documents.  It has not engaged in any substantive, fact based discovery, nor initiated, let alone litigated, any avoidance actions.  AM has not obtained or reviewed any of the documents it

**Gordon & Rees LLP**
**101 W. Broadway Suite 2000**
**San Diego, CA 92101**

- 3 -

**Gordon & Rees LLP**
**101 W. Broadway Suite 2000**
**San Diego, CA 92101**

claims it needs in this proceeding.  And, to the extent there is any prejudice to AM, it arises solely from its failure to properly disclose and disregard of its duties to its former clients.

Further, the Superior Court Order does not have any preclusive effect and is irrelevant to this Court's determination of the Disqualification Motion.  The Superior Court Order addressed the limited issue of whether Judson was judicially estopped from contesting the reasonableness of AM' fees by prior representations that such fees were reasonable.  Request for Judicial Notice, Ex. 6 at p. 132.   The Superior Court Order addressed an alleged conflict of interest based on Judson's alleged statement that he "did not care what happened to [Debtor] in the litigation as long as the Judsons were protected." *Id.*   The court recognized a conflict occurs "when, on behalf of one client, it is [the lawyer's] duty to contend for that which duty to another client requires him to oppose." (*Id.*)  Based on this, the court concluded no conflict existed since Debtor and Judson's interest were aligned on the particular case at issue since both desired "to defend the affirmative claims against them, and to prevail on their affirmative claims against others." *Id.*  The court also found "[n]othing in the record suggests that anything that AM did – or didn't do – elevated the Judsons' interest in defending the fraud claims over [Debtor's]." *Id.* at 153:28-154:1. As such, on the limited facts before the court, it concluded that no conflict of interest existed in the prior state court case between Debtor and Judson against Kids Connection and QMECT.  The court *did not conclude* that Judson and Debtor's interest would always be aligned or that Judson was judicially estopped from asserting AM' had a conflict of interest in the future. *Id.*  The Superior Court Order addressed different facts and issues and has no bearing on the Disqualification Motion.

Here, it is indisputable that Debtor and Judson's interest are not longer aligned.  Debtor's trustee, through AM, attempts to avoid certain transfers and recover them from its former clients, Judson, Alturdyne, Electrochem Solutions, KC Funding, or Python Injection.  On the other hand, Judson, and the other former clients, deny any avoidable transfer occurred or that any funds are owed to Debtor.  These positions are directly adverse.  The Superior Court Order did not even address the conflict at issue in this case that arises from AM's attempt to assert claims on behalf of one client, Debtor/Trustee, against its other former clients, the avoidance targets.

- 4 -

#### IV.    AM' EMPLOYMENT IS BARRED BY 327(A) AND (E)

AM's application for employment should have been analyzed under the more rigorous requirements of 327(a). *In re SVI Media, Inc.*, 50 Bankr. Ct. Dec. 240 (Bankr. C.D. Ill. Oct. 31, 2008). AM's attempts to distinguish *In re SVI Media, Inc.* are unavailing. The Court did not rely on the prior representation of the Chapter 11 debtor in its determination that the trustee's proposed retention of counsel was required to comply with section 327(a) instead of 327(e). *Id.* Instead, the Court recognized the proposed employment to "identify[], evaluat[e] and pursu[e] avoidable transfers" was a primary duty of the trustee. *Id.* The trustee has this duty in every chapter 7 bankruptcy case irrespective of whether proposed counsel's representation of the debtor was in a chapter 11 or other prior matters. The court concluded that since the proposed employment was to perform the trustee's essential duties – investigation and prosecution of avoidance actions – it was required to be approved under the more rigorous standards of 327(a). *Id.* This holds true regardless of nature of the prior representation.

As in *SVI Media*, AM has hijacked representation of the Trustee to pursue its own agenda, notwithstanding the Trustee's retention of the Sullivan Hill law firm. AM claims its representation of the Trustee is in furtherance of recovering its claim of $2.8 million of the $3 million in claims in this case. (Response at p. 16.) AM asserts "[t]he overwhelming majority of any recovery that is realized for the benefit of the estate will ultimately be applied to satisfy AM's fee claim." (*Id.*) AM is the largest creditor of Debtor's estate. The majority of the assets in Debtor's estate are the potential avoidance actions and potential recovery of accounts receivable. The only administration of the estate is liquidation of the potential avoidance actions and accounts receivable. As such, AM' employment should have been requested under Section 327(a) which it undeniably cannot satisfy since it admits it is Debtor's largest prepetition creditor.

