Order Entered on
June 23, 2015
by Clerk U.S. Bankruptcy Court
Southern District of California

**UNITED STATES BANKRUPTCY COURT**
SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, California 92101-6991

| | |
|---|---|
| In Re<br>BURLINGAME CAPITAL PARTNERS, II, L.P.<br><br>Debtor. | BANKRUPTCY NO.    14-02607-CL7<br>Date of Hearing:    6/22/15<br>Time of Hearing:    11:00 AM<br>Name of Judge:    Christopher B. Latham |

## ORDER DISQUALIFYING ALLEN MATKINS AS § 327(e) COUNSEL

IT IS HEREBY ORDERED as set forth on the continuation page(s) attached, numbered two (2) through six (6).

DATED:    June 23, 2015

_____
Judge, United States Bankruptcy Court

Page 2 ORDER DISQUALIFYING ALLEN MATKINS AS § 327(e) COUNSEL

DEBTOR: BURLINGAME CAPITAL PARTNERS, II, L.P.                                  CASE NO: 14-02607-CL7

The court has considered Robert Judson, Jr.'s ("Judson") motion to disqualify Allen Matkins Leck Gamble Mallory & Natsis LLP ("Allen Matkins"), the Trustee's opposition, Judson's reply, its own tentative ruling, and the parties' oral argument at the hearing.  Good cause appearing, and because Allen Matkins did not fully disclose its connections with parties in interest during its appointment as § 327(e) counsel, the court **partially grants** the motion and **revokes** Allen Matkins's appointment as special counsel.

### Background

From 2000 to 2009, Allen Matkins represented Burlingame Capital Partners, II, L.P. ("Debtor").  Allen Matkins also represented: Judson; Janice Judson; and entities affiliated with Debtor.  These entities include: Burlingame Capital LLC (Debtor's general partner); Alturdyne, Inc.; Electrochem Solutions, LLC; Python Injection, Inc.; SBMC Solutions, LLC; and KC Funding, LLC.

In November 2010, Allen Matkins sued Debtor and other parties in the San Francisco Superior Court to recover legal fees.  Debtor filed a cross-complaint, and Allen Matkins raised judicial estoppel as an affirmative defense. The lawsuit partially settled, and Debtor and Allen Matkins were the only remaining parties.  The Superior Court held a bifurcated trial on the judicial estoppel defense in September 2013.  In October 2013, it found in Allen Matkins's favor.

On April 1, 2014, Debtor submitted its voluntary Chapter 7 petition (ECF No. 1).  James Kennedy was appointed as the Chapter 7 Trustee.  On May 6, the court approved the Trustee's application to employ Sullivan Hill Lewin Rez & Engel, APLC as general counsel (ECF No. 14).

On May 29, the Trustee filed his notice of intended action to dismiss the state court cross-complaint against Allen Matkins and an appeal of a discovery sanction order (the "NOIA") (ECF No. 18).  On June 11, the Trustee amended his NOIA to clarify that he intended to dismiss the entire cross-complaint with prejudice (ECF No. 21).  On July 8, the court approved the NOIA (ECF No. 22).

On October 28, the Trustee applied to employ Allen Matkins as special counsel (ECF No. 31).  Allen Matkins was "to analyze, investigate, and if appropriate, pursue avoidance actions and other possible litigation against insiders and/or affiliates of the Debtor, as well as other third-parties" (*id.*).  The Trustee and Allen Matkins disclosed: that Allen Matkins was Debtor's counsel prepetition; the San Francisco lawsuit; Debtor's cross-claim; and the dismissal of the cross-claim.  Allen Matkins also disclosed a possible conflict as to creditor Wells Fargo Pacific Holdings, Inc.: it represented Wells Fargo Bank in unrelated matters, and if the two entities were related, it would not take a position adverse to Wells Fargo Pacific Holdings, Inc. (ECF No. 31-1, pg. 2).  The court approved the application on October 30 (ECF No. 32).