AM's employment is also properly rejected under Section 327(e) because it is not disinterested with respect to the fraudulent transfers it seeks to investigate and pursue. AM seeks to investigate and pursue avoidance actions directly against its former clients – Judson, Alturdyne, Electrochem Solutions, KC Funding and Python Injection and possibly others. In *In*

- 5 -

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

*re AroChem Corp.*, 176 F.3d 610, 624 (2d Cir. 1999) the Court "noted that <u>section 327(e) bars retention of 'special counsel who, on any matter of substance, represent or have represented a client that is an actual or potential opponent of the estate in the dispute for which counsel would be engaged.'</u>" *Id.* ( (*citing In re Southern Kitchens*, 216 B.R. 819 (Bankr. D. Minn. 1998)) (emphasis added). AM cannot deny it represented clients who are potential opponents of the estate. In fact, every single potential avoidance target is a former client of AM. This precludes AM's employment under Section 327(e). As such, AM' employment must be revoked regardless of whether it is analyzed under Section 327(a) or (e).

## V.    AM' WILLFUL FAILURE TO DISCLOSE ITS REPRESENTATION OF EVERY FRAUDULENT TRANSFER TARGET COMPELS DISQUALIFICATION

Rule 2014 requires disclosure "to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, <u>any other party in interest</u> . . . ." Fed. R. Bankr. P. 2014. "The disclosure requirements of Rule 2014 are construed strictly, and 'failure to comply . . . is a sanctionable violation, even if proper disclosure would have shown that the attorney had not actually violated any Bankruptcy Code provision or any Bankruptcy Rule." *In re Fresh Choice, LLC*, 71 Collier Bankr. Cas 2d (MB) 1077, (Bankr. N.D. Cal. March 10, 2014). "Under the Rule 2014 disclosure requirements, a professional has an independent duty to disclose all relevant information to the court." *Id.* "The duty is <u>one of complete disclosure</u> of all known facts that are or may be pertinent, and <u>a professional may not exercise discretion to withhold information.</u>" *Id.*   (emphasis added) "[C]ourts have imposed  a very high standard for compliance with Rule 2014(a) disclosure requirement, Coy, or incomplete disclosures . . . are not sufficient. '[T]he duty is one of complete disclosure of all facts.' 'The burden is on the person to be employed to come forward and make full, candid, and complete disclosure.'" *In re Madera Roofing, Inc.*, 2014 Bankr. LEXIS 4128, * 17 (Bankr. E.D. Cal. September 25, 2014). "Failure to make full disclosure may result in disqualification of the professional person." *Id.*

AM's coy response to its inadequate disclosure that "[t]he argument barely warrants attention[]" and failure to disclose its prior representation of the very fraudulent transfer targets it seeks to investigate mandates disqualification. Judson does not allege that AM failed to disclose

- 6 -

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

**Gordon & Rees LLP**
**101 W. Broadway Suite 2000**
**San Diego, CA 92101**

the prior litigation with Debtor or dismissal of the Debtor's cross-claims.   Judson properly notes that AM failed to disclose its prior, extensive representation of Judson, Alturdyne, Electrochem Solutions, KC Funding and Python Injection.  It is the abject and intentional failure to make full, candid and complete disclosure of these extensive connections that compels disqualification.

Astonishingly, in response to the Disqualification Motion, AM still has not disclosed its prior representation of the very fraudulent avoidance targets it seeks to investigate and, undoubtedly, thereafter prosecute.  Even if these prior representations did not rise to an actual conflict of interest, which clearly they do, the failure to disclose these connections requires disqualification.  Moreover, the failure to supplement its disclosures establishes that the failure was not negligent, it was intentional.  AM must be disqualified for its unmitigated breach of its disclosure obligations under Rule 2014.