On December 12, the Trustee, through Allen Matkins, applied for a Federal Rule of Bankruptcy Procedure 2004 ("Rule 2004") examination of Debtor (ECF No. 39).  The court approved the request (ECF No. 40).  And on December 29, the Trustee asked to amend the request (ECF No. 42), which the court likewise approved (ECF No. 43).

On March 4, 2015, the Trustee again requested a Rule 2004 examination, but this time the proposed order directed Judson to appear (ECF No. 48).  Judson promptly opposed (ECF No. 49), and the parties briefed the matter.  The court held an informal telephonic conference on the matter (ECF No. 53).  At it, Judson's counsel stated his intention to file a motion to disqualify Allen Matkins.  The court received supplemental briefing on the matter (ECF

Signed by Judge Christopher B. Latham June 23, 2015

Page 3 ORDER DISQUALIFYING ALLEN MATKINS AS § 327(e) COUNSEL

DEBTOR: BURLINGAME CAPITAL PARTNERS, II, L.P.                    CASE NO: 14-02607-CL7

Nos. 62, 63, and 67).  On April 20, Judson filed the present motion to disqualify Allen Matkins.  At the April 22 hearing on the Rule 2004 matter, the court provided for an interim production of documents, but also deferred ruling on the Rule 2004 request until after the motion to disqualify was heard and decided (ECF No. 70).

On May 8, the Trustee, through Allen Matkins, opposed the motion to disqualify (ECF Nos. 74 and 75).  And Judson replied (ECF No. 76).

The court issued a tentative ruling on June 19, and invited Allen Matkins to submit (ECF No. 77).  The court heard the matter on June 22 (ECF No. 78).  And Allen Matkins submitted on the tentative ruling.

### Legal Standard

Section 327(e) of the bankruptcy code provides that the Trustee – with the court's approval – may employ special counsel "that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed."  11 U.S.C. § 327(e).

Federal Rule of Bankruptcy Procedure 2014 ("Rule 2014") governs § 327 applications.  It states:

> The [§ 327] application shall state . . . the name of the person to be employed . . . and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.  The application shall be accompanied by a verified statement of the person to be employed setting forth the person's connections with the debtor, creditors, or any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014(a).  When Allen Matkins's employment application was filed, the Local Bankruptcy Rules ("Former LBR") in effect at the time provided that the "application for employment of . . . professionals . . . . shall conform to Fed. R. Bankr. P. 2014(a)."  Former LBR 2014-1(b).

The professional "has a duty to make full, candid and complete disclosure of all facts concerning his transactions with the debtor."  *Mehdipour v. Marcus & Millichap (In re Mehdipour)*, 202 B.R. 474, 480 (B.A.P. 9th Cir. 1996) (citing *Neben & Starrett, Inc. v. Chartwell Financial Corp. (In re Park-Helena Corp)*, 63 F.3d 877 (9th. Cir. 1995)), *aff'd*, *Mehdipour v. Millichap*, 139 F.3d 1303 (9th Cir. 1998); *In re Kings River Resorts, Inc.*, 342 B.R. 76, 85 (Bankr. E.D. Cal. 2006).  Professionals "must disclose all connections . . . no matter how irrelevant or trivial those connections may seem."  *In re Mehdipour*, 202 B.R. at 480 (citing *In re EWC, Inc.*, 138 B.R. 276, 280 (Bankr. W.D. Okla. 1992)).  These rules "are not discretionary."  *Id.*  Professionals "cannot pick and choose which connections are irrelevant or trivial."  *In re EWC, Inc.*, 138 B.R. at 280.  And the disclosures "must appear in the application and declaration required by [Rule] 2014(a)."  *In re B.E.S. Concrete Products, Inc.*, 93 B.R. 228, 236 (Bankr. E.D. Cal. 1988) (citing cases).