## VI.    AM'S BREACH OF ITS DUTY OF LOYALTY TO ITS FORMER CLIENTS COMPELS DISQUALIFICATION

AM entirely fails to address *In re Jaeger*, 213 B.R. 578, 588 (Bankr. C.D. Cal. 1997) which holds the duty of loyalty "prohibits an attorney absent written consent, from representing a party adverse to a <u>former client</u> in a matter substantially related to the prior representation." *Id.* (emphasis added).  Tellingly, the only duty of loyalty case cited by AM, *Santa Clara County Counsel Attys. Assn. v. Woodside*, also supports AM's disqualification.  In *Santa Clara,* the Court recited the duty of loyalty as follows: "an attorneys' duty to protect his client in every possible way, and it is a violation of that duty for him to assume a position adverse or antagonistic to his client without the latter's free and intelligent consent . . . .  By virtue of this rule an attorney is precluded from assuming any relation which would prevent him from devoting his entire energies to his client's interest." *Id.*  While the issue in *Santa Clara* – whether government attorneys could enforce statutory collective bargaining rights against their employers without violating their duty of loyalty – is substantially different from the issues in this case, the *Santa Clara* case actually supports AM's disqualification.  Simply, the duty of loyalty prohibits AM from taking any action adverse to its former clients – Judson, Alturdyne, Electrochem Solutions, KC Funding and Python Injection – without their informed written

- 7 -

**Gordon & Rees LLP**
**101 W. Broadway Suite 2000**
**San Diego, CA 92101**

consent which has not been, and will not be, provided.  AM's ongoing duty of loyalty precludes it from investigating or prosecuting avoidance claims against its former clients.

The Trustee cannot waive breaches of AM's duty of loyalty to its former clients.  AM cites *Commodity Futures Trading Com v. Weintraub*, 471 U.S. 343 (U.S. 1985) and *United States v. Campbell*, 73 F.3d 44 (5th Cir. 1996) for the proposition that a bankruptcy trustee can waive the attorney-client privilege on behalf of a bankrupt corporation or limited liability partnership.  (Response at p. 13.)  Importantly, the trustee does not acquire the right to waive attorney-client privilege or conflicts on behalf of entities other than the Debtor.  Notwithstanding Debtor's bankruptcy case, Judson, Alturdyne, Electrochem Solutions, KC Funding and Python Injection retain their rights to assert the attorney-client privilege and insist on observation of AM's duty of loyalty.  This is exactly what AM's former clients have done by asserting the conflict and by filing the Disqualification Motion.  Since AM's former clients have not, and will not, waive AM's breach of its duty of loyalty to them, the unwaived duty of loyalty precludes AM's attempted representation in connection with avoidance actions against its former clients.

## VII.    AM' BREACH OF ITS DUTY OF CONFIDENTIALITY TO ITS FORMER CLIENTS COMPELS DISQUALIFICATION

AM also entirely fails to address its breach of California Rule of Professional Conduct 3-310(e) which provides "[a] member shall not, without the informed written consent of the client or former client, accept employment adverse to the client or former client where, by reason of the representation of the client or former client, the member has obtained confidential information material to the employment."  Cal. R. P. Conduct 3-310(e).  Instead, AM extensively cites legal authority holding the attorney-client privilege does not apply in legal malpractice actions or attorney fee disputes.  (Response at p. 15-16.)  As outlined above, AM's authority does not apply in this case as this is not a case involving allegations of malpractice against AM or an attempt to collect attorneys' fees from clients obligated to pay those fees.  This is an attempt to assert avoidance actions against related entities that do not have any responsibility for the claimed attorneys' fees.

Additionally, even the authority relied upon by AM establishes that it cannot assert

- 8 -

ROBERT D. JUDSON, JR.'S REPLY IN SUPPORT OF MOTION TO DISQUALIFY

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

avoidance actions against its former clients. *Dietz v. Meisnheimer & Herron*, 177 Cal. App. 4th 771, 785 (Cal. App. 2009) recognizes "[t]he duty of confidentiality is broader than the attorney-client privilege . . . and 'survives the termination of the attorney's representation." *Id.* "An attorney 'can reveal confidences to defend against a malpractice claim or a fee dispute . . . ." *Id.* "However, Evidence Code section 958 has been construed to apply only when 'either the attorney or client charges the other with a breach of duty arising from their professional relationship." *Id.* (emphasis added). "Privileged communications do not become discoverable because they are related to issues raised in the litigation." *Id.* "[W]hile the law is not fully settled in this area, we assume for purposes of this decision that there is no exception to the duty to preserve client confidences in a case brought against an attorney by a third party." *Id.*

In *Meehan v. Hopps*, 144 Cal. App. 2d 284, 291 (Cal. App. 1956), the court recognized the abundance of legal authority prohibiting an attorney from taking a position directly adverse to a former client. *Id.* However, the Court distinguished those cases because on the facts before it there was no attorney client relationship. *Id.* Thus, it is well settled that the duty of confidentiality prohibits an attorney from taking a position directly adverse to its former clients except in the limited circumstances where the client asserts a malpractice claim or the attorney is required to sue to recover its fees. Since neither scenario is applicable in this case, AM owes a continuing duty of confidentiality to its former clients. AM has breached its duty by attempting to investigate and initiate avoidance actions against those clients.