 "Violation of the disclosure rules alone is enough to disqualify a professional and deny compensation, regardless of whether the undisclosed connections or fee arrangements were materially adverse to the interests of the estate or were *de minimis*."  *In re EWC, Inc.*, 138 B.R. at 280.  *See In re Kings River Resorts, Inc.*, 342 B.R. 76, 86 (Bankr. E.D. Cal. 2006) ("Failure to make disclosure may result in disqualification of a professional person.  If the lack of

Signed by Judge Christopher B. Latham June 23, 2015

Page 4 ORDER DISQUALIFYING ALLEN MATKINS AS § 327(e) COUNSEL

DEBTOR: BURLINGAME CAPITAL PARTNERS, II, L.P.                    CASE NO: 14-02607-CL7

disclosure is discovered after employment is approved, it may also result in denial and disgorgement of compensation.").

The Local Rules for the United States District Court for the Southern District of California requires attorneys to "comply with the standards of professional conduct required of members of the State Bar of California . . . ." CivLR 83.4(b). *See* LBR 1001-5 (applying certain CivLR, as specified in Appendix B); LBR Appendix B (applying CivLR 83.4). Thus, California's Rules of Professional Conduct apply. *See also In re Jaeger*, 213 B.R. 578, 583 (Bankr. C.D. Cal. 1997).

## Discussion

The court concludes that Allen Matkins failed to disclose its connections to parties in interest, as required by Rule 2014. Accordingly, it **revokes** Allen Matkins's appointment as § 327(e) special counsel to the Trustee. The court declines to reach certain other of the issues raised by the parties.

### *The Motion Is Procedurally Proper*

As an initial matter, Allen Matkins contends the motion is procedurally improper because Judson waited some six months after Allen Matkins's employment to bring it. Allen Matkins cites *In re Omegas Group., Inc.*, 195 B.R. 875, 879 (Bankr. W.D. Ky. 1996). Judson contends that disqualifying Allen Matkins will not be unduly prejudicial and that *Omegas* is distinguishable.

In *In re Omegas Group, Inc.*, the Chapter 7 Trustee proposed to employ an attorney as counsel. *Id.* at 878. The court provided 20 days to object. *Id.* And, receiving no objection, the court approved the order. *Id.* Over four years later – and after not objecting to three previous fee requests – the United States Trustee (the "UST") objected to employment. *Id.* at 879. The court held that the UST was procedurally barred from bringing the motion. *Id.* The court also rejected the UST's substantive argument. *Id.* And the court, recognizing the "extraordinary time and effort . . ., the complexity of the issues, and the phenomenal results achieved," awarded counsel *increased* fees. *Id.* at 879-82.

The court does not find *In re Omegas Group, Inc.* compelling. First, it is non-binding authority. Second, this court provided no opportunity for objections to Allen Matkins's employment. Third, Judson did not ignore fee requests over the years, only to object to Allen Matkins's final fee request. *See* 11 U.S.C. § 328(c) (providing that the court may deny a professional's compensation if the professional, at any time during the professional's employment, "holds an interest adverse to the interest of the estate with respect to the matter on which such professional person is employed"). In any event, Judson brought this motion within five months of the order approving Allen Matkins's employment – and within two months of the Trustee requesting Judson appear at the Rule 2004 Exam. *See In re Jaeger*, 213 B.R. at 594 (three and a half months not a sufficient delay to constitute waiver). And Allen Matkins has not expended extraordinary time and effort in this matter (or, for that matter, achieved phenomenal results) – indeed, it only just began representing the Trustee. Last, the court's order appointing Allen Matkins was interlocutory. *Sec. Pac. Bank Wash. v. Steinberg (In re Westwood Shake & Shingle, Inc.)*, 971 F.2d 387, 389 (9th Cir. 1992). So it may revisit the order at its own discretion. Accordingly, the court concludes that this motion is procedurally proper.

Signed by Judge Christopher B. Latham June 23, 2015

Page 5 ORDER DISQUALIFYING ALLEN MATKINS AS § 327(e) COUNSEL

DEBTOR: BURLINGAME CAPITAL PARTNERS, II, L.P.                    CASE NO: 14-02607-CL7

*Allen Matkins's Failure to Disclose Connections to Parties in Interest*

The court finds that Allen Matkins failed to disclose connections to parties in interest.