AM also argues that Evidence Code Section 962 prohibits any claim of confidentiality by any former AM client. This is based on AM's unsupported and incorrect assertion that every representation of Debtor and any former client was a joint representation. AM has not disclosed the details of any of its former client representations and thus it is impossible for the Court to determine whether every representation was a joint representation. Notably, the engagement agreements attached to the Disqualification Motion do not represent all of AM's client engagements with the affected clients. Indeed, on at least one occasion, AM undertook representation of the Debtor without a fully executed engagement agreement. AM has also represented only related entities, thereby entitling them to confidentiality from Debtor and

- 9 -

**Gordon & Rees LLP**
**101 W. Broadway Suite 2000**
**San Diego, CA 92101**

precluding AM's representation.  Due to AM's failure to make the required Rule 2014 disclosures and the required disqualification of AM's employment as a result, this Court need not undertake this determination.

AM's reliance on *Northern Natural Gas Co. v. Superior Court*, 64 Cal. App. 3d 983, 992 (Cal. App. 1976), is entirely misplaced.  This case involves imputed knowledge for the purpose of determining whether a court could obtain personal jurisdiction over a parent corporation based on representations made by its subsidiary.  *Id.*  This case does not involve the duty of confidentiality or loyalty or disqualification of counsel under the bankruptcy code and has no application to this Court's determination of the Disqualification Motion.

## VIII.   JUDSON IS ENTITLED TO RECOVER HIS ATTORNEYS' FEES BECAUSE OF AM'S INTENTIONAL FAILURE TO DISCLOSE ITS CONNECTIONS AND BREACH OF ITS DUTIES TO ITS FORMER CLIENTS

AM concedes that attorneys' fees can be recovered under 11 U.S.C. § 105(a), but denies its conduct was sufficiently vexatious or undertaken in bad faith to warrant an award of fees. This case does compel an award of attorneys' fees, in addition to the disqualification of AM. AM has intentionally and repeatedly failed to disclose its extensive connections with the targets of its avoidance action and has failed to comply with the clear mandates of bankruptcy law. Additionally, AM intentionally and knowingly breached its duties of loyalty and confidentiality to its former clients.  The improper conduct by AM was vexatious and undertaken in bad faith to advance its four plus year fee dispute with Debtor against Judson.  This has caused direct substantial harm and prejudice to Judson, including in the form of substantial and unnecessary attorneys' fees to defend against such actions and compel enforcement of AM's adherence to its ethical and statutory duties.  Accordingly, an award of attorneys' fees to Judson is appropriate and well within the Court's discretion.

## IX.   CONCLUSION

Judson respectfully requests that this Court enter an order (i) terminating Matkin's' employment as special counsel for the Trustee; (ii) disqualifying AM from representing the Chapter 7 Trustee in connection with the examinations under Bankruptcy Rule 2004 and any claims against Robert and Janice Judson individually and entity related to which they may have

- 10 -

an interest including, but not limited to, KC Funding LLC, Burlingame Capital, LLC, Alturdyne Inc., Electrochem Solutions, LLC, Python Injection and SBMC Solutions, LLC; (iii) awarding Judson reasonable attorneys' fees in connection with this Motion and (iv) granting such other relief as the Court deems appropriate.

Dated:  May 18, 2015                                      GORDON & REES LLP


                                                         By: /s/*Jeffrey D. Cawdrey*
                                                                 Jeffrey Cawdrey
                                                                 Attorneys for Robert D. Judson, Jr.

**Gordon & Rees LLP**
**101 W. Broadway Suite 2000**
**San Diego, CA 92101**

1102653/23565926v.1

- 11 -

ROBERT D. JUDSON, JR.'S REPLY IN SUPPORT OF MOTION TO DISQUALIFY