Judson argues that Allen Matkins's § 327(e) application did not disclose its prior connections to – indeed, its representation of – the entities it is now investigating for the Trustee. Judson contends Allen Matkins owes a duty of loyalty to its former clients, including Judson, Janice Judson, KC Funding, Python Injection, and Alturdyne. As such, Judson urges that Allen Matkins's employment should be revoked. Allen Matkins argues that this "argument barely warrants attention." It contends that its application disclosed its prior representation of Debtor, its claim against Debtor, and its litigation with Debtor. As for the non-disclosure of its prior representations of the other entities, Allen Matkins argues that Judson's "argument fails to recognize that Allen Matkins' representation of the Judsons and affiliates was solely joint representation in connection with the representation of Debtor." It points out that "Judson and Debtor are well aware of this . . . ."

Judson and Debtor may indeed have been aware. But this court was not. At present, the court need not even determine whether there are any actual or potential conflicts of interest – or whether the Trustee may waive them. As discussed above, Rule 2014 requires professionals to disclose all connections – no matter how trivial. *See In re B.E.S. Concrete Products, Inc.*, 93 B.R. at 237 ("This is a situation that was not a close case on the question of disclosure. Regardless of whether there is an actual conflict, the existence of an arguable conflict must be fully disclosed in plain and public view, if only to be explained away."). Throughout its motion, Allen Matkins invokes the Trustee's ability to waive the attorney–client relationship and argues that the duty of loyalty does not preclude a firm from pursuing its fees. In other words, Allen Matkins now seeks to explain away arguable conflicts – conflicts it did not disclose to the court. The court thus finds that Allen Matkins's Rule 2014 disclosure was insufficient. This, alone, is grounds for disqualification. Accordingly, the court **partially grants** Judson's motion and **revokes** Allen Matkins's appointment as special counsel to the Trustee.

*The Court Declines to Award Fees*

Judson requests, under 11 U.S.C. § 105, attorney's fees for bringing this motion. He contends that Allen Matkins's failure to comply with its ethical obligations and the bankruptcy rules forced him to bring this motion. Allen Matkins argues that its conduct did not rise to the level of "vexatious conduct."

Both parties recognize that the court may award fees under § 105. And this decision is within the court's discretion. At this juncture, the court declines to do so. First, Allen Matkins has received no fees in this matter and is not subject to disgorgement. Second, the court has not yet determined that Allen Matkins breached its ethical obligations to its former clients. But if the Trustee and Allen Matkins decide to renew Allen Matkins's § 327(e) appointment (which the court provides for, below), Allen Matkins faces the risk that the court, in ruling on that application, may indeed find that it did, in fact, breach its ethical obligations. Thus, the court declines to award Judson attorney fees, but this is without prejudice to his renewing the request at a later date.

### Conclusion

For the foregoing reasons, the court finds that Allen Matkins failed to comply with Rule 2014(a) and fully disclose its connections with parties in interest. Accordingly, the court **partially grants** the motion and **revokes** Allen Matkins's appointment as special counsel to the Trustee. But it declines to award Judson fees.

Signed by Judge Christopher B. Latham June 23, 2015

Page 6 ORDER DISQUALIFYING ALLEN MATKINS AS § 327(e) COUNSEL

DEBTOR: BURLINGAME CAPITAL PARTNERS, II, L.P.                    CASE NO: 14-02607-CL7

If the Trustee still desires to retain Allen Matkins, he may submit a renewed employment application by **July 24, 2015** as a noticed motion.  In that event, the court **directs** Allen Matkins to: (1) explicitly identify the targets of the intended actions; and (2) fully disclose all connections, including actual or potential conflicts of interest, with parties in interest.  The Trustee should request a hearing under LBR 9013-4(a) and use form CSD 1181.  Any opposition may be filed in the normal course.

IT IS SO ORDERED.

Signed by Judge Christopher B. Latham June 23, 2015